UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARRYL BOYD,

      Plaintiff,

  -against-

THE CITY OF BUFFALO; THE COUNTY OF
ERIE; MICHAEL G. GUADAGNO; JOHN
MONTONDO; LINDA J. FIAL AS
EXECUTOR FOR THE ESTATE OF ROBERT
GRABOWSKI; AND MARTIN BULLOCK AS
EXECUTOR FOR THE ESTATE OF JAMES E.
HUNTER,

      Defendants.

22-cv-519

---

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO AMEND COMPLAINT

LAW OFFICES OF JOEL B. RUDIN, P.C.
Joel B. Rudin
David E. Rudin
Carnegie Hall Tower
152 West 57th Street, 8th Floor
New York, New York 10019
(212) 752-7600
jbrudin@rudinlaw.com
david@rudinlaw.com

HOOVER & DURLAND LLP
Timothy W. Hoover
Spencer L. Durland
561 Franklin Street
Buffalo, NY 14202
(716) 800-2600
thoover@hooverdurland.com
sdurland@hooverdurland.com

WILMER CUTLER PICKERING HALE
 AND DORR LLP
Ross E. Firsenbaum
Ryanne E. Perio
Gideon A. Hanft (*Pro Hac Vice*)
Phoebe Silos (*Pro Hac Vice*)
Erin Hughes (*Pro Hac Vice*)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
ross.firsenbaum@wilmerhale.com
ryanne.perio@wilmerhale.com
gideon.hanft@wilmerhale.com
phoebe.silos@wilmerhale.com
erin.hughes@wilmerhale.com

*Attorneys for Plaintiff Darryl Boyd*

1

Pursuant to the Case Management Order entered by the Court on September 30, 2022 [Dkt. No. 34][1] and Federal Rule of Civil Procedure 15(a)(2), Plaintiff Darryl Boyd respectfully submits this memorandum of law in support of his motion for leave to file an Amended Complaint. A copy of Mr. Boyd's proposed Amended Complaint is attached to the Declaration of Gideon Hanft, dated December 21, 2022 (the "Hanft Declaration" or "Hanft Decl.") submitted herewith, as Exhibit 1 (the "Proposed Amended Complaint") and a redline showing the proposed amendments to the initial Complaint is attached to the Hanft Declaration as Exhibit 2. Plaintiff's counsel asked counsel for Defendants in the initial Complaint—the City of Buffalo, Michael G. Guadagno, John Montondo, Linda J. Fial as Executor for the Estate of Robert Grabowski, and Martin Bullock as Executor for the Estate of James E. Hunter (collectively, the "City Defendants"), and the County of Erie—whether they consent to the requested relief, but Defendants' counsel have not responded. *See* Hanft Decl. Ex. 3 (December 17, 2022 emails from Plaintiff's counsel to Defendants' counsel).

There are two categories of amendments in the Proposed Amended Complaint. First, the Proposed Amended Complaint adds allegations that the likely perpetrator of the Crawford Murder, Lawrence Watson, confirmed in a 2019 interview to City police that he knew that Mr. Boyd did not commit the crime—a fact that Mr. Boyd learned for the first time in documents produced by the City Defendants last month in this action. *See* Hanft Decl. Ex. 1 ¶¶ 5-7. As the initial Complaint alleges, there was substantial evidence implicating Watson for the Crawford Murder. *E.g.*, Compl. ¶¶ 21-123. Such evidence includes:

---

[1] The Court's Order provides that the deadline for a motion to amend the pleadings is December 22, 2022. *See* Dkt. No. 34.

- Watson was the last person seen with Mr. Crawford (while leaving a bar with him) before Mr. Crawford was found dead (*id.* ¶¶ 29-30);

- Watson saw Mr. Crawford displaying a large amount of cash shortly before leaving the bar with Mr. Crawford (*id.* ¶¶ 31-43);

- Watson returned to the bar shortly after the murder occurred and rushed his wife out the door (*id.* ¶122);

- Watson's wife called the bar shortly thereafter to report Watson's keys as missing, and keys were recovered from the body of Mr. Crawford, whose custom was to ring the doorbell for his wife to let him in the side door (*id.* ¶¶ 39-40, 66-68, 76);

- The barmaid, Debbie Jeffrey, described Watson's behavior as extremely unusual when he returned to the bar and believed that he was involved in Mr. Crawford's murder (*id.* ¶ 95);

- Footprints photographed at the crime scene led towards Watson's house and were consistent with Watson's large size (*id.* ¶ 52); and

- Watson refused to be interviewed by police the morning of the murder, and he and his wife told conflicting stories of the evening through several rounds of interviews (*id.* ¶¶ 53-57, 69-73, 112-116, 121).

Despite the voluminous evidence pointing to Watson, the City police and Erie County District Attorney's Office focused their investigation and prosecution on five teenage boys, including Mr. Boyd, who had no connections to the bar, the victim, or the crime scene (or to Watson),

ultimately causing Mr. Boyd to be wrongfully convicted and incarcerated for 28 years with another 17 years of parole supervision for the Crawford Murder.  *Id.* ¶¶ 1-2.[2]

Just last month, the City produced additional documents corroborating Mr. Boyd's innocence—documents that the Defendants had not previously provided to Mr. Boyd.  The documents are police reports, authored by the City's cold-case unit in 2019, documenting an interview with Watson.  When City detectives asked Watson about Mr. Boyd and Mr. Walker in connection with the Crawford Murder, nearing the end of his life, Watson replied, "**They didn't do it**."  The Proposed Amended Complaint includes this previously unknown revelation.  *See* Hanft Decl. Ex. 1 ¶¶ 5-7.

Second, the Proposed Amended Complaint adds as defendants the estates of five former City detectives who were involved in the misconduct that led to Mr. Boyd's wrongful conviction and loss of liberty for over four decades.  *See* Hanft Decl. Ex. 1 ¶¶ 18-22.  At the time Mr. Boyd filed the initial Complaint, the estates of four of these detectives—Robert F. Arnet, Frank C. Deubell, Leo J. Donovan, and Francis M. Manista—were not open.  It has taken many months for Plaintiff to identify the distributees/beneficiaries who have a right to act as fiduciary to the estates, find addresses for such individuals, obtain required citations from the probate court, and provide appropriate notice to the distributees/beneficiaries.  This time-intensive process was necessary for the probate court to obtain jurisdiction to appoint a representative of each estate. The probate court only recently appointed the Erie County Public Administrator as Administrator or Temporary Administrator of each of the four estates on October 24, 2022, authorizing her to accept service of process in this lawsuit.  *See* Hanft Decl. Ex. 4.  For the fifth new defendant—

---

[2]  As alleged in the Complaint, some of this evidence was not disclosed to Mr. Boyd at or before his criminal trial, although it should have been under *Brady*.  Compl. ¶¶ 463-64.

Paul R. Delano—Plaintiff required time after the filing of the initial Complaint to verify Mr.

Delano's executor's address, and, to avoid seeking to amend piecemeal, coordinated seeking

leave to name Mr. Delano's estate as a defendant with Plaintiff's request for leave to amend to

add the four other estates.

The Court should permit these amendments.  Rule 15(a) of the Federal Rules of Civil

Procedure provides that a court "should freely give leave [to amend] when justice so requires."

Fed. R. Civ. P. 15(a)(2).  "[I]f the plaintiff has at least colorable grounds for relief, justice does

so require unless the plaintiff is guilty of undue delay or bad faith or unless permission to amend

would unduly prejudice the opposing party."  *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block--*

*Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979).  That standard is easily met here.

Mr. Boyd was not aware of Watson's statement regarding Mr. Boyd's innocence until last

month, and the addition of information found in the City's own documents cannot prejudice

Defendants.  The claims against the new defendants named for the first time in the Proposed

Amended Complaint are based on their roles in the same coercive interrogation practices, failure

to disclose and preserve evidence, and violations of Mr. Boyd's constitutional rights, that were

described in detail in the initial Complaint and are already the focus of discovery in this

litigation.  *See* Hanft Decl. Ex. 1 ¶¶ 439-471 (alleging claims against new defendants based on

same misconduct alleged in original Complaint).  And such claims are timely.  Even if the

requirements for relation back under Fed. R. Civ. P. 15(c) did not apply here (which Mr. Boyd

does not concede), the three-year statute of limitations applicable to cases brought under 42

U.S.C. § 1983 and the one year and ninety days set forth in New York General Municipal Law §

50-i for Plaintiff's state-law claims still have yet to expire, since favorable termination of the

prosecution did not occur until September 23, 2021.  Mr. Boyd filed this motion promptly after

5

his representatives set up the new defendants' estates. *See Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (collecting cases where courts granted leave to amend and did not find bad faith even where parties sought to "assert new claims long after they acquired the facts necessary to support those claims"). And Mr. Boyd's compliance with the Court's deadline is also evidence of good faith. *See Francisco v. Abengoa, S.A.,* 559 F. Supp. 3d 286, 313 (S.D.N.Y. 2021) (rejecting arguments for bad faith where Plaintiffs filed their motion for leave to amend by the deadline set by the district court.)

Finally, Defendants cannot claim any undue prejudice resulting from these amendments. In examining prejudice, a court must consider whether the proposed amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000). Courts also consider the procedural posture of the case in determining whether an amendment is prejudicial. *Id.* at 454–55 (finding defendant was not unduly prejudiced where plaintiff sought leave to amend before close of discovery). Here, Mr. Boyd filed this motion within the time period permitted in the Court's scheduling order. *See* Dkt. No. 34. The City Defendants have produced minimal discovery, and the County has not produced any discovery beyond copies of trial transcripts. Counsel for the City Defendants have been involved in the case since the filing of the initial Complaint, representing both the City and former City detectives and their estates, and will presumably also represent the five estates of the former City detectives named in the proposed Amended Complaint. The Second Circuit has required courts to allow amendment at far later stages of discovery. *See S.S. Silberblatt Inc.*, 608 F.2d at 42 (reversing district court's denial of leave to amend where two years of discovery had already taken place). Accordingly, there is no

6

prejudice or undue delay that should overcome the presumption that leave to amend the complaint should be freely given.

For the reasons above, Mr. Boyd respectfully requests that the Court grant his motion for leave to file an amended complaint.

Dated: December 21, 2022                     Respectfully submitted,


/s/*Joel B. Rudin*

LAW OFFICES OF JOEL B. RUDIN, P.C.
Joel B. Rudin
David E. Rudin
Carnegie Hall Tower
152 West 57th Street, 8th Floor
New York, New York 10019
(212) 752-7600
jbrudin@rudinlaw.com
david@rudinlaw.com


/s/*Ross E. Firsenbaum*

WILMER CUTLER PICKERING
  HALE AND DORR LLP
Ross E. Firsenbaum
Ryanne E. Perio
Gideon A. Hanft (*Pro Hac Vice*)
Phoebe Silos (*Pro Hac Vice*)
Erin Hughes (*Pro Hac Vice*)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
ross.firsenbaum@wilmerhale.com
ryanne.perio@wilmerhale.com
gideon.hanft@wilmerhale.com
phoebe.silos@wilmerhale.com
erin.hughes@wilmerhale.com


/s/ *Timothy W. Hoover*

7

HOOVER & DURLAND LLP
Timothy W. Hoover
Spencer L. Durland
561 Franklin Street
Buffalo, NY 14202
(716) 800-2600
thoover@hooverdurland.com
sdurland@hooverdurland.com


*Attorneys for Plaintiff Darryl Boyd*