UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARRYL BOYD,

Plaintiff,

v.

CITY OF BUFFALO, ET AL.,

Defendants.

Case No.: 1:22-cv-00519

**DECLARATION**

JOHN WALKER, JR.,

Plaintiff,

v.

CITY OF BUFFALO, ET AL.,

Defendants.

Case No.: 1:22-cv-00520

Jennifer C. Persico, Esq. declares the following under penalty of perjury:

1. I am an attorney at law duly licensed to practice in the United States District Court for the Western District of New York. I am a Partner in the law firm Lippes Mathias LLP, counsel to defendant County of Erie ("Defendant"). As such, I make this declaration on personal knowledge.

2. I make this declaration in support of Defendant's motion requesting an Order bifurcating discovery so that disclosure regarding Plaintiffs' *Monell* claims occurs after dispositive motion practice, and for such other relief as the Court deems just and proper.

## I. Procedural History

3. These matters were filed on July 6, 2022. (1:22-cv-00519, Dkt. # 1; 1:22-cv-00520, Dkt. # 1). Plaintiffs served the Complaint on various parties throughout July of 2022.

4. Defendant answered the Complaints on August 29, 2022. (1:22-cv-00519, Dkt. # 26; 1:22-cv-00520, Dkt. # 26).

5. The matter proceeded into discovery. Currently, the Court has ordered that all fact discovery be completed by August 2, 2023, and that dispositive motions be filed January 26, 2024. (1:22-cv-00519, Dkt. # 34; 1:22-cv-00520, Dkt. # 34).

6. The parties have engaged in preliminary document disclosures and discovery. To date, no deposition testimony has been taken.

7. As referenced in the accompanying Memorandum of Law, Defendant believes that at the conclusion of discovery regarding Messrs. Boyd and Walker's investigations and prosecutions dispositive motion practice will result in the dismissal of these cases.

## II. Relevant Background

8. Messrs. Boyd and Walker (hereinafter, collectively, "Plaintiffs") were both convicted of second-degree murder and first-degree robbery in 1977 after separate jury trials in connection with the January 1976 murder of William Crawford (hereinafter, the "Crawford murder"). They both exhausted their appellate rights, resulting in their convictions being upheld. *People v. Boyd*, 84 A.D.2d 689 (4th Dep't 1981), lv. to app. den., 55 N.Y.2d 879 (1982); *People v. Walker*, 147 A.D.2d 929 (4th Dep't 1989), lv to app. den., 74 N.Y.2d 821 (1989). Plaintiffs both collaterally attacked their convictions on several occasions, with Mr. Walker filing unsuccessful motions pursuant to Criminal Procedure Law § 440.10 in 1982, 1986, and 2012, while Mr. Boyd filed unsuccessful Criminal Procedure Law § 440.10 motions in 1984, 1986, and 2012.

9. In 2021, Plaintiffs moved to vacate their conviction based upon ineffective assistance of counsel, premised upon the failure to request crime scene photographs they contend could have altered the outcome of the trials and prosecutorial misconduct.

10. On August 18, 2021, the New York State Supreme Court, County of Erie, Judge Christopher Burns, issued a decision vacating Plaintiffs' conviction. The Court made clear however that its decision was not an exoneration of either Mr. Walker or Mr. Boyd. See Decision of Hon. Christopher J. Burns dated August 18, 2021, attached as **Exhibit 1**.

11. Plaintiffs' lengthy Complaints make only one claim against the County of Erie and it is a *Monell* claim. (1:22-cv-00519, Dkt. # 26; 1:22-cv-00520, Dkt. # 26).

12. In their First Set of Interrogatories and Requests for Production, Plaintiffs seek voluminous paper discovery, including the case files for thirty (30) unrelated criminal matters, voluminous personnel and policy records from the Erie County District Attorney's Office from forty (40) years ago, as well as many other records, some spanning decades. See Plaintiffs' First Set of Interrogatories and Requests for Production, dated September 29, 2022 attached as **Exhibit 2**.

13. Plaintiffs' demands to the County relate almost exclusively to their *Monell* claims.

14. For example, all of Plaintiffs' Interrogatories but for No. 10 relate to policies and procedures regarding *Brady* and/or *Rosario* disclosures and any related discipline and/or complaints.

15. Further, Plaintiffs' Requests for Production 2-3, 8, 11-13. 15-16, and 18 request the production of Erie County District Attorney's Office personnel records, internal procedures and policies, and budgetary information that will only be of relevance to the instant matters should Plaintiffs succeed in dispositive motion practice. *Id*, at 10-17.

16. Procuring the requested documents unrelated to the Crawford murder and Plaintiffs' underlying prosecutions is a task of mammoth proportions – and one which may be entirely unnecessary.

17. Much, if not all of the discovery directed to the County is only relevant to the *Monell* claim – as that is the only claim against the County - and is therefore irrelevant unless and until the Plaintiffs first establish that their civil rights were violated.

18. Bifurcation of discovery is appropriate because if no *Monell* claim lies then the discovery at issue will never need to take place, thus saving the parties and the Court significant resources. Accordingly, bifurcation of discovery is appropriate.

DATED: Buffalo, New York
February 15, 2023

Respectfully submitted,

**LIPPES MATHIAS LLP**

By: *s/ Jennifer C. Persico*

Jennifer C. Persico, Esq.
*Attorneys for Defendant, County of Erie*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Telephone: 716-853-5100
E-mail: jpersico@lippes.com