# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

DARRYL BOYD,

Plaintiff,

- against -

THE CITY OF BUFFALO; THE COUNTY OF ERIE; MICHAEL G. GUADAGNO; JOHN MONTONDO; LINDA J. FIAL AS EXECUTOR FOR THE ESTATE OF ROBERT GRABOWSKI; AND MARTIN BULLOCK AS EXECUTOR FOR THE ESTATE OF JAMES E. HUNTER,

Defendants.

**Case No. 1:22-cv-520**

JOHN WALKER, JR.

Plaintiff,

- against -

THE CITY OF BUFFALO; THE COUNTY OF ERIE; MICHAEL G. GUADAGNO; JOHN MONTONDO; LINDA J. FIAL AS EXECUTOR FOR THE ESTATE OF ROBERT GRABOWSKI; AND MARTIN BULLOCK AS EXECUTOR FOR THE ESTATE OF JAMES E. HUNTER,

Defendants.

**Case No. 1:22-cv-519**

**PLAINTIFFS DARRYL BOYD AND JOHN WALKER JR.'S**
**FIRST SET OF INTERROGATORIES AND REQUESTS**
**<u>FOR PRODUCTION TO THE COUNTY OF ERIE</u>**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rule 26 of the Local Rules of the Western District of New York (the "Local Rules"), Plaintiffs Darryl Boyd and John Walker, Jr. request that Defendant County of Erie (the "County") answer under oath the Interrogatories and produce for inspection and copying the documents specified herein within thirty (30) days after service at the offices of Wilmer Cutler Pickering Hale and Dorr, 7 World Trade Center, 250 Greenwich St., New York, NY 10007 and the offices of Joel B. Rudin, P.C., Carnegie Hall Tower, 152 West 57th St., 8th Floor, New York, NY 10019.

**INSTRUCTIONS**

The following definitions and instructions apply to each of the interrogatories and document requests (collectively, the "Requests") set forth below and are deemed to be incorporated therein except to the extent a particular Request may contain contrary definitions and instructions.

1. Separate and complete sworn responses (or, as the case may be, separate objections) are required for each Interrogatory.

2. Each document request requires the County to produce all responsive documents that are in its possession, custody, or control, including but not limited to documents that are in the possession, custody, or control of the ECDA and the Erie County Clerk.

3. If the County objects to any portion of any Request, it must set forth the exact grounds upon which it relies with specificity so as to permit the Court to determine the legal sufficiency of its objection and produce all documents or provide all information to the fullest extent possible to which the objection does not apply. In the case of any documents, things, or information withheld on the grounds of privilege or work product, the County must provide information for each document or thing pursuant to Local Rule 26(d).

4. Unless otherwise stated, the relevant time period for these Requests is January 1, 1963 to December 31, 1985.

5. These Requests are continuing in nature and require supplemental or additional responses in accordance with Rule 26 of the Federal Rules.

6. None of the definitions, instructions, or Requests set forth herein shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the definition, instruction, or Request.

7. If in answering these Requests the County claims any ambiguity in either the Request or an applicable definition or instruction, it must identify in its response the language it considers ambiguous, explain why it believes such language is ambiguous, and state the interpretation it is using in responding.

8. The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whenever appropriate, in order to bring within the scope of these Requests any information or document that might otherwise be considered beyond their scope.

9. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

10. If the County or its attorneys knows of the existence, past or present, of any document described in these Requests, but such document is not presently in the County's possession, custody, or control, or in the possession, custody, or control of its agents, representatives, or attorneys, the County must identify the document and the individual in whose

possession, custody, or control the document was last known to reside. If the document no longer exists, the County must state when, how, and why the document ceased to exist.

11. The documents produced in response to these Requests shall be organized and designated to correspond to the categories in these requests or, if not, shall be produced as they are maintained in the normal course of business, and in either case: (a) all associated file labels, file headings, and file folders shall be produced together with the responsive documents from each file and each file shall be identified as to its owner or custodian; (b) all documents that cannot be legibly copied shall be produced in their original form; otherwise, you may produce photocopies; (c) all photocopies shall be stapled or clipped as the originals; and, (d) each page shall be given a discrete production number.

12. Produce documents responsive to individual Requests as soon as possible and without waiting to produce documents responsive to other Requests whenever possible.

## DEFINITIONS

1. These Requests incorporate by reference the Uniform Definitions for All Discovery Requests set forth in Local Civil Rule 26(c).

2. "Action(s)" mean the above captioned action(s).

3. "Complaint(s)" means the complaints, dated July 6, 2022, filed in the Actions.

4. "County," "Erie," "Erie County," "You," and "Your" means the Defendant County of Erie and all attorneys, paralegals, employees, agents, representatives, investigators, and other individuals, present and former, acting on behalf of the County of Erie, including but not limited to the Erie County District Attorney's Office.

5. "BPD" means the City of Buffalo Police Department and all employees, agents, representatives, and other individuals, present and former, acting on behalf of the City of Buffalo Police Department.

6. "Crawford Defendants" means the four persons charged in Criminal Indictment No. 41413: Darryl Boyd (DOB 8/14/1959), John H. Walker, Jr. (DOB 7/10/1959), Darryn Gibson (DOB 1/19/1959), and Floyd Martin (DOB 9/8/59).

7. "Crawford Murder" means the January 1976 murder of William F. Crawford (DOB 7/12/1913), S.S.N. ending in 4998, in Buffalo, New York.

8. "Crosby Murder" means the 1976 murder of William Crosby at 2045 Fillmore Ave., Buffalo, NY.

9. "ECDA" means the Erie County District Attorney's Office and all attorneys, employees, agents, representatives, and other individuals, present and former, acting on behalf of the Erie County District Attorney's Office.

10. "Plaintiffs," "Darryl Boyd," "Mr. Boyd," "John Walker, Jr." or "Mr. Walker" mean the plaintiffs in the Actions, Darryl Boyd (DOB 8/14/1959) and John Walker, Jr. (DOB 7/10/1959).

11. "Police Officer" means any person currently or formerly employed by the BPD whose job is to enforce laws, investigate crimes, and/or make arrests, including all officers, detectives, and all higher-ranking officers, through the rank of police commissioner, within the police department.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify each attorney employed by the Erie County District Attorney's Office (on a full-time or part-time basis) from January 1, 1972 to December 31, 1982.

### RESPONSE TO INTERROGATORY NO. 1

**INTERROGATORY NO. 2**

Identify each policymaker during 1977 for the Erie County District Attorney's Office concerning each of the following subject areas:

a. Compliance with legal and ethical obligations to obtain and/or to disclose statutory discovery, as well as *Brady* and *Rosario* material before, during, and after trial;

b. The recording or documentation of discovery, *Brady* and *Rosario* disclosures;

c. The maintaining of a database or records of misconduct by prosecutors or Police Officers;

d. The maintaining of a database concerning the use of jailhouse informants or snitches, witnesses with criminal histories, benefits provided to witnesses, and other information bearing upon the credibility of prosecution witnesses;

e. The interrogation or interview by a prosecutor of a witness or suspect, including the use of coercion or inducements;

f. The recording or documentation by prosecutors of witness interviews and of the results of other investigative or prosecutorial procedures;

g. Collaboration with and supervision of the police in homicide investigations and prosecutions;

h. The development and use of jailhouse informant or "snitch" testimony;

i. The use during criminal prosecutions of evidence derived from police-arranged identification procedures, police interrogations of witnesses and suspects, police-conducted forensic investigation and testing, and other police investigation;

j. Trial advocacy, including but not limited to witness preparation and examinations, and opening and closing statements;

k. The role of bureau chiefs and supervisors in ensuring compliance by prosecutors with constitutional and statutory requirements and office policy, procedure and practice;

l. The maintaining of personnel records; and

m. The disciplining of prosecutors for misconduct in the investigation or prosecution of criminal matters.

**<u>RESPONSE TO INTERROGATORY NO. 2</u>**

**<u>INTERROGATORY NO. 3</u>**

State whether the ECDA had any process for investigating or disciplining ADAs for failing to comply with disclosure requirements under *Brady v. Maryland*, 363 U.S. 83 (1963) and its progeny, and/or *People v. Rosario*, 9 N.Y.2d 286 (1961), and/or with rules pertaining to trial advocacy, and, if so, describe the process in detail.

**<u>RESPONSE TO INTERROGATORY NO. 3</u>**

**<u>INTERROGATORY NO. 4</u>**

With regard to each of the appellate decisions listed in Plaintiffs' Document Request No. 9 to the County, identify the ADA or ADAs employed by the ECDA who conducted the trial that was the subject of each decision.

**<u>RESPONSE TO INTERROGATORY NO. 4</u>**

**INTERROGATORY NO. 5**

With regard to each ADA identified in response to Interrogatory No. 4, state whether such ADA was investigated or disciplined for misconduct in the prosecution that was the subject of the court decision by the County and, if so, state the date discipline was imposed and describe in detail the discipline imposed.

**RESPONSE TO INTERROGATORY NO. 5**

**INTERROGATORY NO. 6**

In addition to each ADA identified in response to Interrogatory No. 5 (if any), state whether any other ADA employed by the ECDA was ever disciplined for failing to comply with the obligation to disclose *Brady, Rosario,* or other discovery material, or to comply with any rules regarding trial advocacy during a criminal prosecution and, if so, identify each such ADA, the defendant's name in the case in which the ADA's conduct occurred, the indictment and docket numbers of such case, the citation to any court decision discussing such conduct, the date the discipline was imposed, and describe in detail the discipline imposed.

**RESPONSE TO INTERROGATORY NO. 6**

**INTERROGATORY NO. 7**

State whether ADAs employed by the ECDA prior to December 31, 1977 received training concerning each of the subject areas listed in Interrogatory No. 2 and, if so, identify who provided the training and all training materials provided.

**RESPONSE TO INTERROGATORY NO. 7**

**INTERROGATORY NO. 8**

State whether the ECDA had any handbook(s), manual(s), or other document(s) during 1976-77 that set forth the policies of the ECDA with respect to one or more of the subject areas described in Interrogatory No. 2 and, if so, identify the handbook(s), manual(s) or document(s).

**RESPONSE TO INTERROGATORY NO. 8**

**INTERROGATORY NO. 9**

Describe the practice, if any, of the ECDA to maintain a record or otherwise keep track of complaints against individual ADAs that were made directly to the Erie County District Attorney or other executives or supervisors at the ECDA, or in the course of criminal appeals or post-trial motions.

**RESPONSE TO INTERROGATORY NO. 9**

**INTERROGATORY NO. 10**

State whether the County had or has any insurance policy that covered or covers claims against the County and/or individual employees of the ECDA for misconduct by ECDA prosecutors committed from January 1, 1976 to the present and, if so, identify the carrier and the dates of coverage.

**RESPONSE TO INTERROGATORY NO. 10**

**INTERROGATORY NO. 11**

Explain in detail the basis for each of the County's affirmative defenses set forth in its Answers in the Actions.

**RESPONSE TO INTERROGATORY NO. 11**

**INTERROGATORY NO. 12**

Identify by caption and index or docket number each and every lawsuit brought against the County and/or an employee of the ECDA, from January 1, 1963, to the present, alleging non-compliance with *Brady v. Maryland*, 363 U.S. 83 (1963) and its progeny, *People v. Rosario*, 9 N.Y.2d 286 (1961), and/or trial advocacy rules, including but not limited to summation conduct.

**RESPONSE TO INTERROGATORY NO. 12**

**DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 1**

All documents that provide any of the information requested in the preceding Interrogatories.

**REQUEST FOR PRODUCTION NO. 2**

Documents sufficient to show the job title or position and starting and ending dates of employment of each attorney and investigator employed by the ECDA from January 2, 1976 through August 3, 1977.

**REQUEST FOR PRODUCTION NO. 3**

All documents concerning the Crawford Murder including, but not limited to:

a. All documents and materials in the ECDA's case or prosecutorial files for the Crawford Defendants;

b. All police-prepared documents, including P-73 and other reports, evidence vouchers, photographs, diagrams, witness statements whether signed or unsigned, audio recordings, NYSIIS reports or rap sheets for suspects and witnesses, arrest warrants, complaints, diagrams, notes, correspondence, and memoranda;

c. Witness custody, relocation, and payment records;

d. Discovery materials produced to any of the Crawford Defendants;

e. *Rosario* material produced to any of the Crawford Defendants;

f. *Brady* or *Giglio* material produced to any of the Crawford Defendants;

g. Documents, including transcripts, notes, memoranda, correspondence, or receipts, sufficient to show the date(s) *Rosario* material, and/or *Brady* or *Giglio* material was disclosed to each Crawford Defendant;

h. All pre-trial, trial, and post-trial transcripts, pleadings, motion papers, responses thereto, and orders, including motions to vacate a conviction or sentence under CPL Arts. 330 or 440 and federal habeas corpus;

i. All Grand jury transcripts and exhibits;

j. All correspondence, notes, transcripts, and memoranda containing witness statements or other factual material, references to discovery, *Rosario* or *Brady/Giglio* materials or whether to produce the same, and/or the basis for initiating or continuing the prosecution of any of the Crawford Defendants;

k. All materials, including emails, relating to any post-trial review or reinvestigation of the Crawford Defendants' convictions by the District Attorney, members of his executive staff, the Conviction Integrity Unit of the ECDA, any other ADA, the Commissioner of the BPD, the BPD's cold case squad, or any other Police Officer or BPD investigator.

**REQUEST FOR PRODUCTION NO. 4**

All documents concerning any investigation or prosecution of the Crawford Defendants for any crime other than the Crawford Murder.

**REQUEST FOR PRODUCTION NO. 5**

All documents concerning any investigation, detention as a material witness, or criminal prosecution of Shirly A. Floyd (aka "Scheryl Floyd") (DOB 2/9/1950), S.S.N. ending in 5597, during the time period January 2, 1976 through August 3, 1977.

**REQUEST FOR PRODUCTION NO. 6**

All documents concerning any investigation or prosecution of Lawrence R. Watson (aka "Larry Watson") (DOB 6/5/1943); Jerome Boyd (DOB 10/5/1939); Andre Hough (DOB 11/17/1960); and Tyrone Woodruff (DOB 6/1958) for any alleged crime, including but not limited to the Crawford Murder.

**REQUEST FOR PRODUCTION NO. 7**

All documents concerning any arrest, interrogation, or prosecution of William F. Crawford (DOB 7/12/1913), S.S.N. ending in 4998.

**REQUEST FOR PRODUCTION NO. 8**

All documents concerning the Crosby Murder, including, but not limited to:

a. The contents of any investigative or prosecutorial file and other materials;

b. All police reports, recordings, notes, correspondence, and memoranda; and

c. Witness custody, relocation, and payment records.

**REQUEST FOR PRODUCTION NO. 9**

All hearing and trial transcripts, discovery requests and responses, and appellate briefs, as well as documents sufficient to identify the prosecutors who handled each trial, for the prosecutions underlying the following decisions:

a. *People v. Anderson*, 25 A.D.2d 602 (4th Dept. 1966)

b. *People v. Kampshoff*, 53 A.D.2d 325, 332 (4th Dept. 1976)

c. *People v. Mitchell*, 99 Misc.2d 332 (Sup. Ct., Erie Co. 1979)

d. *People v. Cadby*, 75 A.D.2d 713 (4th Dept. 1980)

e. *Matter of Potenza v. Kane*, 79 A.D.2d 467 (4th Dept. 1981)

f. *People v. Clark*, 89 A.D.2d 820 (4th Dept. 1982)

g. *People v. Ivey*, 83 A.D.2d 788 (4th Dept. 1981)

h. *People v. Johnson*, 62 A.D.2d 555 (4th Dept. 1978)

i. *People v. Christopher*, 170 A.D.2d 1020 (4th Dept. 1991)

j. *People v. Moore*, 26 A.D.2d 902 (4th Dept. 1966)

k. *People v. Slaughter*, 28 A.D.2d 1082 (4th Dept. 1967)

l. *People v. Zachery*, 31 A.D.2d 732 (4th Dept. 1968)

m. *People v. Washington*, 32 A.D.2d 605 (4th Dept. 1969)

n. *People v. Damon*, 24 N.Y.2d 256 (1969)

o. *People v. Cardinale*, 35 A.D.2d 1073 (4th Dept. 1970)

p. *People v. Reingold*, 44 A.D.2d 191 (4th Dept. 1974)

q. *People v. Ketchum*, 35 N.Y.2d 740 (1974)

r. *People v. Greer*, 49 A.D.2d 297, 303-04 (4th Dept. 1975)

s. *People v. Donaldson*, 49 A.D.2d 1004 (4th Dept. 1975)

t. *People v. Balsano*, 51 A.D.2d 130 (4th Dept. 1976)

u. *People v. Weston*, 51 A.D.2d 881 (4th Dept. 1976)

v. *People v. Mordino*, 58 A.D.2d 197 (4th Dept. 1977)

w. *Robinson v. Smith*, 451 F. Supp. 1278 (W.D.N.Y. 1978)

x. *People v. Keller*, 67 A.D.2d 153 (4th Dept. 1979)

y. *People v. King*, 72 A.D.2d 930 (4th Dept. 1979)

z. *Matter of Potenza v. Kane*, 79 A.D.2d 467, 472 (4th Dept. 1981)

aa. *People v. Terry*, 83 A.D.2d 491 (4th Dept. 1981)

bb. *People v. Mordino*, 83 A.D.2d 775 (4th Dept. 1981)

cc. *People v. Vance*, 89 A.D.2d 347 (4th Dept. 1982)

dd. *People v. Herlan*, 99 A.D.2d 647 (4th Dept. 1984), and

ee. *People v. Grafton*, 115 A.D.2d 952 (4th Dept. 1985).

**REQUEST FOR PRODUCTION NO. 10**

All records of the federal habeas proceedings in *Robinson v. Smith,* 451 F. Supp. 1278 (W.D.N.Y. 1978), including but not limited to the petition, the briefings of all parties, transcripts of any federal hearing, copies of all exhibits submitted to the federal court, including state court hearing transcripts, exhibits, motion papers, and court decisions, and all correspondence between the ECDA and BPD related to the *Robinson* case that reference arrest and interrogation tactics used by the BPD.

**REQUEST FOR PRODUCTION NO. 11**

Documents showing the organizational structure of the ECDA from January 2, 1976, through August 3, 1977.

**REQUEST FOR PRODUCTION NO. 12**

The ECDA's annual budget, as well as requests for funding submitted to the Erie County Legislature or Executive and/or the State of New York, from January 1, 1970 through December 31, 1985.

**REQUEST FOR PRODUCTION NO. 13**

All training materials, and policy, procedure, or practice manuals, statements or outlines in whatever form, for the ECDA generally, and/or for the Trial or the Homicide Bureau, written and/or used on or between January 1, 1970, and December 31, 1985, for the following subject areas:

a. Compliance with legal and ethical obligations to obtain and/or to disclose statutory discovery, as well as *Brady* and *Rosario* material before, during, and after trial;

b. The recording and/or documentation of discovery, *Brady* and *Rosario* disclosures;

c. The maintaining of a database or records of misconduct by Police Officers;

d. The maintaining of a database concerning the use of jailhouse informants or snitches, witnesses with criminal histories, benefits provided to witnesses, and other information bearing upon the credibility of prosecution witnesses;

e. The interrogation or interview by a prosecutor of a witness or suspect, including the use of coercion or inducements;

f. The recording or documentation by prosecutors of witness interviews and of the results of other investigative or prosecutorial procedures;

g. Collaboration with and supervision of the police in homicide investigations and prosecutions;

h. The development and use of jailhouse informant or "snitch" testimony;

i. The use during criminal prosecutions of evidence derived from police-arranged identification procedures, police interrogations of witnesses and suspects, police-conducted forensic investigation and testing, and other police investigation;

j. Trial advocacy, including but not limited to witness preparation and examinations and opening and closing statements;

k. The role of bureau chiefs and supervisors in ensuring compliance by line prosecutors with constitutional and statutory requirements and office policy, procedure and practice; and

l. The maintaining of personnel records; and

m. The disciplining of prosecutors for misconduct in the investigation or prosecution of criminal matters.

**REQUEST FOR PRODUCTION NO. 14**

All personnel files and other personnel-type records for ADAs Timothy Drury, David Henry, James Verrastro, and Jerry Solomon, including but not limited to applications for employment, promotional, salary and assignment records, training records, performance evaluations, allegations or complaints alleging deficient performance or misconduct of any kind with respect to *Brady*, *Rosario*, or discovery violations or trial advocacy, and records of disciplinary inquiries or actions of any kind.

**REQUEST FOR PRODUCTION NO. 15**

Individual records or files compiling information for the period including January 1, 1970, through December 31, 1985, containing or concerning:

a. The Office's overall rate of obtaining convictions generally or at trial;

b. The win-loss records at trial of ADAs Drury, Henry, Verrastro, and Solomon, and of the homicide bureau;

c. The Office's success rate on appeal;

d. The claims of criminal defendants on direct appeal or in post-conviction motions of *Brady*, *Rosario*, or discovery violations, summation misconduct, or other forms of misconduct by prosecutors during criminal hearings or trials;

e. Complaints against individual prosecutors for discovery, *Brady*, or *Rosario* violations, summation misconduct, and other forms of misconduct related to trial advocacy.

**REQUEST FOR PRODUCTION NO. 16**

For the prosecutors who handled the trials listed in Document Request No. 9 provide all salary, assignment and promotional records, all performance evaluations, all lists of trials and win-loss records maintained by the ECDA for each such prosecutor, all records of disciplinary complaints, inquiries and actions, all records of referrals to or inquiries from a Departmental Grievance Committee, and all records of other prosecutions in which the same prosecutors were accused of or found to have committed misconduct relating to *Brady*, *Rosario*, discovery obligations, trial advocacy rules including but not limited to summation rules, and/or other ethical obligations.

**REQUEST FOR PRODUCTION NO. 17**

All insurance policies arguably covering the County, the ECDA, and/or their employees for any of the misconduct alleged in the Complaints.

**REQUEST FOR PRODUCTION NO. 18**

All records of internal ECDA disciplinary investigations or action from January 1, 1970, to the present for alleged misconduct by ECDA prosecutors in connection with their *Brady*, *Rosario*, or statutory discovery obligations, summations, and other trial advocacy.

**REQUEST FOR PRODUCTION NO. 19**

All documents that you contend support, undermine, or otherwise concern any of the affirmative defenses in your Answers in these Actions.

**REQUEST FOR PRODUCTION NO. 20**

All documents that you contend support, undermine, or otherwise concern any of the cross-claims in your Answers in these Actions.

**REQUEST FOR PRODUCTION NO. 21**

All documents that you contend support, undermine, or otherwise concern any other defense you intend to raise or raise in response to Plaintiffs' claims.

Plaintiffs reserve the right to supplement and amend the foregoing Requests.

Dated: New York, New York
September 29, 2022

/s/ Ross E. Firsenbaum

Ross E. Firsenbaum
Ryanne E. Perio
Gideon A. Hanft
Phoebe Silos
Erin Hughes
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
ross.firsenbaum@wilmerhale.com
ryanne.perio@wilmerhale.com
gideon.hanft@wilmerhale.com
phoebe.silos@wilmerhale.com
erin.hughes@wilmerhale.com

Joel B. Rudin
David E. Rudin
LAW OFFICES OF JOEL B. RUDIN, P.C.
Carnegie Hall Tower
152 West 57th Street, 8th Floor
New York, New York 10019
(212) 752-7600
jbrudin@rudinlaw.com
david@rudinlaw.com

Timothy W. Hoover
Spencer L. Durland
HOOVER & DURLAND LLP
561 Franklin St.
Buffalo, New York 14202
(716) 800-2600
thoover@hooverdurland.com
sdurland@hooverdurland.com

*Attorneys for Plaintiffs Darryl Boyd and John Walker, Jr.*

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

DARRYL BOYD,

Plaintiff,

- against -

THE CITY OF BUFFALO; THE COUNTY OF ERIE; MICHAEL G. GUADAGNO; JOHN MONTONDO; LINDA J. FIAL AS EXECUTOR FOR THE ESTATE OF ROBERT GRABOWSKI; AND MARTIN BULLOCK AS EXECUTOR FOR THE ESTATE OF JAMES E. HUNTER,

Defendants.

**Case No. 1:22-cv-520**

JOHN WALKER, JR.

Plaintiff,

- against -

THE CITY OF BUFFALO; THE COUNTY OF ERIE; MICHAEL G. GUADAGNO; JOHN MONTONDO; LINDA J. FIAL AS EXECUTOR FOR THE ESTATE OF ROBERT GRABOWSKI; AND MARTIN BULLOCK AS EXECUTOR FOR THE ESTATE OF JAMES E. HUNTER,

Defendants.

**Case No. 1:22-cv-519**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of September, 2022, I caused Plaintiffs Darryl Boyd and John Walker, Jr.'s First Set of Interrogatories and Document Requests to be served on the following parties in the manner specified for each party below:

| NAME AND ADDRESS OF PARTY | METHOD OF SERVICE |
|---|---|
| Adam Walter Perry, Esq.<br>Hodgson Russ, LLP<br>140 Pearl St. Suite 100<br>Buffalo, NY, 14202<br><br>*Counsel for Defendants City of Buffalo, John Montondo, Linda J. Fial, Martin Bullock, and Michael G. Guadagno* | Mail |
| Jennifer C. Persico, Esq.<br>Lippes Mathias LLP<br>50 Fountain Plaza Suite 1700<br>Buffalo, NY 14202<br><br>*Counsel for Defendant County of Erie* | Mail |

Dated: September 29, 2022
New York, New York

/s/ Ross E. Firsenbaum
Ross E. Firsenbaum