# EXHIBIT 5

WILMERHALE

February 3, 2023

**Gideon A. Hanft**

+1 212 295 6430 (t)
+1 212 230 8888 (f)
gideon.hanft@wilmerhale.com

**By Email**

Brian C. Mahoney
Jennifer C. Persico
Alexander W. Eaton
Lippes Mathias LLLP
50 Fountain Plaza, Ste 1700
Buffalo, NY 14202

Re: *Darryl Boyd v. The City of Buffalo, et al., Index No. 22-cv-519*
*John Walker v. The City of Buffalo, et al., Index No. 22-cv-520*

Dear Counsel,

We write to memorialize our February 2, 2023 telephonic meet-and-confer regarding the County's responses to Plaintiffs' discovery requests. This letter memorializes our understanding based on that discussion. If the County disagrees with anything set forth below, please let us know in writing promptly.

First, the County agreed to do the following by no later than February 8, 2023:

- Produce a privilege log for all withheld documents on the ground of any claimed privilege or immunity.
- Search for Exhibit 10 from Plaintiffs' 2021 CPL § 440 hearing, which is a copy of portions of Assistant District Attorney David Henry's notes from the Floyd Martin trial, and the original notes, and produce Exhibit 10 if and when it is located. The County agreed to search for Exhibit 10 immediately after the parties' call, but has yet to inform Plaintiffs of the result of that search.
- Search for policy documents, training files, personnel files, disciplinary records, and conviction percentages responsive to Plaintiffs' discovery requests 11 through 15, and produce such documents and information if and when they are located.
- Provide a written update detailing the precise efforts undertaken to search for responsive materials listed above and, if accurate, confirming that no such materials were found.

Second, with respect to ADA Henry's notes, the County did not agree to produce the underlying document from which it created Exhibit 10. When we questioned the basis for the County's refusal to produce a document that it previously filed publicly as an exhibit during a

court hearing, the County maintained its position that the trial notes were privileged. We disagree with that assertion and expect that, if the County is unable to find Exhibit 10, it will produce the portion of the notes used to create Exhibit 10. Furthermore, to the extent the County is withholding any prosecutor or other notes on the basis of an asserted privilege, including ADA Henry's notes from the trial of Floyd Martin, the County must include those notes in its privilege log so that Plaintiffs can evaluate the privilege assertion and challenge it as necessary.

The parties also discussed Plaintiffs' requests for production 9 and 16, which seek materials from additional cases cited in their complaints and disciplinary records for the prosecutors involved in these cases. The County stated it will not produce any materials related to these requests on the ground that such discovery is only tied to Plaintiffs' *Monell* claim and, accordingly, is stayed pending resolution of the County's forthcoming bifurcation motion. We explained that there is no such stay in place. Plaintiffs expect the County to comply with its obligation to produce documents and information responsive to all of Plaintiffs' discovery requests, which have now been pending for over four months, including those related to *Monell*, unless and until the Court orders otherwise. And, in the event the Court denies the County's motion, additional delays in producing responsive materials caused by the County's refusal to search for documents during the pendency of its motion will not be tolerated.

Best regards,

*Gideon Hanft*

Gideon A. Hanft

Cc: Adam W. Perry
Ross E. Firsenbaum
Ryanne E. Perio
David E. Rudin
Joel B. Rudin
Timothy W. Hoover
Spencer L. Durland