

Lippes Mathias LLP
ATTORNEYS AT LAW

<u>VIA CM/ECF</u>                                                                                                  May 1, 2023
Hon. Jeremiah J. McCarthy
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

Re:     *Walker v. City of Buffalo, et al.* (22-cv-520-LJV-JJM)
        *Boyd v. City of Buffalo, et al.* (22-cv-519-LJV-JJM)

Dear Judge McCarthy:

Please accept this as the County's further response to Plaintiffs' correspondence of April 21, 2023 (Doc. 93) wherein Plaintiffs claim, *inter alia*, entitlement to discovery from pre- and post-incident cases to support their *Monell* claims and without a showing of factual similarities between those other cases and the instant case.

The Plaintiffs argue that they are not obligated to make such a showing because they are "pursuing several well-established theories of municipal liability…a failure to train claim,…an inherently unlawful policy, custom or practice that led to the misconduct…[and] a showing that wrongdoing resulted from employees' awareness that municipal policy makers would tolerate misconduct and were indifferent to it – a showing that may be premised on a lack of disciplinary consequences for wrongdoing or a practice of defending or ratifying it." (Doc. 93, p.3.)

Contrary to Plaintiffs' assertion, those are not distinct theories of liability, rather those are methods by which municipal liability for the constitutional violation allegedly suffered by the Plaintiffs can be established. *See Deferio v City of Syracuse*, 770 Fed Appx 587, 590 (2d Cir 2019)[1] Plaintiffs conflate causes of action with methods of proof.

Plaintiffs further claim that such discovery is necessary to establish that "the ECDA tolerated all forms of trial-related misconduct" and that "[t]his *de facto* policy of indifference and tolerance of violations was not limited to any narrow category of *Brady* violation or summation misconduct, but to misconduct generally that impacted *a* criminal defendant's constitutional right to a fair trial." (Doc. 93, p.7) (emphasis added).

---

[1] "The existence of a municipal policy that gives rise to *Monell* liability can be established in four ways: (1) a formal policy endorsed by the municipality; (2) actions directed by the government's "authorized decisionmakers" or "those who establish governmental policy," ; (3) a persistent and widespread practice that amounts to a custom of which policymakers must have been aware; or (4) a "constitutional violation[ ] resulting from [policymakers'] failure to train municipal employees."

Jennifer C. Persico  |  Partner  |  jpersico@lippes.com

50 Fountain Plaza, Suite 1700, Buffalo, NY 14202   Phone: 716.853.5100   Fax: 716.853.5199   lippes.com

New York: Albany, Buffalo, Long Island, New York City, Rochester  //  Florida: Jacksonville  //  Illinois: Chicago
Ohio: Cleveland  //  Ontario: Greater Toronto Area  //  Texas: San Antonio  //  Washington, D.C.



The theory that any and all misconduct of the ECDA is actionable, without any nexus to the alleged constitutional violation suffered by the individual Plaintiffs is without merit and in derogation of the law.

Plaintiffs can only hold the County liable for the *same* underlying constitutional violation that caused their alleged injury. *Pennington v City of Rochester*, 2018 WL 3023383 *6 (WDNY 2018)("Importantly, *Monell* does not conclude that plaintiffs may hold municipalities liable under separate causes of action—there must be an underlying constitutional violation that occurred because of the municipality's unconstitutional custom or policy."); *Segal v City of New York*, 459 F3d 207, 219 (2d Cir 2006)(*"Monell* does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation.")

It is axiomatic that "a plaintiff must...establish a causal connection, or an "affirmative link," between the [municipal] policy and the deprivation of his constitutional rights. *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) and that a plaintiff must demonstrate that the municipality was the 'moving force' behind the injury alleged. *Deferio v City of Syracuse*, 770 Fed Appx 587, 590 (2d Cir 2019).

The Plaintiffs' respective First Amended Complaints ("FAC") make allegations against the Assistant District Attorneys ("ADA") prosecuting each case. ADAs Verrastro and Henry prosecuted the Walker case. Walker's FAC alleges that they did not disclose witness statements until after the witness testified on direct; that they did not disclose *Brady* material and that ADA Henry made improper remarks in his summation. (Walker, Doc. 78, ¶¶ 675-682)

ADA Drury handled the Boyd prosecution. Boyd's FAC alleges that he did not disclose police reports or other *Brady* material; that he only disclosed witness statements after the witness had completed his or her direct testimony and that he made improper arguments in his summation. (Boyd Doc. 78, ¶¶ 648, 649 and 650). Thus, in order to be relevant, any other cases must relate to withholding of *Brady* material or improper summation remarks.

Plaintiffs' contrary assertion that the violations in the cases need not be of the same category as the constitutional violation(s) they allegedly suffered stands *Monell* on its head.

If that were so, the Plaintiffs could demonstrate that the County had an unlawful policy regarding the use of excessive force and, even though that has nothing to do with the Plaintiffs' claimed injury, it would be sufficient to impose liability. Or the Plaintiffs could demonstrate that the County had an unlawful policy of seeking unauthorized search warrants, and while there is no such claim here, municipal liability would then attach.

This improper attempt to expand the bases for municipal liability is unsupported even by the cases Plaintiffs cite. *Jones v. Town of East Haven*, 691 F.3d 72, 80-81 (2d Cir. 2012) ("a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under



federal law is caused by a governmental custom, policy, or usage of the municipality"); *Amnesty Am. v. Town of W. Hartford,* 361 F.3d 113, 125 (2d Cir. 2004) (*Monell* liability requires a causal connection between the actions of the municipality itself and the alleged constitutional violation); *Vann v City of New York*, 72 F3d 1040, 1049 (2d Cir 1995)("In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts…, a plaintiff must establish that the violation of his constitutional rights resulted from a municipal custom or policy").

Moreover, "it is well established that contemporaneous or subsequent instances of constitutional violations cannot be used to demonstrate a municipality's awareness of an issue and consequent duty to remedy it." *Okongwu v County of Erie*, 2021 WL 1111152*5 (WDNY 2021) *aff'd*, 2022 WL 6585217 (2d Cir. 2022), cert denied, 2023 WL 2959462 (US 2023), citing *O'Neal v City of New York*, 196 F Supp 3d 421 (SDNY 2016), *aff'd* 679 Fed Appx 16 (2d Cir 2017).

Accordingly, for the reasons set forth above, Plaintiffs' request for the files relative to those cases listed at v-xvi in their correspondence of April 21, 2023 should be denied.

Thank you for your consideration.

Very truly yours,

LIPPES MATHIAS LLP

Jennifer C. Persico

JCP/smk

Cc (via CM/ECF): All counsel of record.