

June 29, 2023

<u>VIA ECF</u>
Hon. Jeremiah J. McCarthy
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

RE:  *Walker v. City of Buffalo, et al.* (22-cv-520-LJV-JJM)
     *Boyd v. City of Buffalo, et al.* (22-cv-519-LJV-JJM)

Dear Judge McCarthy:

Please accept this as the County's detailed statement of its efforts to locate the missing files as directed by your Order, dated May 19, 2023. (Dkt. 102). The County has undertaken significant steps to locate the sixteen (16) case files in dispute. (*Id.*, at 10, 15).  The search resulted in locating the *People v. Mordino*, 58 A.D.2d 197 (4th Dept. 1976) file (the "*Mordino* file"), but no others.

<u>Detailed Search for the Files</u>

The ECDAO maintains basic information concerning old cases litigated before digitizing became common practice on "cards" stored in the records room at the ECDAO in file cabinets.  The cards are organized alphabetically by defendant.  In conjunction with the cards, the ECDAO maintains an Excel database to track the location of stored files.

Copies of the cards relating to the sixteen (16) case files and the ECDAO's current File Destruction Procedures (dated 1/21/22) are annexed hereto as Exhibits A (COE12694-12735) and B (COE12736-12737), respectively.[1]

The specific process used by the ECDAO to locate the sixteen (16) files was as follows: 1) locate the defendant's card in the filing cabinet to determine the indictment number; 2) run the indictment number through the Excel database referenced above (it remains unclear for how long this database has been maintained – we believe it has been maintained for at least 15 years) to determine if there is a storage location for the file and 3) make a physical inspection of the storage location to determine whether the file is there.

If there was no card in the filing cabinet, the ECDAO personnel then looked to logbooks which have been maintained as a back up to the card system.  For example, there was no card in the filing cabinets for the

---

[1] Exhibit A has been partially redacted to prevent disclosure of victims' names and contact information.

Jennifer C. Persico  |  Partner  |  jpersico@lippes.com

50 Fountain Plaza, Suite 1700, Buffalo, NY 14202   **Phone:** 716.853.5100   **Fax:** 716.853.5199   **lippes.com**

**New York:** Albany, Buffalo, Clarence, Long Island, New York City, Rochester, Saratoga Springs  //  **Florida:** Jacksonville  //  **Illinois:** Chicago
**Ohio:** Cleveland  //  **Oklahoma:** Oklahoma City  //  **Ontario:** Greater Toronto Area  //  **Texas:** San Antonio  //  **Washington, D.C.**



*People v. Mitchell* case, so the ECDAO staff looked in the logbooks (organized by year) during the relevant time period which they determined based upon the Appellate Division decision(s).  For example, Exhibit A at page 32 contains the logbook entry for *People v. Mitchell.*  The *Mitchell* card was likely misplaced in the forty-five (45) years between the indictment and today. In any event, based upon the policy, the file would have been destroyed.

Records from *all* of the County departments are stored at the County's offsite facility in Cheektowaga. A photograph of the County's record storage area is annexed hereto as Exhibit C (COE12738). Please refer to the box truck in the background for scale.

Some records were previously stored in the basement of the Erie County Medical Center, but those records were moved many years ago and long before digitizing records became common practice.  We have been unable to determine which records were there and/or whether they were moved or destroyed.

Brian Mahoney and Alex Eaton visited the records facility and walked through the location and process with County personnel. They can each attest to the volume of records maintained and County personnel's good faith efforts to maintain systems of organization for the millions of records stored there prior to any substantial digitization.

For example, once ECDAO personnel went through steps one (1) and two (2) above for the *People v. Ivey* file, Messrs. Mahoney and Eaton went to the storage facility and began the process of searching for the file.  The database indicated that the file should have been in aisle two (2), section four (4), two (2) shelves from the ground and that the box would bear the number nineteen (19).  Photographs from the storage facility relative to the search for the *Ivey* file indicating its anticipated location and its absence therefrom are annexed hereto as Exhibit D (COE12739-12740). The white paper in the photograph was created by the ECDAO personnel as a reference to take to the storage facility and has no other relevance to this matter.

In addition to the initial search detailed in Alex Eaton's his prior affidavit concerning the requested files (Dkt. 72-2), County personnel conducted an additional search of the premises lasting approximately three hours earlier this month. This search did not locate any additional files. The County employee who maintains the Cheektowaga storage facility and conducted the searches there was recently injured in an automobile accident and is currently on medical leave. The County can, upon the Court's request, provide further detail about that individual's efforts once they are back at work, which should be in the next few weeks.

For each file that did not have a location per the database, the ECDAO determined whether the file was destroyed in accordance with policy.

As a result of the above efforts, we can advise that the disposition of each of the sixteen (16) files is as follows:



1. *People v. Anderson*, 25 AD2d 602 (4th Dept 1966): Indictment No. 31,391 was searched. No storage location was found. Based on ECDAO procedures, this file would have been destroyed.

2. *People v. Moore*, 26 AD2d 902 (4th Dept 1966): Indictment No. 31,960 was searched. No storage location was found. Based on ECDAO procedures, this file would have been destroyed.

3. *People v. Slaughter*, 28 AD2d 1082 (4th Dept 1967): Indictment No. 32,247 was searched. No storage location was found.

4. *People v. Damon*, 24 NY2d 256 (1969): Indictment No. 32,340 was searched. No storage location was found. Based on ECDAO procedures, this file would have been destroyed.

5. *People v. Donaldson*, 49 AD2d 1004 (4th Dept 1975): Indictment No. 38,609 was searched. No storage location was found. Based on ECDAO procedures, this file would have been destroyed.

6. *People v. Weston*, 51 AD2d 881 (4th Dept 1976): Indictment No. 39,503 was searched. No storage location was found. Based on ECDAO procedures, this file would have been destroyed.

7. *People v. Balsano*, 51 AD2d 130 (4th Dept 1976): Indictment No. 37,650 was searched. No storage location was found. Based on ECDAO procedures, this file would have been destroyed.

8. *People v. Kampshoff*, 53 AD2d 325 (4th Dept 1976): Indictment No. 38,439 was searched. No storage location was found.

9. *People v. Mordino*, 58 AD2d 197 (4th Dept 1977): Indictment No. 40,130 was searched. The case file was located in the storage facility. See below for further detail.

10. *People v. Johnson*, 62 AD2d 555 (4th Dept 1978): Indictment No. 41,283 was searched. No storage location was found.

11. *People v. Keller*, 67 AD2d 153 (4th Dept 1979): Indictment No. 43,222 was searched. No storage location was found. Based on ECDAO procedures, this file would have been destroyed.

12. *People v. Mitchell*, 99 Misc2d 332 (Erie Sup Ct 1979): Indictment No. 44,832 was searched. No storage location was found. Based on ECDAO procedures, this file would have been destroyed.

13. *People v. Clark*, 89 AD2d 820 (4th Dept 1982): Indictment No. 42,262 was searched. No storage location was found. Based on ECDAO procedures, this file would have been destroyed.

14. *People v. Ivey*, 83 AD2d 788 (4th Dept 1981): Indictment No. 41,583 was searched. A storage location was found, but the file was not there. See above for further detail.

15. *Matter of Potenza v. Kane*, 79 AD2d 467 (4th Dept 1981): Indictment No. 45,073 was searched. Based on ECDAO procedures, this file would have been destroyed.

16. *People v. Vance*, 89 AD2d 347 (4th Dept 1982): Indictment No. 44,832 was searched. Based on ECDAO procedures, this file would have been destroyed.



The *Mordino* File

In accordance with the above noted procedures, the *Mordino* file was located at the County's offsite storage facility in Cheektowaga. As is set forth above, the ECDAO personnel located the *Mordino* card and then the indictment number through the database. That process indicated that the file should have been stored at the facility in row one (1), five (5) shelves in, two (2) shelves from the ground, in positions nineteen (19)- twenty-two (22) as is evidenced by the screenshot of the database attached as Exhibit E (COE12741). The file was in that location at the facility. It was subsequently returned to the ECDAO where documents responsive to Plaintiffs' request for "hearing and trial transcripts, motion papers, and court orders" were identified.

The *Mordino* file contains complete Records on Appeal for both the underlying case and retrial (totaling more than 4,000 pages) and several individual documents. Photographs of the tables of contents from the Records on Appeal for the *Mordino* file are annexed hereto as Exhibit F (COE12742-12757). Most of the documents found are either in fully bound books or printed on paper too thin to run through a traditional commercial scanner or copier. Therefore, the ECDAO has sent the documents to a third-party vendor for reproduction. We have been advised that the reproduction should be completed by Friday, July 7 at the latest. We will produce the documents as soon as that process is complete.

Please do not hesitate to contact me if there are any additional questions. Thank you for your attention to this matter.

Very truly yours,

LIPPES MATHIAS LLP

Jennifer C. Persico

Enclosures


Cc:    JOEL B. RUDIN
       DAVID E. RUDIN
       Law Offices of Joel B. Rudin, P.C.
       Carnegie Hall Tower
       152 West 57th Street, 8th Floor
       New York, New York 10019
       (212) 752-7600
       *jbrudin@rudinlaw.com*
       *david@rudinlaw.com*



TIMOTHY W. HOOVER
SPENCER L. DURLAND
Hoover & Durland LLP
561 Franklin Street
Buffalo, NY 14202
(716) 800-2600
*hoover@hooverdurland.com*
*sdurland@hooverdurland.com*

ROSS E. FIRSENBAUM
RYANNE E. PERIO
GIDEON A. HANFT (pro hac vice)
PHOEBE SILOS (pro hac vice)
ERIN HUGHES (pro hac vice)
Wilmer Cutler Pickering
Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
*ross.firsenbaum@wilmerhale.com*
*ryanne.perio@wilmerhale.com*
*gideon.hanft@wilmerhale.com*
*phoebe.silos@wilmerhale.com*
*erin.hughes@wilmerhale.com*