UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARRYL BOYD,

                Plaintiff,

      v.

CITY OF BUFFALO, ET AL.,

                Defendants.

_____

Case No.: 1:22-cv-00519

_____

JOHN WALKER, JR.,

                Plaintiff,

      v.

CITY OF BUFFALO, ET AL.,

                Defendants.

_____

**DECLARATION IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN UNSEALING ORDER**

Case No.: 1:22-cv-00520

Alexander W. Eaton, Esq. declares the following under penalty of perjury:

1.      I am an attorney at law duly licensed to practice in the United States District Court for the Western District of New York.  I am an Associate at the law firm Lippes Mathias LLP, counsel to defendant County of Erie ("County" or "Defendant").  As such, I make this declaration on personal knowledge.

2.      I make this declaration in opposition to Plaintiffs' Motion for an Unsealing Order dated December 11, 2023. (Dkt. 124).[1]

---

[1] All docket citations refer to *Walker v. City of Buffalo, et al.* (1:22-cv-00520), as these cases have been consolidated for discovery and the Motion at issue was filed identically on both applicable dockets.

3.      Counsel for Co-Defendant the City of Buffalo ("City") has communicated to us that although they will not be submitting separate papers in opposition, the City also opposes unsealing Mr. Rollins' file.

## FACTUAL BACKGROUND

4.      It is puzzling that the file for *People v. Rollins,* Ind. No. 82-1064 (Sup. Ct. Erie Cty.) ("the Rollins File") has become a recent issue in this matter, as Plaintiffs have been fully aware of the facts and circumstances of the case for at least several months.

5.      Plaintiffs questioned Defendant John Montondo ("Mr. Montondo") about the Rollins case at his deposition on June 21, 2023. The transcript of Mr. Montondo's deposition dated June 21, 2023 is attached herewith as **Exhibit A**. See Exhibit A, at p. 26-33, 212-233. Plaintiffs also questioned Defendant John Regan ("Mr. Regan") about the same at his deposition on July 12, 2023. The transcript of Mr. Regan's deposition dated July 12, 2023 is attached herewith as **Exhibit B**. See Exhibit B, at p. 210-213.

6.      Plaintiffs' counsel pursued unsealing of the Rollins File in October 2023. Erie County Court Justice Susan Eagan ("Judge Eagan") signed an Order to Show Cause on October 30, 2023 regarding unsealing the Rollins File. (Dkt. 124-3, at p. 2-3). The Order was supported by Timothy Hoover's ("Mr. Hoover") affirmation dated October 24, 2023. *Id*, at p. 4-15.

7.      None of the ten (10) Plaintiffs' attorneys of record contacted either the County or City prior to filing the Order to Show Cause. Mr. Hoover personally served the signed Order on the Erie County District Attorney's Office ("ECDAO") on October 31, 2023, having requested and received authority to do so. The Affirmation of Service concerning the Order to Show Cause dated October 31, 2023 is attached herewith as **Exhibit C**. Mr. Hoover communicated this to counsel for the County, but not the City, the same day via email. Mr. Hoover's email to counsel

for the County dated October 31, 2023 is attached herewith as **Exhibit D**. Despite the obvious purpose of the unsealing of the Rollins File being *Monell* material for Plaintiffs' case against the City, counsel for the City was only alerted as to the existence of the Order to Show Cause when counsel for the County alerted them the same day.

8.      The County filed its opposition to the Order to Show Cause on November 2, 2023 and oral argument was held on November 8, 2023. Judge Eagan denied the application on November 14, 2023 on the bases that (1) Plaintiffs had not demonstrated the situation called for an exception to the narrowly construed CPL § 160.50, (2) Mr. Rollins had not consented to the unsealing, and (3) that Plaintiffs failed to demonstrate "extraordinary circumstances" warranting unsealing. (Dkt. 124-6).

9.      No attorney representing the County or City has received any indication that Plaintiffs have appealed or intend to appeal Judge Eagan's ruling.

10.      Jennifer Persico, Brian Mahoney, and I were representing the County at trial in another matter from December 8-19, 2023. Plaintiffs' counsel was fully aware of this, evidenced by a letter from Mr. Mahoney to Gideon Hanft ("Mr. Hanft") dated September 22, 2023. The letter from Mr. Mahoney to Mr. Hanft dated September 22, 2023 is attached herewith as **Exhibit E**.

11.      Despite taking no action for nearly a month from the time of Judge Eagan's ruling, Plaintiffs filed this motion on December 11, 2023 fully aware the County's counsel was involved in a multi-week jury trial. Plaintiffs' contention that a quick turnaround time on this Motion was warranted because of the January 16, 2024 close of fact discovery is bewildering, considering their weeks of prior inaction, the substantive content of this Motion and the Order to Show Cause being largely identical, and that none of the outstanding depositions concern witnesses who would be able to testify to the Rollins File in any meaningful capacity. (Dkt. 124, at p. 1).

12.      I conducted a search for the Rollins File with County personnel at the County's records storage facility on December 20, 2023. No such files were located. The ECDAO is not in possession of any documents concerning the Rollins File. Plaintiffs assert that the Erie County Clerk's Office has relevant material, but is withholding it because *the case is closed*. (Dkt. 124-1, at p. 8). Lippes Mathias LLP represents the ECDAO in connection with these matters but has no control over whether the Erie County Clerk's Office takes any action on the Rollins File.

## PLAINTIFFS DO NOT CITE ANY AUTHORITY SUPPORTING UNSEALING THE ROLLINS FILE

13.      Per CPL § 160.50, "Upon the termination of a criminal action or proceeding against a person in favor of such person, as defined in subdivision three of this section, <u>unless the district attorney upon motion with not less than five days notice to such person or his or her attorney demonstrates to the satisfaction of the court that the interests of justice require otherwise, or the court on its own motion with not less than five days notice to such person or his or her attorney determines that the interests of justice require otherwise and states the reasons for such determination on the record, the record of such action or proceeding shall be sealed and the clerk of the court wherein such criminal action or proceeding was terminated shall immediately notify the commissioner of the division of criminal justice services and the heads of all appropriate police departments and other law enforcement agencies that the action has been terminated in favor of the accused, and unless the court has directed otherwise, that the record of such action or proceeding shall be sealed.</u>" (Emphasis added).

14.      Here, the ECDAO has not made any such motion. Contrarily, the ECDAO opposes the unsealing of the Rollins File case out of respect for Mr. Rollins' privacy and Plaintiffs' failure to provide a basis for this Court to do so.

15.     It is undisputed that Mr. Rollins was exonerated in the matter Plaintiffs want to unseal and his criminal case has been closed for decades. Plaintiffs are statutorily barred from requesting unsealing by CPL § 160.50(1)(d) which establishes certain narrow situations in which a court can unseal a closed criminal case. As Plaintiffs are neither Mr. Rollins nor a government agency, none of the exceptions to the principle of keeping closed criminal matters sealed apply. *See* CPL § 160(50)(1)(d). Plaintiffs accordingly lack the requisite status to make such a request of this Court.

16.     Mr. Rollins has not waived any right relevant to this Motion. Plaintiffs point to no authority indicating that a private investigator having a brief conversation with Mr. Rollins' sister and her subsequent non-response to a handful of text messages equates to a waiver of his right to privacy. Maria DiPirro's affidavit dated October 17, 2023 is attached herewith as **Exhibit F**. It is reasonable to suspect that after Mr. Rollins and his family were subjected to an immensely traumatic experience in a highly public fashion that they would be uninterested in voluntarily speaking to attorneys or Court officials, especially in the context of newsworthy litigation.

17.     The Motion at hand contains much of the same authority as the previously denied Order to Show Cause, none of which supports unsealing the Rollins File. Plaintiffs have not provided any additional authority binding to this Court in support of unsealing.

18.     In *Crosby v. City of New York*, F.R.D. 267 (S.D.N.Y. 2010) the plaintiffs seeking the unsealing of the District Attorney's files were the subjects of said files. *Crosby v. City of New York*, 269 F.R.D. 267, 272 (S.D.N.Y. 2010). They were not moving to unseal a decades old file of a non-party for the express purpose of establishing Monell liability.

19.     In *K.A. v. City of New York,* 2022 WL 1063125 (S.D.N.Y. Apr. 8, 2022) the court denied the plaintiff's motion to unseal records concerning a criminal investigation of the Rikers

employee who was the subject of their complaint. *K.A. v. City of New York*, 2022 WL 1063125, at \*1-3 (S.D.N.Y. Apr. 8, 2022).

20.     Similarly, the motion to unseal in *Negron v. City of New York*,  18-CV-6645 (Dkt. 29) concerned a third-party suspect directly related to the plaintiff's complaint. Again, this is immediately distinguishable from the instant matters in that the motion to unseal did not concern a decades old matter unrelated to the prosecution of the plaintiff.

21.     *King v. Conde*, 121 F.R.D. 180 (E.D.N.Y. 1988) is entirely irrelevant, as it concerns the unsealing of police personnel files – not a non-party's criminal proceedings from the distant past.

22.     *Daniels v. City of New York*, 2001 WL 228091 (S.D.N.Y. Mar. 8, 2021) provides "…that plaintiffs should be given access to the requested information, but in the case of those who were arrested or juveniles, <u>only if these individuals waive their statutory right to privacy</u>." *Id*, at \*2 (emphasis added).

23.     Plaintiffs' argument that the Rollins File is "highly relevant to [their] civil-rights actions" is erroneous, as the breadth of Second Circuit authority is devoid of a finding that filing a § 1983 action entitles a litigant to every piece of paper concerning anyone tangentially related to the instant matter over the rights of non-litigants. (Dkt. 124-1, at p. 12). The fact that Mr. Montondo or former ECDAO ADA Albert Ranni are likely to appear in the Rollins File is irrelevant to this Motion. *Id*. Whether a document will be admissible at trial is an entirely separate issue from what rights Mr. Rollins has.

24.     *Gross v. Lunduski*, 304 F.R.D. 136 (W.D.N.Y. 2014) concerns the relevance of the information potentially contained in the Rollins File, but does not support the proposition that

admissibility of potential evidence outweighs Mr. Rollins' right to privacy. Indeed, the F.R.E. does not wholesale trump the rights of a non-party private citizen.

### PLAINTIFFS REPEATEDLY MISREPENT THE FACTS OF THESE CASES IN THEIR MOTION

25.     The alarmingly high number of blatant mischaracterizations of these matters included in this Motion by Plaintiff's counsel must be noted and are addressed in order below.

26.     The implication that Mr. Montondo was given an award for his purported misconduct in the Rollins case is baseless. (Dkt. 124-1, at p. 9). There is nothing close to an articulable nexus between the Rollins case and any commendation of Mr. Montondo.

27.     Perhaps the most absurd of Plaintiffs' misrepresentations is, in reference to the State Court proceedings concerning the Order to Show Cause, that, "The ECDA[O] did not respond to the Order to Show Cause, but Lippes Mathias LLP, on behalf of the Non-Party County of Erie, responded on November 2, 2023. (Dkt. 124-1, at p. 9). Given Mr. Hoover's reputation as a seasoned and accomplished litigator, it is unfathomable to think that he (or any of Plaintiffs' other attorneys) would be unaware that Lippes Mathias represents the ECDAO as it concerns the Rollins File, as the Order to Show Cause was entirely related to discovery in these matters. Plaintiffs' strategic decisions to file Mr. Hoover's affirmation and get the Order to Cause signed without communication to Defendants, exclude the City from the Order to Show Cause, and include a clause granting Mr. Hoover permission to personally serve the ECDAO – a party know to be represented by counsel – are troubling.

28.     Plaintiffs' implication that the County does not care about Mr. Rollins' right to privacy because we did not object to oral argument being held in a public courtroom is meritless. (Dkt. 124-1, at p. 9-10). The County did not file the application, but rather, vehemently opposed

it. The idea that failure to object to oral argument being conducted somehow factors into a waiver of Mr. Rollins' right to privacy lacks any basis in law.

29.     As the County argued in the State Court proceedings, the protective order in these matters will not protect Mr. Rollins at trial. Should these cases go to trial, they will almost certainly be relatively high-profile. (Dkt. 124-1, at p. 14-15). Mr. Rollins, who has not waived any right, would likely be the subject of extensive testimony in support of Plaintiffs' *Monell* claims against both the County and City Defendants.

**WHEREFORE**, Defendants respectfully request that this Court dismiss Plaintiffs' Motion for an Unsealing Order, keep Mr. Rollins' criminal case sealed, and take any other measures it finds just and proper.

DATED:   Buffalo, New York
             December 21, 2023

                                   Respectfully submitted,

                                   **LIPPES MATHIAS LLP**

                                   By:   /s/Alexander W. Eaton, Esq.
                                         Alexander W. Eaton, Esq.
                                         Jennifer C. Persico, Esq.
                                         Brian C. Mahoney, Esq.
                                         *Attorneys for Defendant, County of Erie*
                                         50 Fountain Plaza, Suite 1700
                                         Buffalo, New York 14202
                                         (716) 853-5100
                                         aeaton@lippes.com
                                         jpersico@lippes.com
                                         bmahoney@lippes.com

Cc:           Hugh M. Russ III, Esq.
Adam W. Perry, Esq.
Peter A. Sahasrabudhe, Esq.
HODGSON RUSS LLP
The Guaranty Building
140 Pearl Street — Suite 100
Buffalo, New York 14202

Joel B. Rudin, Esq.
David E. Rudin, Esq.
Jacob Loup, Esq.
LAW OFFICES OF JOEL B. RUDIN, P.C.
152 West 57th Street
New York, New York 10019

Ross E. Firsenbaum, Esq.
Ryanne E. Perio, Esq.
Erin E. Hughes, Esq.
Phoebe H. Silos, Esq.
Gideon A. Hanft, Esq.
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
New York, New York 10007

Timothy W. Hoover, Esq.
Spencer L. Durland, Esq.
HOOVER & DURLAND LLP
561 Franklin Street
Buffalo, New York 14202