UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARRYL BOYD,<br><br>                Plaintiff,<br><br>  v.<br><br>THE CITY OF BUFFALO, *et al.*,<br><br>                Defendants. | 22-CV-519 (LJV) (JJM) |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN WALKER, JR.,<br><br>                Plaintiff,<br><br>  v.<br><br>THE CITY OF BUFFALO, *et al.*,<br><br>                Defendants. | 22-CV-520 (LJV) (JJM) |

# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFFS' MOTION TO UNSEAL

**LAW OFFICES OF JOEL B. RUDIN, P.C.**
Joel B. Rudin
David E. Rudin
Carnegie Hall Tower
152 West 57th Street, 8th Floor
New York, New York 10019
(212) 752-7600
*jbrudin@rudinlaw.com*

**HOOVER & DURLAND LLP**
Timothy W. Hoover
Spencer L. Durland
561 Franklin Street
Buffalo, New York 14202
(716) 800-2604
*thoover@hooverdurland.com*

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Ross E. Firsenbaum
Ryanne E. Perio
Gideon A. Hanft
Phoebe Silos
Erin Hughes
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8800
*ross.firsenbaum@wilmerhale.com*

*Attorneys for Plaintiffs Darryl Boyd and John Walker, Jr.*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................. ii

INTRODUCTION ............................................................................................................. 1

REPLY ARGUMENT ....................................................................................................... 1

        POINT I.     PLAINTIFFS' INTEREST IN FEDERAL DISCOVERY OUTWEIGHS THE STATE PRIVACY INTERESTS IMPLICATED BY THEIR MOTION FOR LIMITED UNSEALING. ........................................................................................ 1

        POINT II.    THE COUNTY'S COMPLAINTS ABOUT PLAINTIFFS' COUNSEL ARE GROUNDLESS. ....................................................... 4

CONCLUSION .................................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Crosby v. City of New York*,
  269 F.R.D. 267 (S.D.N.Y. 2010) .................................................................................. 2

*Daniels v. City of New York*,
  2001 WL 228091 (S.D.N.Y. Mar. 8, 2001) .................................................................. 3

*Gross v. Lunduski*,
  304 F.R.D. 136 (W.D.N.Y. 2014) ................................................................................ 3

*King v. Conde*,
  121 F.R.D. 180 (E.D.N.Y. 1988) ................................................................................. 1

*Schomburg v. New York City Police Dep't*,
  298 F.R.D. 138 (S.D.N.Y. 2014) ................................................................................. 2

**State Cases**

*People v. Tommy Rollins*,
  Ind. No 82-1064 (Sup. Ct. Erie Cty.) ........................................................................ 1, 7

**Rules**

Fed. R. Evid. 404(b) ............................................................................................................ 3

## INTRODUCTION

Plaintiffs respectfully submit their reply memorandum of law in support of their motion (Doc. 126[1]) to unseal the case file in possession of the Erie County Clerk in *People v. Tommy Rollins*, Ind. No 82-1064 (Sup. Ct. Erie Cty.). Plaintiffs' straightforward motion ultimately rests on the supremacy of federal law: when a state sealing provision obstructs the operation of federal discovery rules and civil-rights statutes, federal law prevails. The County of Erie's opposition provides no sound basis to deny the motion, as it ignores both the relevance of the material sought and the limited nature of Mr. Rollins's privacy interest, preferring to rest on diversionary points that are as wrong as they are irrelevant. The City of Buffalo joined the County's meritless response, but offers nothing of its own in opposition to the motion. Plaintiffs' motion should be granted.

## REPLY ARGUMENT

**POINT I. PLAINTIFFS' INTEREST IN FEDERAL DISCOVERY OUTWEIGHS THE STATE PRIVACY INTERESTS IMPLICATED BY THEIR MOTION FOR LIMITED UNSEALING.**

The County's opposition does not contain *a single sentence* addressing the ways in which the evidence of misconduct Plaintiffs seek to unseal is relevant to their federal civil-rights claims. The County seems to assume that state privileges control in federal court, when in fact it is a fundamental principle that state privilege rules must give way when they "frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983." *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988). "Section 160.50 has been rejected as a basis to block discovery in an action where

---

[1] Plaintiffs cite to the docket entries in *Boyd v. City of Buffalo*, No. 22-CV-519, to avoid duplication. Pinpoint page citations below are generally to the CM-ECF stamped page numbers at the top of the document cited, except that, where they appear, specific citations to deposition transcript pages are to the printed transcript pages.

plaintiffs are asserting federal claims." *Schomburg v. New York City Police Dep't*, 298 F.R.D. 138, 141 (S.D.N.Y. 2014).

Contrary to the County's argument, the age of the *Rollins* court file does not distinguish it from the numerous cases where federal courts ordered state records to be unsealed to advance discovery in § 1983 actions. Discovery always involves events from the past, often the distant past. This case involves the County's and City's policies and practices in the 1970s and 1980s. The County and City have produced no training or personnel records, and virtually no policy materials.[2] This makes the *Rollins* material more important, rather than less.

Also unavailing is the County's effort to distinguish suits like this one, where the sealed records derive from a non-party's case, from suits where the sealed records derive from a party's case. A *Monell* claim, which alleges an unlawful policy or practice, invariably rests on proof of events in unrelated cases. That the evidence sought comes from an unrelated case does not make it any less relevant to a *Monell* claim. The cases we cited, holding that the needs of a § 1983 litigant may trump a state criminal defendant's privacy interests, apply whether the sealed records involve the same state criminal prosecution or a different one, so long as the records are relevant to a *Monell* claim.

Moreover, the County is wrong to say (Doc. 128 at 5) that none of the cases we cited in our opening memorandum involved records from a non-party's case. In *Crosby v. City of New York*, 269 F.R.D. 267 (S.D.N.Y. 2010), the court observed that "plaintiffs contend that *the City is liable for an unconstitutional policy or practice*" and then held that plaintiffs "have a demonstrable need for information regarding the arrests of *non-plaintiff arrestees*." *Id.* at 275 (emphasis added).

---

[2] The City produced a manual from the Buffalo Police Department from the general time period, but it is incomplete and contains virtually nothing relevant to the issues presented in these lawsuits.

*Monell* claims aside, the *Rollins* file is relevant under Fed. R. Evid. 404(b), as proof of similar acts committed by individual defendants Montondo and Donovan. *See, e.g., Gross v. Lunduski*, 304 F.R.D. 136, 145 (W.D.N.Y. 2014). The County contends that the Federal Rules of Evidence do not trump privacy interests (Doc. 128 ¶ 24), but this is circular logic. If the sealed records sought by a civil-rights plaintiff contain relevant, admissible evidence, that fact weighs heavily in the balancing of interests the Court must undertake. Here, Rollins's state privacy interest is far too attenuated to overcome Plaintiffs' interest in vindicating their federal rights to broad discovery and, ultimately, protection from egregious civil-rights violations. State sealing laws regularly give way in § 1983 cases, and Rollins's prosecution is already a matter of public record. Indeed, for all its purported concern with Rollins's privacy, the County publicly filed all of its papers and discussed Rollins's prosecution in open court.

The County selectively quotes *Daniels v. City of New York*, 2001 WL 228091 (S.D.N.Y. Mar. 8, 2001), where the plaintiffs wished to consult a repository of stop-and-frisk data to solicit witnesses and class members for *Monell* claims. *Id.* at *2. In the portion of the decision the County quotes, the court declines to provide the names of arrestees and juveniles directly to plaintiffs' counsel. (Doc. 128 ¶ 22.) But in the very next sentence, which the County omits, the court orders that initial contact with these individuals be made by a magistrate judge. *Daniels* thus *supports* Plaintiffs' application because it recognizes their right, under federal civil-rights law, to obtain sealed evidence involving third parties. While the court took steps to protect the identities of the unrelated individuals, reasonable limitations can be applied in this case as well, especially because we seek records concerning just one individual whose case already has been extensively publicized, as opposed to the names and records of countless individuals whose names have never been publicly revealed.

Finally, the County's professed concern for Mr. Rollins's privacy interests rings awfully hollow. The Erie County District Attorney prosecuted the 15-year-old Rollins even though he was innocent (Doc. 126-4 ¶ 18 (County's Resp. to Order to Show

- 3 -

Cause)), using evidence coerced by the same detectives who victimized Plaintiffs. It is this wrongful prosecution and the attendant media coverage—still available online—that tarnished Mr. Rollins's reputation. Our *Monell* claim, by contrast, seeks to expose the police and prosecutorial misconduct that victimized numerous Black teenagers in Buffalo. In the unlikely event that unsealing the Rollins file leads to any further publicity of the Rollins prosecution, it will only underscore the fact that Rollins was an innocent victim of police coercion, just like the 15-year-old Andre Hough and the other teenage witnesses in our case.

The truth is, the County couldn't care less about Mr. Rollins's privacy; it just wants to prevent Plaintiffs from using his tragic example to help prove their *Monell* claim. This Court can strike an appropriate balance between Plaintiffs's interests and Mr. Rollins's by ordering disclosure on the conditions we have proposed, which include making the Rollins file subject to the existing confidentiality order. Judge Vilardo can fashion any further relief he deems necessary at trial.

**POINT II.   THE COUNTY'S COMPLAINTS ABOUT PLAINTIFFS' COUNSEL ARE GROUNDLESS.**

Evidently sensing its weakness on the merits, the County flings various accusations at Plaintiffs' counsel (Doc. 128 ¶ 25). Each is misplaced.

First, the County assails as "baseless" the "implication that Mr. Montondo was given an award for his purported misconduct in the Rollins case . . . ," claiming that "there is nothing close to an articulable nexus between the Rollins case and any commendation of Mr. Montondo." (Doc. 128 ¶ 26.) In his *own deposition testimony*, however, Montondo attributed his award to his work on a "baby death" and "I think the other was Pink Street," which is "the Rollins case." (Doc. 126-3 at 297-299 (Ex. 1-H (Montondo Dep. 230:7-232:19)); *see also* Montondo Dep. 26:19-27:7 (attached as Exhibit 10 to the Declaration of Timothy W. Hoover, executed on December 26, 2023).)

Second, the County attacks Plaintiffs' counsel for supposedly gaming the briefing schedule on the present motions by modestly shortening the Defendants'

response time. (Doc. 128 ¶ 11.) But of course, that schedule—which also shortened Plaintiffs' reply time and appropriately required Plaintiffs' counsel to work over the Christmas weekend and holiday—was set by the Court. If the County were unhappy with it, it should have requested an extension. And the County itself confirms its trial ended in plenty of time for it to complete its opposition.

In truth, the County has only itself to blame for the timing of this motion. As the Court will recall from prior motion practice, the County has delayed document discovery, and thus the deposition phase, for many months. Defendant Montondo could not be deposed until June 21, 2023, which is when we found out that, far from being disciplined for his conduct in the Rollins case, Montondo received an award. Plaintiffs' counsel then hired investigators who made many efforts, from July 18 to September 9, 2023, to find Mr. Rollins. (Doc. 126-3, Ex. 1-C at 224-25.) When those efforts proved unsuccessful, and contrary to the County's false claim that they were not contacted before the state court application was made, Plaintiffs' counsel emailed counsel for the County, on September 13 and September 19, to discuss the procedure for unsealing, before seeking the Order to Show Cause. Counsel for the County did not deign to reply. Plaintiffs then filed their motion by order to show cause in state court (and provided the County's counsel with a courtesy copy, even though not required to do so), replied, and argued it last month. Just last week, Plaintiffs' counsel asked the County to consent to the present motion, given the lack of any basis to oppose it, and to avoid unnecessary litigation. The County ignored that request too.

Finally, the County claims that Plaintiffs' counsel's accurate assertion that the Erie County District Attorney did not oppose the motion in the state court criminal case is "[p]erhaps the most absurd . . . misrepresentation[] . . . ." (Doc. 128 ¶ 27.) This is inaccurate (because the District Attorney on behalf of the People of the State of New York did not oppose the motion, only Lippes Mathias on behalf of the non-party County of Erie made an appearance), it is nonsensical (as nonsensical as the County's state court philippic that Plaintiffs' counsel committed an "egregious" ethical violation by

following Judge Eagan's order and serving the District Attorney's Office (*see* Doc. 126-4, which Plaintiffs replied to at Doc. 126-5 at 10-11 (¶¶ 39-45)), and, as noted below, it is irrelevant.

Here's what the County wrote to Judge Eagan:



November 2, 2023

Hon. Susan Eagan
Erie County Court
25 Delaware Avenue
Part 18 – 3rd Floor
Buffalo, New York 14202

Re:   The People of the State of New York v. Tommy Rollins
      Index No. 82-1064

Your Honor:

Enclosed please find responding papers to the Order to Show Cause on behalf of Non-Party, County of Erie, to the above-titled action.

Copies are being hand delivered to Timothy Hoover, Esq. pursuant to the Court's direction and order.

Very truly yours,

LIPPES MATHIAS LLP

Brian C. Mahoney, Esq.

cc:   Peter Sahasrabudhe, Esq.
      Hugh Russ, Esq.

(Doc. 126-4 at 2.) The use of "non-party" to describe the County's appearance in response to the state-court application originated with Lippes Mathias, not Plaintiffs: Lippes Mathias appeared for its "Non-Party" client, the "County of Erie." [3] (*Id.*)

---

[3]   Of course, with regard to the County's private law firm's appearance in a state criminal prosecution, it could not have been any other way. It is beyond cavil that private law firms have no authority to act as public prosecutors or appear to represent the People of the State of New York in a state criminal case, because the District Attorney represents the People of the State of New York in criminal proceedings. When moving to unseal records in a criminal proceeding, Plaintiffs were required to serve the District Attorney—which is why the state court's Order to Show Cause *directed* service on the District Attorney directly (Doc. 126-3 at 3). If the District Attorney wanted to oppose the application, the District Attorney, or an Assistant District Attorney, needed

- 6 -

Ultimately, this is just another adjective-laced non-sequitur, as the County does not explain why who it was appearing for in state court helps to defeat the present motion. Even if Lippes Mathias's state-court appearance could be construed as representing the Erie County District Attorney in a criminal case, the present motion should still be granted.

## **CONCLUSION**

The County's opposition is not grounded in law, logic, or common sense, but only in its desire to deprive Plaintiffs of probative evidence. The balancing of interests the law requires is simple and straightforward: Mr. Rollins's state-law privacy rights are highly limited, since his prosecution and conviction are already public, and are far outweighed by Plaintiffs' federal right to broad discovery and a remedy for civil-rights violations. Any marginal impact on Mr. Rollins can be further ameliorated by making the *Rollins* file subject to the protective order, and whatever further measures Judge Vilardo imposes at trial.

The Court should enter an order unsealing the records in *People v. Tommy Rollins*, Ind. No. 82-1064 (Sup. Ct. Erie Cty.), on a partial, limited, non-public basis, only for use by the parties in Plaintiffs' federal § 1983 lawsuits pursuant to the existing protective order, and directing the Erie County Clerk's Office to provide a complete copy of the file in the *Rollins* case to counsel for Plaintiffs.

---

to do so. Concomitantly, it is not the District Attorney, in his capacity as counsel to the People in a criminal case, which is a party to Plaintiffs' federal civil-rights action; it is the District Attorney's employer, the County of Erie, that is a party to Plaintiffs' suit.

Dated: Buffalo, New York
December 26, 2023

Respectfully submitted,

**LAW OFFICES OF JOEL B. RUDIN, P.C.**
Joel B. Rudin
David E. Rudin
Carnegie Hall Tower
152 West 57th Street, 8th Floor
New York, New York 10019
(212) 752-7600
*jbrudin@rudinlaw.com*

**WILMER CUTLER PICKERING
HALE AND DORR LLP**
Ross E. Firsenbaum
Ryanne E. Perio
Gideon A. Hanft
Phoebe Silos
Erin Hughes
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8800
*ross.firsenbaum@wilmerhale.com*

**HOOVER & DURLAND LLP**

By: s/Timothy W. Hoover
    Timothy W. Hoover
    Spencer L. Durland
561 Franklin Street
Buffalo, New York 14202
(716) 800-2604
*thoover@hooverdurland.com*

*Attorneys for Plaintiffs Darryl Boyd and John Walker, Jr.*