UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARRYL BOYD,

                Plaintiff,

    v.

THE CITY OF BUFFALO, THE COUNTY
OF ERIE, MICHAEL G. GUADAGNO,
JOHN MONTONDO, LINDA J. FIAL AS
EXECUTOR FOR THE ESTATE OF ROBERT
GRABOWSKI, MARTIN BULLOCK AS
EXECUTOR FOR THE ESTATE OF JAMES E.
HUNTER, JENNIFER FLANNERY AS
ADMINISTRATOR FOR THE ESTATE OF
ROBERT F. ARNET, JENNIFER FLANNERY
AS ADMINISTRATOR FOR THE ESTATE OF
FRANK C. DEUBELL, JENNIFER FLANNERY AS
ADMINISTRATOR FOR THE ESTATE OF LEO J.
DONOVAN, JENNIFER FLANNERY AS
ADMINISTRATOR FOR THE ESTATE OF
FRANCIS M. MANISTA, AND DAWN
M. DIRIENZO AS EXECUTOR FOR THE
ESTATE OF PAUL R. DELANO,

                Defendants.
_____

**DECISION AND ORDER**

22-cv-00519

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOHN WALKER, JR.,

                Plaintiff,

    v.

THE CITY OF BUFFALO, THE COUNTY
OF ERIE, MICHAEL G. GUADAGNO,
JOHN MONTONDO, LINDA J. FIAL AS
EXECUTOR FOR THE ESTATE OF ROBERT

**DECISION AND ORDER**

22-cv-00520

1

GRABOWSKI, MARTIN BULLOCK AS
EXECUTOR FOR THE ESTATE OF JAMES E.
HUNTER, JENNIFER FLANNERY AS
ADMINISTRATOR FOR THE ESTATE OF
ROBERT F. ARNET, JENNIFER FLANNERY AS
ADMINISTRATOR FOR THE ESTATE OF FRANK
C. DEUBELL, JENNIFER G. FLANNERY AS
ADMINISTRATOR FOR THE ESTATE OF LEO J.
DONOVAN, JENNIFER FLANNERY AS
ADMINISTRATOR FOR THE ESTATE OF
FRANCIS M. MANISTA, AND DAWN
M. DIRIENZO AS EXECUTOR FOR THE
ESTATE OF PAUL R. DELANO,

           Defendants.

## INTRODUCTION

Plaintiffs Darryl Boyd and John Walker, Jr. were convicted in 1977 of the murder of William Crawford. Decades later, in August 2021, the New York Supreme Court vacated both convictions. Plaintiffs—who spent 28 and 22 years in prison, respectively—then brought the instant action alleging multiple violations of their civil rights against the City of Buffalo, the County of Erie ("County"), and the individual Buffalo Police Department ("BPD") employees[1] involved in the investigation of the Crawford murder.

In November 2024, Plaintiffs reached a settlement agreement with the City of Buffalo and the individual BPD employees (collectively, the "City Defendants"), predicated on Plaintiffs' dismissal of their claims against the City Defendants in this

---

[1] As set forth in the case caption, the individual BPD defendants are: Michael G. Guadagno, John Montondo, Linda J. Fial as Executor for the Estate of Robert Grabowski, Martin Bullock as Executor for the Estate of James E. Hunter, Jennifer Flannery as Administrator for the Estate of Robert F. Arnet, Jennifer Flannery as Administrator for the Estate of Frank C. Deubell, Jennifer Flannery as Administrator for the Estate of Leo J. Donovan, Jennifer Flannery as Administrator for the Estate of Francis M. Manista, and Dawn Dirienzo as Executor for the Estate of Paul R. Delano.

action. Consistent with that agreement, the matter is presently before the Court on Plaintiffs' motion to dismiss their claims against the City Defendants. *Boyd*, ECF No. 204; *Walker*, ECF No. 198.

For the reasons discussed below, Plaintiffs' motion is GRANTED, and Counts I, II, III, VI, VIII, and IX of Plaintiffs' Amended Complaint [ECF No. 78] are dismissed.[2] Nevertheless, the dismissal of Plaintiffs' claims against the City Defendants does not operate to dismiss the County's cross-claim [ECF No. 82], and the City Defendants remain subject to the Court's jurisdiction.

## BACKGROUND

On December 5, 2024, Plaintiffs filed a stipulation of dismissal of all claims against the City Defendants. *Boyd*, ECF No. 201; *Walker*, ECF No. 195. The three central provisions of the stipulation stated:

1. Plaintiffs' claims against the City Defendants (Counts 1–6, 8 and 9 of the Amended Complaint) are dismissed with prejudice.

2. Plaintiffs are continuing to pursue their claims in the above-captioned actions against [the County]. Nothing in the stipulation is to be construed as a dismissal of (or impact in any way) Plaintiffs' claims against the County, which remain pending.

3. This Court shall retain jurisdiction over these actions for, among other reasons, enforcing the terms of the settlement agreement reaching between Plaintiffs and the City.

*Boyd*, ECF No. 201, p. 2; *Walker*, ECF No. 195, p. 2.

That same day, counsel for Plaintiffs, Joel Rudin, alerted the Court by email that the County had informed him that it objected to Plaintiffs' settlement with the

---

[2] Plaintiffs also request the dismissal of Counts IV and V of the Amended Complaint, but the parties already stipulated to the dismissal of those claims in May 2024, and Judge Vilardo dismissed them with prejudice. *Boyd*, ECF No. 160; *Walker*, ECF No. 158.

City Defendants. The County responded to Mr. Rudin's email, noting that Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The County then proceeded to identify two issues that it was particularly concerned with: (1) the apportionment of liability between the County and the City Defendants, and (2) whether Plaintiffs should file an amended complaint to reflect the actual remaining issues in the case before trial.

The Court directed the parties to appear for a conference on December 10, 2024. *Boyd*, ECF No. 202; *Walker*, ECF No. 196. At the conference, the Court clarified that it could not approve the stipulation of dismissal under Fed. R. Civ. P. 41(a)(1), because the City and County had already filed motions for summary judgment, and all parties who have appeared in the case had not signed the stipulation. Accordingly, the Court directed Plaintiffs to file a motion to dismiss their claims under Fed. R. Civ. P. 41(a)(2), and set forth an expedited briefing schedule. *Boyd*, ECF No. 203; *Walker*, ECF No. 197.

Plaintiffs filed their motion to dismiss on December 12, 2024, asking the Court to enter the stipulation and proposed order that they had already submitted. *Boyd*, ECF No. 204; *Walker*, ECF No. 198. In response, the County argued that "[t]he Court should not grant the Plaintiffs' motion without permitting the County to amend its answers to include the following affirmative defenses: 1) setoff; 2) N.Y. Gen. Oblig. Law § 15–108; 3) Apportionment of Liability; and 4) N.Y. C.P.L.R. § 1601." *Boyd,* ECF No. 208-1 at 3; *Walker,* ECF No. 202-1 at 3.

4

## LEGAL STANDARD

Rule 41(a) of the Federal Rules of Civil Procedure governs the voluntary dismissal of actions. Rule 41(a)(1) provides that a plaintiff can voluntarily dismiss an action without a court order if he either: (i) files the notice of dismissal before the opposing party files an answer or motion for summary judgment, or (ii) files a stipulation signed by all parties who have appeared in the case. Rule 41(a)(2) provides that if neither of the conditions from Rule 41(a)(1) applies, then the plaintiff must ask the Court for an order dismissing the case and that the Court may grant the motion on "terms [it] considers proper."

"The grant or denial of a dismissal on motion under Rule 41(a)(2)[3] is within the sound discretion of the trial court." *McCombs v. M&T Bank Corp.*, 335 F.R.D. 41, 43 (W.D.N.Y. 2020) (citiation omitted). Where, as here, a plaintiff seeks dismissal with prejudice, the Court's discretion is more limited than if the plaintiff seeks

---

[3] There is some debate in the Second Circuit as to whether Rule 41(a) "has application to dismissal of a claim rather than [the entire] action." *Baksh v. Captain*, No. 99-CV-1806 (ILG), 2000 WL 33177209, *2 (S.D.N.Y. Dec. 11, 2000) (citing *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir 1953)). *Harvey Aluminum* suggested, instead, that Rule 21 was more appropriate to dismissal of a single defendant in a multi-defendant suit. *Id.* "Rule 21 permits a court to add or drop parties to an action when doing so would serve the ends of justice and further the prompt and efficient disposition of the litigation." *Boans v. Town of Cheektowaga*, No. 09-CV-37A, 2009 WL 2378683, at *2 (W.D.N.Y. Aug. 3, 2009) (citations omitted). Alternatively, the Second Circuit has observed that "it is clear that a district court may permit withdrawal of a claim under Rule 15, subject to the same standard of review as a withdrawal under Rule 41(a)." *Boans*, 2009 WL 2378683, at *2 (quoting *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 n. 4 (2d Cir. 1985)). Rule 15(a) states that leave to amend should be granted "when justice so requires," and denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party. *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Yet whether the motion is based on Rule 15(a), Rule 21 or Rule 41(a)(2), it "is addressed to the sound discretion of the court . . . and therefore requires consideration of the interests of all parties to the action . . . ." *Moll v. S. Charters, Inc.*, 81 F.R.D. 77, 81 (E.D.N.Y. 1979) (citations omitted). Further, despite the debate as to the appropriate rule, "courts in this Circuit now widely apply the majority rule, which holds that Rule 41 allows a plaintiff to dismiss individual parties without dismissing the entire case." *Jenkins v. Miller*, No. 2:12-CV-184, 2023 WL 3000637, at *2 (D. Vt. Apr. 19, 2023) (collecting cases).

dismissal without prejudice. *See, e.g., GFE Global Fin. & Engineering Ltd. v. ECI Ltd. (USA), Inc.*, 291 F.R.D. 31, 36 (E.D.N.Y. 2013) (discussing "two tests . . . in the Second Circuit for determining whether dismissal without prejudice would be inappropriate").

Indeed, some district courts have taken the view that a request for dismissal with prejudice *must* be granted, on the grounds that "such a dismissal is a complete adjudication of the claims and a bar to a further action on them between the parties, . . . [and] the district court has no discretion to . . . force an unwilling plaintiff to go to trial." *Bynum v. Maplebear Inc.*, 209 F. Supp. 3d 528, 535–36 (E.D.N.Y. 2016) (quoting 9 Wright & Miller, Fed. Prac. & Proc. Civ. § 2364 (3d ed.) (footnotes omitted)). Other district courts, however, have taken a broader view, finding that "a voluntary dismissal [with prejudice] may, at the discretion of the trial court, be granted if prejudice will not result to the other party." *Sec. & Exch. Comm'n v. Am. Bd. of Trade, Inc.*, 750 F. Supp. 100, 105 (S.D.N.Y. 1990).

The Court finds the latter view more appropriate in the present case, where the County has asserted cross-claims against the City Defendants. Nevertheless, as Plaintiffs point out, the Court's discretion in this instance "does not authorize [it] to pass on the 'propriety' of" a settlement leading to dismissal of a complaint, but only "to ascertain whether any non-settling party will suffer 'legal prejudice' if the case is dismissed . . . ." *In re New York City Policing During Summer 2020 Demonstrations*, No. 20-CV-8924 (CM)(GWG), 2024 WL 476367, at *7 (S.D.N.Y. Feb. 7, 2024) (citing *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006)).

6

## DISCUSSION

Plaintiffs ask the Court to grant its motion to dismiss its claims against the City Defendants, and maintain that the County lacks standing to object because it will not be prejudiced by the dismissal. *Boyd,* ECF No. 204-1; *Walker,* ECF No. 198-1. In response, the County seems to argue that it will suffer legal prejudice if the City Defendants are dismissed without first granting the County's cross-motion to amend its answer. *Boyd*, ECF No. 208-1; *Walker*, ECF No. 202-1. After a review of the record and the parties' papers, the Court finds suitable grounds for granting Plaintiffs' motion to dismiss Counts I, II, III, VI, VIII, and IX with prejudice.

At the outset, the Court notes that despite Plaintiffs' request that it dismiss Counts IV and V[4] of Plaintiffs' amended complaint, those Counts have already been dismissed by the parties. On May 23, 2024, all parties to this action signed a stipulation to dismiss Counts IV and V with prejudice. *Boyd*, ECF No. 156; *Walker*, ECF No. 154. Judge Vilardo issued a text order on May 29, 2024, ordering dismissal of those counts. *Boyd*, ECF No. 160; *Walker*, ECF No. 158. Accordingly, Counts IV and V have already been dismissed without need of further action by the Court.

With respect to the other requests in Plaintiffs' motion, the Court finds that the County is not prejudiced by the dismissal of Counts I, II, III, VI, VIII, and IX against the City Defendants. "[I]t is settled that the voluntary dismissal of an action as against fewer than all defendants will not operate to dismiss previously asserted cross-claims against those defendants, who remain subject to the court's jurisdiction

---

[4] Counts IV and IV involve "Russo" and "Brady" claims against the individual BPD detectives or their estates. ECF No. 78, ¶450–65.

for purposes of those and any other cross-claims that might subsequently be filed." *Moll*, 81 F.R.D. at 80–81 (citing *Slotkin v. Brookdale Hospital Center*, 377 F. Supp. 275, 277-78 (1974)). That is, the dismissal with prejudice of a plaintiff's action against one defendant does not operate to dismiss the cross-claim asserted by another defendant against the "dismissed" defendant. *Lipford v. New York Life Ins. Co.*, No. 02 CIV. 0092 (LTSHBP, 2003 WL 21313193, at *3 (S.D.N.Y. June 9, 2003) (also discussing *Slotkin*, 377 F. Supp. at 277–78). Consequently, the Court retains jurisdiction in the present matter over the "dismissed" City Defendants by virtue of the County's cross-claim. *See Shaps v. D.F.D.S.*, No. 83 CIV. 8091 (CBM), 1985 WL 269, at *3 (S.D.N.Y. Feb. 13, 1983) ("A cross-claim, once properly made, does not cease to be proper because the defendant to whom they were addressed ceased to be a co-defendant.").

The Court is not persuaded by the County's implication that it will be prejudiced if the Court grants Plaintiffs' motion to dismiss before the County amends its answers to include the affirmative defenses listed above. *See supra* at 5. If Plaintiffs' motion to dismiss is granted, the Court retains jurisdiction over the City Defendants by virtue of the County's cross-claim, the City Defendants remain parties in this action, and the County is not precluded from amending its answer prior to trial if leave of the Court is granted pursuant to Rule 15 of the Federal Rules of Civil Procedure. *Slotkin*, 377 F. Supp. at 278. By contrast, Plaintiffs and the City Defendants would be prejudiced by holding Plaintiffs' motion in abeyance in order to consider the merits of the County's cross-motion to amend, as the potential delay

would jeopardize a material term of the parties' settlement agreement. *See, e.g.*, ECF No. 198-1 at 6 (stating that "payment of the majority of the settlement amount by December 31, 2024" is a material term of their settlement agreement with the City Defendants).

Lastly, the Court construes Plaintiffs' request that the Court adopt the previously-filed stipulation as a request that Court retain jurisdiction to enforce the settlement agreement between Plaintiffs and the City Defendants. A district court does not "automatically retain jurisdiction to hear a motion to enforce a settlement agreement simply by virtue of having disposed of the original case." *Crispin v. Rodriguez*, No. 21-883, 2023 WL 1113536, at *2 (2d Cir. Jan. 31, 2023) (summary order) (quoting *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015)). Rather, motions to enforce settlement agreements require a separate "basis for jurisdiction," which exists where a district court's order of dismissal either "(1) expressly retain[s] jurisdiction over the settlement agreement, or (2) incorporate[s] the terms of the settlement agreement in the order." *Id.* Absent the Court's express retention of jurisdiction over the settlement agreement, enforcement of the agreement is for state courts unless there is some independent basis for federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994).

In the present case, the Court has not been made privy to all of the terms of the settlement agreement between Plaintiffs and the City Defendants. Nevertheless, the Court agrees to retain jurisdiction over that agreement until its terms have been fully executed.

## CONCLUSION

For the reasons discussed above, Plaintiffs' motion to dismiss their remaining claims against the City Defendants [*Boyd*, ECF No. 204; *Walker,* ECF No. 198] is GRANTED. However, City Defendants remain parties to this action by virtue of the County's cross-claim.

IT IS HEREBY ORDERED that Counts I, II, III, VI, VIII, and IX of Plaintiffs' Amended Complaint [ECF No. 78] are dismissed; and it is further

ORDERED that the Court shall retain jurisdiction over the settlement agreement between Plaintiffs and the City Defendants until its terms are fully executed.

A separate scheduling order for the County's cross-motion to amend [*Boyd*, ECF No. 208; *Walker*, ECF No. 202] shall be issued in due course.

SO ORDERED.

Dated:    December 19, 2024
          Rochester, New York

                                           _____
                                           HON. MEREDITH A. VACCA
                                           UNITED STATES DISTRICT JUDGE