UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARRYL BOYD,

Plaintiff, Civil Action No. 22-cv-519

v.

COUNTY OF ERIE, et al.,

Defendants.

---

JOHN WALKER, JR.

Plaintiff, Civil Action No. 22-cv-520

v.

COUNTY OF ERIE, et al.,

Defendants.

---

**DECLARATION**

JENNIFER C. PERSICO, ESQ., under penalty of perjury, hereby declares the following:

1. I am an attorney at law duly licensed to practice in the State of New York and before this Court. I am a partner with the law firm, Lippes Mathias LLP, attorneys for Defendant County of Erie (the "County") in this matter, and as such, I am fully familiar with the facts concerning the above-captioned actions.

2. I make this declaration in support of the County's Motion *in Limine* to: (i) entirely preclude the testimony Christopher Puckett; (ii) preclude expert testimony that preempts direct testimony concerning the underlying events at issue; (iii) preclude expert testimony that speculates as to the County's intent; (iv) preclude expert testimony that opines as to ultimate issues and/or

legal conclusions; (v) preclude Plaintiffs' attempts to designate portions of Kevin Gagan's deposition testimony.

FACTUAL BACKGROUND

3. On February 26, 2024, Plaintiffs disclosed Mr. Puckett as an expert pursuant to Fed. R. Civ. P. 26(a)(2) with his expert report dated February 23, 2024. Plaintiffs retained Mr. Puckett as an expert witness to conduct time/distance analyses of the three scenarios testified to by Tyrone Woodruff at the Plaintiffs 1977 trials for the death of William Crawford. A true and accurate copy of Mr. Puckett's report is attached hereto as **Exhibit A**.

4. On April 19, 2024, Mr. Puckett sat for a deposition pursuant to Fed. R. Civ. P. 26(b)(4)(A). A true and accurate copy of the transcript from Mr. Puckett's deposition is attached hereto as **Exhibit B**.

5. On February 29, 2024, Plaintiffs disclosed Dr. Sanford Drob as an expert pursuant to Fed. R. Civ. P. 26(a)(2) with his expert report(s) dated February 28, 2024. A true and accurate copy of Dr. Drob's reports are attached hereto as **Exhibit C**.

6. On March 1, 2024, Plaintiffs disclosed Professor Steven Zeidman as an expert pursuant to Fed. R. Civ. P. 26(a)(2) with his expert report dated March 1, 2024. A true and accurate copy of Professor Zeidman's report is attached hereto as **Exhibit D**.

7. The County retained Professor Kevin Gagan as an expert witness for these actions pursuant to Fed. R. Civ. P. 26(a)(2) and disclosed a copy of Mr. Gagan's expert report to Plaintiffs. A true and accurate copy of Mr. Gagan's report is attached hereto as **Exhibit E**.

8. In accordance with the Court's pretrial order (Dkt.'s 206, 214), the parties exchanged preliminary pretrial disclosures on January 29, 2025. A true and accurate copy of

Plaintiffs' preliminary pretrial disclosures ("Plaintiffs' Preliminary Disclosures") sent to counsel for the County is attached hereto as **Exhibit F**.

9. The County sent a response to Plaintiffs' Preliminary disclosures in connection with good faith efforts to address the County's objections. A true and accurate copy of the County's Response to Plaintiffs' Preliminary Disclosures is attached hereto as **Exhibit G**.

10. Plaintiffs' Preliminary Disclosures designates several portions of Mr. Gagan's deposition testimony. Ex. F pp. 6-7. Mr. Gagan sat for a deposition on April 29, 2024, in his capacity as an expert witness. Upon receipt of the Plaintiffs' Preliminary Disclosures, the County objected to the designations of Mr. Gagan's deposition testimony and requested the basis for same. Ex. G p. 12.

11. Counsel for all parties held a meet and confer on February 7, 2025 (the "Meet and Confer"). During the Meet and Confer, Counsel for the County inquired to Plaintiffs' counsel about the designated portions of Mr. Gagan's deposition for their case-in-chief. Plaintiffs' counsel advised said designations were appropriate since Mr. Gagan's testimony constituted "party admissions" by the County. In reply, County counsel noted their disagreement and intention to file the instant motion absent resolution of the issue.

## RELIEF SOUGHT

12. For the reasons offered in the accompanying memorandum of law the Court should County's Motion *in Limine* to: (i) entirely preclude the testimony Christopher Puckett; (ii) preclude expert testimony that preempts direct testimony concerning the underlying events at issue; (iii) preclude expert testimony that speculates as to the County's intent; (iv) preclude expert testimony that opines as to ultimate issues and/or legal conclusions; (v) preclude Plaintiffs' attempts to designate portions of Kevin Gagan's deposition testimony; and (vi) along with such other and

further relief the Court deems just and proper.

Dated: February 10, 2025
Buffalo, New York

**LIPPES MATHIAS LLP**

By: *s/Jennifer C. Persico*
Jennifer C. Persico, Esq.