UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARRYL BOYD, </br></br> Plaintiff, </br></br> - against - </br></br> THE COUNTY OF ERIE, </br></br> Defendant. | Case No. 1:22-cv-519 </br></br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUBSTITUTION OF PLAINTIFF** |

**INTRODUCTION**

Darryl Boyd spent the final year and a half of his life battling pancreatic cancer in the hope that he would have his day in court to tell the story of his wrongful conviction and 28 years of incarceration, as well as to obtain some measure of the justice he was denied as a youth. Tragically, Mr. Boyd did not live to see his trial, passing less than two weeks before its scheduled start date. Nevertheless, his estate and other loved ones remain as determined as he was to see his fight through and have his long-awaited trial. Trial is now scheduled to begin in this action on June 9, 2025. *See* Dkt. 297.

The executor of Mr. Boyd's estate, Kathleen Weppner, was Mr. Boyd's close confidant for the last 14 years of his life and was responsible for Mr. Boyd's health and affairs during his final years battling cancer. On February 28, 2025, two days after Mr. Boyd's death, the undersigned filed a motion to substitute Ms. Weppner as Plaintiff in her capacity as the executor named in Mr. Boyd's will. *See* Dkt. 290. Defendant Erie County filed an opposition on March 2, 2025. *See* Dkt. 294. On March 7, 2025, this Court denied the Motion to Substitute without prejudice for the motion to be "refiled by the appropriate representative." Dkt. 299.

Erie County Surrogate's Court has since issued full letters testamentary to Ms. Weppner appointing her personal representative of the Estate of Darryl Boyd. *See* Decl. of David Rudin,

1

dated Apr. 11, 2025 (the "Rudin Decl."), Exs. 1–3.  Ms. Weppner then formally retained this law firm as her attorney for the purpose of pursuing this action on behalf of the Estate that she represents.  As personal representative of Mr. Boyd's estate, Ms. Weppner is a proper party for substitution under New York law, and 90 days have not passed since the filing of a Suggestion of Death on February 28, 2025.  Ms. Weppner's motion should be granted.

## ARGUMENT

Rule 25 provides that "[i]if a party dies and the claim is not extinguished, the court may order substitution of the proper party."  Fed. R. Civ. P. 25(a)(1).  To substitute a party, (1) the motion must be made "within 90 days after service of a statement noting the death," (2) the party sought to be substituted for the decedent must be a "proper party," and (3) the "claim is not extinguished."  *Id.*  "A motion for substitution may be made by any party or by the decedent's successor or representative."  *Id.*

This motion satisfies the requirements of Rule 25.  As for the first prong, undersigned counsel filed, and served upon the County, a statement of death on February 28, 2025.  *See* Dkt. 289.

The second prong is met as well.  Ms. Weppner, in her capacity as personal representative of Mr. Boyd's estate, is a proper party for substitution.  "It is well established that a proper party under Rule 25 is either a representative of the decedent's estate or the successor of the deceased."  *Sharp v. Ally Fin., Inc.*, 328 F. Supp. 3d 81, 103 (W.D.N.Y. 2018) (Wolford, J.).  "Whether a person is a proper 'successor or representative' of the decedent is determined by New York law."  *Id.* (citation omitted).  "To qualify as the representative of the decedent's estate under New York law, the individual seeking substitution must have received letters to administer the estate of the decedent."  *Id.*  Under New York law, "a personal representative is a person who

2

has received letters to administer the estate of a decedent." N.Y. Est. Powers and Trusts § 1-2.13.

Here, Ms. Weppner includes with the instant motion full letters testamentary appointing her as the personal representative of Mr. Boyd's estate, the Surrogate's Court decree granting probate and appointing Ms. Weppner as executor of Mr. Boyd's estate, and a certificate of Ms. Weppner's receipt of full letters testamentary. *See* Rudin Decl., Exs. 1-3. Thus, Ms. Weppner is a "proper party" for substitution under Rule 25. *See Sharp*, 328 F. Supp. 3d at 103 (letters of administration established the substitute plaintiff as a proper party for substitution); *Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 138 (E.D.N.Y. 2012) (same). As noted above, this law firm may act on Ms. Weppner's behalf in this action, as she has retained us for that purpose.

The third prong is met as well. A section 1983 cause of action survives for the benefit of a plaintiff's estate if applicable state law creates a right of survival. *See Johnson v. Morgenthau*, 160 F.3d 897, 898 (2d Cir. 1998). Under New York law, a section 1983 claim survives a party's death." *Johnson*, 160 F.3d at 898 (citing N.Y. Est. Powers & Trusts § 11-3.2(b)).

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that the Court issue an Order substituting Kathleen Weppner, as Executor of the Estate of Darryl Boyd, in place of decedent Plaintiff Darryl Boyd.

Dated: April 14, 2025           Respectfully submitted,

**LAW OFFICES OF JOEL B. RUDIN, P.C.**
By: /s/ Joel B. Rudin
Joel B. Rudin
David E. Rudin
Carnegie Hall Tower
152 West 57th Street, 8th Floor
New York, New York 10019
(212) 752-7600
*jbrudin@rudinlaw.com*

**HOOVER & DURLAND LLP**
By:  /s/ Timothy W. Hoover
Timothy W. Hoover
Spencer L. Durland
561 Franklin Street
Buffalo, New York 14202
(716) 800-2600
*sdurland@hooverdurland.com*

*Attorneys for Kathleen Weppner, as Executor of the Estate of Darryl Boyd*