UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARRYL BOYD,

              Plaintiff,                            Civil Action No. 22-cv-519

     v.

COUNTY OF ERIE, et al.,

              Defendants.

_____


**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
COUNTY OF ERIE'S MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO THE
CENTRAL PARK FIVE</u>**


                                      **LIPPES MATHIAS LLP**
James P. Blenk, Esq.
Kirstie A. Means, Esq.
Thomas R. Southard, Esq.
Harrison L. Hartsough, Esq.
*Attorneys for Defendant, County of Erie*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
(716) 853-5100
jblenk@lippes.com
kmeans@lippes.com
tsouthard@lippes.com
hhartsough@lippes.com

## INTRODUCTION

Defendant County of Erie (the "County") submits this Memorandum of Law in support of its motion *in limine* to preclude testimony, evidence, argument or comment referencing the Central Park Five or any other nationally publicized instance of alleged police and/or prosecutorial misconduct, on the grounds such references are irrelevant to the issues, overly prejudicial, and would tend to confuse the jury about the facts of the case and applicable law.

## ARGUMENT

Fed. R. Evid. 403 permits courts to "exclude [any] relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Unfair prejudice "may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant." *United States v. Quattrone*, 441 F.3d 153, 186 (2d Cir. 2006) (citation omitted). To warrant excluding evidence under this rule, "[t]he prejudice must be unfair in the sense that it could unduly inflame the passion of the jury, confuse the issues before the jury, or inappropriately lead the jury to convict on the basis of conduct not at issue in the trial." *Id.*

Plaintiff should be precluded from offering testimony, evidence, argument or comment referencing the Central Park Five or any other nationally publicized instance of alleged police and/or prosecutorial misconduct, on the grounds such references are irrelevant to the issues, overly prejudicial, and would tend to confuse the jury about the facts of the case and applicable law. *See Bermudez v. City of New York*, 2019 WL 136633, at *9 (E.D.N.Y. Jan. 8, 2019) ("[E]vidence concerning police misconduct in general . . . risks confusion and prejudice under Rule 403, leading the jury to find that *these defendants* acted in conformity with the alleged misconduct of other

1

officers."); *Gogol v. City of New York*, 2018 WL 4616047, at *6 (S.D.N.Y. Sept. 26, 2018) (precluding references to "unrelated instances of police misconduct or lawsuits against the police, including those reported in the news media[,]" as "irrelevant to the task before the jury" and "prejudicial").

## <u>CONCLUSION</u>

For the foregoing reasons this Court should grant the County's motion *in limine* and preclude Plaintiff from referencing the Central Park Five or any other nationally publicized instance of alleged police and/or prosecutorial misconduct, along with any such other and further relief this Court deems just and proper.

Dated: September 22, 2025
      Buffalo, New York

                        **LIPPES MATHIAS LLP**

                        *s/Kirstie A. Means*
                        James P. Blenk, Esq.
                        Kirstie A. Means, Esq.
                        Thomas R. Southard, Esq.
                        Harrison L. Hartsough, Esq.
                        *Attorneys for Defendant County of Erie*