UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ESTATE OF DARRYL BOYD,<br><br>                     Plaintiff,<br><br>         - against -<br><br>THE COUNTY OF ERIE,<br><br>                     Defendant. | **Case No. 1:22-cv-519** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO ADMIT A PARTY ADMISSION MADE BY DISTRICT ATTORNEY JOHN FLYNN**

## INTRODUCTION

Prior to John Walker's trial, Defendant County of Erie (the "County") moved to preclude statements that then Erie County District Attorney John Flynn made at a press conference held on August 18, 2021. In the course of his remarks, Flynn conceded that the 1977 criminal case against John Walker and Darryl Boyd was weak (the "Weak-Case Statement"). The Court denied the County's motion and admitted the Weak-Case Statement as a party admission relevant to the issue of materiality—an element of Walker's *Brady* and summation-misconduct claims. The Weak-Case Statement is admissible at the upcoming trial for the same reasons. The Court should issue an *in limine* ruling to that effect.

## STATEMENT OF FACTS

In 2021, John Walker and Darryl Boyd moved to vacate their convictions under New York Criminal Procedure Law § 440, arguing that photographs of footprints in the snow leading from victim William Crawford's backyard toward suspect Larry Watson's backyard were not produced to their trial attorneys, but were produced to James McLeod, attorney for co-defendant Floyd Martin, who used them to secure Martin's acquittal in a separate, and later-tried, criminal case. *Walker,* Dkt. 230-3 at 1–6. On August 18, 2021, the Honorable Christopher J. Burns issued a decision (the "440 Decision") granting Boyd and Walker's motion and vacating their convictions.

That same day, Erie County District Attorney John Flynn held a press conference, where he announced that he would not appeal the 440 Decision or retry Boyd and Walker. In explaining his decision, Flynn commented on the frailty of the evidence introduced at Boyd's and Walker's 1977 trials:

> FLYNN: Even when I believe quite frankly, in my heart of hearts, that this was a weak case, quite frankly. This wasn't the strongest case 45 years ago. I'll concede that, alright. I'll concede it wasn't the greatest case. [REDACTED.] He had one of the five guys there flip who got off scot-free, and didn't get prosecuted at all, and

1

testified against the other four. Listen here, not the greatest evidence in the world. There's no DNA evidence. It wasn't the greatest case.[1]

Prior to the Walker trial, the Court denied the County's motion to preclude the Weak-Case Statement, holding that the statement is a party admission, and therefore not hearsay under Federal Rules of Evidence 801(d)(2)(C) and 801(d)(2)(D), and that it is relevant to the issue of materiality. *Walker*, Dkt. 307 at 34 & n.6, 40. This ruling was plainly correct and should be adopted for the Boyd Estate trial as well.

## ARGUMENT

The County's prior motion *in limine* asserted, without a word of explanation, that the Weak-Case Statement is "inadmissible hearsay." *Boyd*, Dkt. 230-1 at 4, 5. That is incorrect. Statements "offered against an opposing party" are not hearsay if they were made by a person the opposing party authorized to speak on the subject, *see* Fed. R. Evid. 801(d)(2)(C), or were made by the opposing party's agent or employee acting within the scope of the relationship, *see* Fed. R. Evid. 801(d)(2)(D). As this Court previously found, Flynn was clearly authorized to speak on behalf of the County at his August 18, 2021, press conference, and in doing so he was addressing a matter within the scope of his professional duties. His remarks are therefore party admissions when offered by the Boyd Estate. *See Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 537–38 (2d Cir. 1992) (reversible error to exclude party admission).

Relatedly, while the County previously argued that the Weak-Case Statement is "improper opinion testimony" because Flynn "has no firsthand knowledge" of the 1977 prosecutions, *Boyd*, Dkt. 230-1 at 4, the Court correctly held that such objections do not apply to party admissions.

---

[1] In the portion of the statement that we have marked "REDACTED," Flynn states: "I'll concede he had a couple of jailhouse snitches." We propose excising this line because it alludes to witnesses who testified in the Darryn Gibson and John Walker criminal trials, but not in Darryl Boyd's trial. No jailhouse informant testified against Darryl Boyd.

2

*Walker*, Dkt. 307 at 34; *see also* Advisory Committee's Note to Fed. R. Evid. 801(d)(2) (admissions are not subject to "the restrictive influences of the opinion rule and the rule requiring firsthand knowledge"); *Pappas*, 963 F.2d at 537 (admissions are not subject to many of the "prerequisites of other evidentiary rules—such as, for example, trustworthiness and personal knowledge"); *Pekelis v. Transcon. & W. Air, Inc.*, 187 F.2d 122, 129 (2d Cir. 1951) ("The Opinion Rule does not limit the use of a party's admissions" (cleaned up)).[2]

The County's prior motion *in limine* also contended that Flynn's remarks are irrelevant because they "relate to trying the case criminally, not civilly, conflate the potential strength of trying the matter today versus several decades ago, and have no bearing on this civil lawsuit." *Boyd,* Dkt. 230-1 at 4. But the Weak-Case Statement self-evidently relates to the strength of the case brought *in 1977* ("This wasn't the strongest case *45 years ago.*"). Thus, as the Court previously held, the Weak-Case Statement "is plainly relevant to at least the issue of materiality," *Walker*, Dkt. 307 at 38, which is an element of both the *Brady* and summation-misconduct claims, *see Poventud v. City of New York*, 750 F.3d 121, 133–35 (2d Cir. 2014) (en banc); *Bellamy v. City of New York*, 914 F.3d 727, 751, 762 (2d Cir. 2019).[3] As the Court correctly put it, Flynn's admission regarding the weakness of the case mustered in 1977 helps the jury "to determine, for

---

[2] *See also Jordan v. Binns*, 712 F.3d 1123, 1128 (7th Cir. 2013) (party admissions "are not subject to the personal-knowledge requirement of FRE 602 . . . or the restrictions of the opinion rule of FRE 701"); *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 667 (10th Cir. 2006) ("[A]n admission of a party opponent may be introduced in evidence even though the declarant lacked personal knowledge of the matter asserted."); *L.A. Int'l Corp. v. Prestige Brands Holdings, Inc.*, 2023 WL 8896249, at *5 (C.D. Cal. Nov. 14, 2023) ("[B]ecause these statements constitute party admissions, the personal knowledge requirements under Rules 602 and 701 do not apply.").

[3] Because the *Brady* and summation-misconduct claims require jurors to evaluate the strength of the criminal case marshaled against Boyd in 1977, the fact that Flynn's statements "relate to trying the case criminally, not civilly," *Boyd,* Dkt. 230-1 at 4, makes his admissions more relevant, not less.

3

example, whether any withheld *Brady* materials undermine[] confidence in [the] original guilty verdict." *Walker*, Dkt 307 at 39.

The County's prior motion *in limine* further contended—again without a word of explanation—that the Weak-Case Statement is "unduly prejudicial" and "risk[s] confusing the issues and/or the jury." *Boyd,* Dkt. 230-1 at 4 (citing Fed. R. Evid. 403). The Court properly rejected this argument as well. *Walker*, Dkt. 307 at 38.

Confusion is not a danger for the reason given above: the Weak-Case Statement goes directly to materiality. Nor is there any danger of unfair prejudice. When Rule 403 uses the term "unfair prejudice," it "'means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting Advisory Committee's Notes on Fed. Rule Evid. 403). There is nothing inflammatory in Flynn's admission; nothing to elicit strong emotional reactions from jurors; nothing that gratuitously denigrates or embarrasses the County. The Weak-Case Statement simply addresses an issue highly relevant to the Boyd Estate's claims. Granted, his concession seriously undermines the County's case on materiality. But that is not *unfair* prejudice. *See, e.g.*, *United States v. Watson*, 2024 WL 4455773, at *3 n.3 (E.D.N.Y. May 31, 2024) ("[T]his objection describes prejudice only in the sense that all damaging evidence is prejudicial; it does not describe *unfair* prejudice.").

4

## **CONCLUSION**

The Court should issue an *in limine* ruling holding that the Weak-Case Statement is admissible in the Boyd Estate's case-in-chief.

Dated:        September 22, 2025            Respectfully submitted,

**LAW OFFICES OF JOEL B. RUDIN, P.C.**
By: /s/ Joel B. Rudin
Joel B. Rudin
David E. Rudin
Partha Sharma
Carnegie Hall Tower
152 West 57th Street, 8th Floor
New York, New York 10019
(212) 752-7600
*jbrudin@rudinlaw.com*

**WILMER CUTLER PICKERING HALE AND DORR LLP**
By: /s/ Ross E. Firsenbaum
Ross E. Firsenbaum
Gideon A. Hanft
Phoebe Silos
Erin Hughes
Trena Riley
Melissa Zubizarreta
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8800
*ross.firsenbaum@wilmerhale.com*

**HOOVER & DURLAND LLP**
By:  /s/ Spencer L. Durland
Timothy W. Hoover
Spencer L. Durland
561 Franklin Street
Buffalo, New York 14202
(716) 800-2600
*sdurland@hooverdurland.com*

5

*Attorneys for Plaintiff Estate of Darryl Boyd*