UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESTATE OF DARRYL BOYD, | ) ) ) |
| Plaintiff, | ) ) **Case No. 1:22-cv-519** |
| - against - | ) ) ) |
| THE COUNTY OF ERIE, | ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR AN *IN LIMINE* ORDER PRECLUDING DEFENDANT FROM REFERENCING THE IMPACT OF ANY JUDGMENT ON TAXPAYERS**

## INTRODUCTION

Plaintiff the Estate of Darryl Boyd (the "Boyd Estate") will ask the jury to award substantial damages arising from, among other injuries, Mr. Boyd's multi-decade wrongful imprisonment and loss of liberty. The Boyd Estate seeks an order barring Defendant County of Erie (the "County") from making any references at trial to the fact or possibility that all or part of any damages awarded to the Boyd Estate may be paid by taxpayers. The identity of who may pay a judgment entered for the Boyd Estate is not relevant to any element of the Boyd Estate's claims against the County or to the damages Mr. Boyd suffered because of the County's violations of his constitutional rights. And any such reference would prejudice the Boyd Estate by encouraging the jurors to render a verdict based on their pecuniary interests as taxpayers, or their sympathies with fellow taxpayers, rather than the evidence admitted at trial.

This motion was previously made on behalf of both Darryl Boyd and John Walker, Jr., on February 10, 2025. Mot. *in Limine*, *Boyd v. County of Erie*, No. 1:22-cv-519, Dkt. 235-14; Mot. *in Limine*, *Walker v. County of Erie*, No. 1:22-cv-520, Dkt. 230-14. The County indicated that it did not oppose this motion. *Boyd*, ECF No. 277. At the pretrial conference held on March 3, 2025, Walker requested that no jury instructions be delivered regarding this issue. The County made no objection. *Walker*, Mar. 3 Pretrial Conference Tr. at 52:24–53:18. The Court granted Mr. Walker's unopposed requests. *Walker*, Dkt. 307 at 10–11.

On May 19, 2025, the Court denied all of the Boyd Estate's pending motions *in limine* as moot, consistent with its Amended Pretrial Order. *Boyd*, Dkt. 306. The Boyd Estate therefore renews its unopposed motion for the same relief issued in *Walker*.

## ARGUMENT

The County should be precluded from saying or suggesting that damages awarded to the Boyd Estate would be paid by taxpayers. First, the identity of who may pay any judgment entered

1

for the Boyd Estate is not relevant to any element of the Boyd Estate's claims against the County or the damages Mr. Boyd suffered because of the County's violation of his constitutional rights. The jury hearing this case should assess damages based on the injuries and losses Mr. Boyd suffered, not on who will ultimately pay the damages awarded.

Moreover, appealing to the jurors' pecuniary interest as taxpayers, or their sympathies with fellow taxpayers, is an improper "golden rule" argument that asks jurors to place themselves in the position of a party. Such arguments are "universally condemned" because they "encourage[] the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Lovett ex rel. Lovett v. Union Pac. R.R.*, 201 F.3d 1074, 1083 (8th Cir. 2000) (cleaned up); *see also Barrella v. Vill. of Freeport*, 714 F. App'x 78, 80 (2d Cir. 2018) (affirming that "golden rule" arguments are prohibited in the context of damages); *Marcoux v. Farm Serv. & Supplies, Inc.*, 290 F. Supp. 2d 457, 463 (S.D.N.Y. 2003); *United States v. D'Anna*, 450 F.2d 1201, 1206 (2d Cir. 1971) (finding that a prosecutor asking jurors to consider the fact that they carry an additional burden when someone does not pay his taxes was "improper"); *United States v. Lotsch*, 102 F.2d 35, 37 (2d Cir. 1939) (finding a prosecutor's statement that money lent to borrowers "came out of the jurors' pockets [was] plainly an improper remark"). As such, arguments appealing to jurors' pecuniary interests, or asserting that damages would be paid by taxpayers, are "inappropriate," "patently improper," and "universally viewed as improper," *United States v. Palma*, 473 F.3d 899, 901-902 (8th Cir. 2007), because they "would place the jurors, as taxpayers themselves, even if they are not taxpayers of the [municipal entity being sued], in the position of considering their personal interest," *United States v. Ahmed*, 2016 WL 3647686, at *11 (E.D.N.Y. July 1, 2016) (citation omitted). *See also Murray v. Town of Stratford*, 2014 WL 3700982, at *4 (D. Conn. July 25, 2014).

Appealing to jurors in their capacity as taxpayers is improper even if they are not taxpayers of the county being sued and so would not be responsible for paying the judgment themselves. *Palma*, 473 F.3d at 902. Therefore, even though the trial will take place in Rochester and the jury may not be comprised of Erie County taxpayers, the County should still be barred from appealing to the jurors' pecuniary interests as taxpayers. Any reference by the County to the possibility that taxpayers would pay some or all of a judgment for the Boyd Estate would encourage the jurors to decide this case based on their personal interests and biases as taxpayers rather than on the evidence presented at trial.

## CONCLUSION

The Boyd Estate respectfully requests that the Court grant its motion *in limine* to bar the County from saying or suggesting that taxpayers would pay for all or part of any compensatory damages awarded to the Boyd Estate.

Dated: September 22, 2025

Respectfully submitted,

**WILMER CUTLER PICKERING HALE AND DORR LLP**
By: /s/ Ross E. Firsenbaum
Ross E. Firsenbaum
Gideon A. Hanft
Phoebe Silos
Erin Hughes
Trena Riley
Melissa Zubizarreta
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8800
ross.firsenbaum@wilmerhale.com

**LAW OFFICES OF JOEL B. RUDIN, P.C.**
By: /s/ Joel B. Rudin
Joel B. Rudin
David E. Rudin
Carnegie Hall Tower

3

152 West 57th Street, 8th Floor
New York, New York 10019
(212) 752-7600
*jbrudin@rudinlaw.com*

**HOOVER & DURLAND LLP**
By:  /s/ Spencer L. Durland
Timothy W. Hoover
Spencer L. Durland
561 Franklin Street
Buffalo, New York 14202
(716) 800-2600
*sdurland@hooverdurland.com*

*Attorneys for Plaintiff Estate of Darryl Boyd*

4