UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ESTATE OF DARRYL BOYD,<br><br>      Plaintiff,<br><br>- against -<br><br>THE COUNTY OF ERIE,<br><br>      Defendant. | **Case No. 1:22-cv-519** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE TESTIMONY REGARDING FALSE-ALIBI INSTRUCTIONS IN CRIMINAL TRIALS**

At John Walker, Jr.'s civil-rights trial, *Walker v. County of Erie* ("Walker"), Defendant County of Erie (the "County") introduced witness testimony asserting that a defense lawyer might fear raising an alibi defense because, if the defense fails, the failure could result in a jury instruction about the defendant's "consciousness of guilt." *Walker*, Tr. T. 2155:12–22 (Henry), 2277:16–2278:11 (Gagan). This testimony was intended to suggest that Walker's attorney likely would not have used undisclosed evidence showing that Walker and Tyrone Woodruff went home in a taxicab before the robbery/murder occurred and therefore could not have committed the crime with the other boys. This testimony about a false-alibi instruction is inaccurate as a matter of law. Accordingly, at the Boyd Estate trial, the Court should bar the County from offering any testimony about false-alibi instructions.

Under New York law, a jury in a criminal case can be instructed only that *intentionally manufacturing* a false alibi—such as by giving a false alibi to police, deliberately testifying to a false alibi at trial, recruiting defense witnesses to concoct false-alibi testimony, or forging false documentary evidence supporting an alibi—implies consciousness of guilt. *See, e.g., People v. Russell*, 266 N.Y. 147, 154 (1934) (rejecting false-alibi instruction and holding: "An honest defendant may fortify his denial of the charge against him by other evidence which, if accepted, would demonstrate the falsity of the charge, without thereby subjecting himself to the suspicion that his denial is false and the evidence produced by him fabricated, unless there is independent evidence of such fabrication."); *People v. Sheirod*, 124 A.D.2d 14, 18 (4th Dep't 1987) ("We agree that the court erred by instructing the jury to consider false alibi as consciousness of guilt in the absence of any independent proof of fabrication."); *People v. Abdul-Malik*, 61 A.D.2d 657, 661 (1st Dep't 1978) ("It is well-established that before a jury may be charged that a defendant's assertion of a false explanation may imply a 'consciousness of guilt', the People must seek to prove

1

the falsity of the statement by evidence independent of that offered directly to prove the defendant's guilt.").

Such an instruction would not have been given had Darryl Boyd's attorney proffered a defense based upon police reports showing that William Crawford was assaulted only *after* John Walker and Tyrone Woodruff left for home in a taxicab. For one thing, while this defense is an alibi defense for Walker (who was in the cab), it is not an alibi defense for Boyd (who was not); it is simply impeachment of Woodruff's account (and thus still *Brady* evidence as to Boyd). Moreover, even if a defense based on the taxicab and time-of-death evidence could be considered an alibi with respect to Boyd, a false-alibi instruction would not be given because the evidence supporting this defense did not originate with the defendant but instead originated with third-party witnesses interviewed by the police and records inspected by the police. Thus, Boyd's attorney would not have risked a false-alibi instruction had he used the taxicab and time-of-death evidence to put forward a defense, and the County's witnesses should not be permitted to suggest otherwise.

Dated: September 22, 2025

Respectfully submitted,

**LAW OFFICES OF JOEL B. RUDIN, P.C.**
By: /s/ Joel B. Rudin
Joel B. Rudin
David E. Rudin
Partha Sharma
Carnegie Hall Tower
152 West 57th Street, 8th Floor
New York, New York 10019
(212) 752-7600
*jbrudin@rudinlaw.com*

**WILMER CUTLER PICKERING HALE AND DORR LLP**
By: /s/ Ross E. Firsenbaum
Ross E. Firsenbaum
Gideon A. Hanft
Phoebe Silos
Erin Hughes

2

Trena Riley
Melissa Zubizarreta
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8800
*ross.firsenbaum@wilmerhale.com*

**HOOVER & DURLAND LLP**
By:  /s/ Spencer L. Durland
Timothy W. Hoover
Spencer L. Durland
561 Franklin Street
Buffalo, New York 14202
(716) 800-2600
*sdurland@hooverdurland.com*

*Attorneys for Plaintiff Estate of Darryl Boyd*

3