UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARRYL BOYD,

       Plaintiff,                                  Civil Action No. 22-cv-519

       v.

THE CITY OF BUFFALO, ET AL.,

       Defendants.
_____

**DEFENDANT COUNTY OF ERIE'S MEMORANDUM OF LAW IN OPPOSITION TO PLAITIFF'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY REGARDING FALSE-ALIBI INSTRUCTIONS IN CRIMINAL TRIALS**

                                                  **LIPPES MATHIAS LLP**
                                                  James P. Blenk, Esq.
                                                  Kirstie A. Means, Esq.
                                                  Thomas R. Southard, Esq.
                                                  Harrison L. Hartsough, Esq.
                                                  *Attorneys for Defendant, County of Erie*
                                                  50 Fountain Plaza, Suite 1700
                                                  Buffalo, New York 14202
                                                  (716) 853-5100
                                                  jblenk@lippes.com
                                                  kmeans@lippes.com
                                                  tsouthard@lippes.com
                                                  hhartsough@lippes.com

**INTRODUCTION**

Defendant County of Erie (the "County") submits this memorandum of law in opposition to Plaintiff Darryl Boyd's ("Plaintiff") motion *in limine* to preclude testimony regarding false-alibi instructions at criminal trials (Dkt. 345).

During the *Walker* trial, the County developed testimony that illustrated the pitfalls of a poorly executed alibi defense, including risks attendant to a false alibi instruction, to illustrate to the jury that all favorable evidence is not simply entered into the trial record without serious consideration. Indeed, this point is very much in keeping with the analysis of the Second Circuit in evaluating the performance of attorneys during criminal trials. *See United States v. DiTomasso*, 932 F.3d 58, 69–70 (2d Cir. 2019) ("Trial counsel's actions or omissions that might be considered sound trial strategy, including decisions not to call specific witnesses – even ones that might offer exculpatory evidence – are ordinarily not viewed as a lapse in professional representation.")

The point – which was quickly and easily conceded by Mr. Zeidman – was in no way inaccurate. It is a legal (and logical) truism "that exculpatory statements, when shown to be false, are circumstantial evidence of guilty consciousness and have independent probative force." *United States v. Parness*, 503 F.2d 430, 438 (2d Cir. 1974). Courts and practitioners, alike, recognize that an alibi, poorly executed, risks ruin for the defense. *See Henry v. Poole*, 409 F.3d 48, 65 (2d Cir. 2005) (collecting treatises cautioning against pursuit of false alibis).

Plaintiff's motion seeks to preclude "the County [] from offering any testimony about false-alibi instructions." While the argument does not have the same application to the instant trial, the County should not be precluded from referencing false alibi instructions – or any other strategic consideration of defense counsel – in the trial of Mr. Boyd.

## **ARGUMENT**

As applied to the case at bar, the County concedes that the cab record – even if it were to be rebutted conclusively – would not constitute a false alibi for Mr. Boyd. However, the County intends to make full use of arguments of this same nature to rebut inferences encouraged by the Plaintiff or constrain hypotheticals offered by experts. Plaintiff has offered no grounds for a special prejudice if the idea of a false alibi *instruction* were to be raised.

Certainly, the idea of a false alibi *instruction* will cause little additional confusion to the jury where Mr. Boyd's actual false alibi in the trial record will be presented to the jury. Indeed, Mr. Boyd put on alibi witnesses who put him at the apartment of Miss Washington (A/K/A Dorothea Luster) (194 Glenny, F-8) through midnight on January 3rd. (Dkt. 168-8 pp. 475-477, 485 [Boyd Trial Transcript].) Mr. Boyd also called Alison Zachery, who testified that Walker, Gibson and Martin were at her apartment from 10:00 p.m. until 11:15 p.m. on January 2 (*Id.* at 511-513). In rebuttal,[1] the prosecution admitted the statement of Mr. Boyd to police, in which Mr. Boyd stated that he left Miss Washington's Apartment at 9:35 p.m.; he remained with Martin, Walker and Gibson until 10:45pm, when Walker and Martin were picked up by a cab. (*Id.* at 528, 535-542.) Mr. Boyd was left with two inconsistent alibis. One adopted by him on January 8; another adopted at trial.

Among the various strengths of the prosecution's case in the trial record, Mr. Boyd's adoption of multiple, distinct alibis is powerful evidence which the County has every intention of

---

[1] Notably, the fact that both the alibi and the rebuttal was elicited after the prosecution closed its case-in-chief would bring the contradictory alibis squarely within the bounds of a false alibi instruction. (*See* Dkt. 345-1, p. 1, *citing People v. Abdul-Malik*, 61 A.D.2d 657, 661 (1st Dept. 1978).)

2

addressing. *See United States v. Nunez-Rios*, 622 F.2d 1093, 1101 (2d Cir. 1980) (balancing prosecutor's improper conduct against evidence of guilt, including defendant's repudiated alibi).

## CONCLUSION

For these reasons, the Court should issue an order denying Plaintiff's motion *in limine* in its entirety.

Dated: October 6, 2025
       Buffalo, New York

                                       **LIPPES MATHIAS LLP**

                                       *s/Kirstie A. Means*
                                       James P. Blenk, Esq.
                                       Kirstie A. Means, Esq.
                                       Thomas R. Southard, Esq.
                                       Harrison L. Hartsough, Esq.
                                       *Attorneys for Defendant, County of Erie*