**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| ESTATE OF DARRYL BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 1:22-cv-519** |
| | ) | |
| - against - | ) | |
| | ) | |
| THE COUNTY OF ERIE, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION *IN LIMINE* TO PRECLUDE CERTAIN DEPOSITION TESTIMONY FROM
EDWARD COSGROVE**

## INTRODUCTION

Plaintiff Estate of Darryl Boyd (the "Boyd Estate") respectfully submits this memorandum in opposition to the Defendant, County of Erie's (the County") Motion *in Limine* to Preclude Certain Deposition Testimony from Edward Cosgrove (the "Motion"). Dkt. 319. The County sought to exclude the same portions of Cosgrove's testimony in *Walker v. County of Erie*, No. 1:22-cv-00520 ("*Walker*"), and the Court correctly rejected the County's arguments and admitted the testimony. *See Walker*, Tr. T. 155:18–156:14. The County's Motion repeats its previously rejected arguments, ignores the Court's prior ruling, and does not (and cannot) offer a reason for the Court to depart from it here. The Court should deny the Motion once again.

At his deposition, Cosgrove testified that when he was the Erie County District Attorney, he considered himself "the head of all the police departments," PX 246 (Cosgrove Dep. Tr.) 157:7–9, and "supervise[d] the Buffalo Police department with respect to how they interrogated witnesses," *id*. at 157:23-158:9. This statement directly contradicted the arguments advanced by the County in its opening statement in *Walker*, in which the County's counsel invited the jury to ascribe fault for Walker's wrongful conviction to the Buffalo Police Department (the "BPD") rather than the County of Erie: "Conduct of the Buffalo Police Department is distinct from conduct of the Erie County District Attorney." *Walker*, Tr. T. 105:15–17. According to the County's proposed jury instructions in this case, the County intends to advance the same apportionment defense at the upcoming trial. *See* County's Proposed Jury Instructions at 30. Accordingly, as the Court previously ruled, Cosgrove's testimony is relevant, probative as to a disputed issue, and an admission by a party opponent; there is no basis to exclude it.

## ARGUMENT

The County has insisted, over the Boyd Estate's objections, on presenting an apportionment defense. This defense relies on an argument, advanced by the County from the opening of the trial

1

in *Walker* and renewed in the County's proposed jury instructions in this case, that the BPD's interrogation practices were distinct from the conduct of Erie County District Attorney's Office ("ECDAO"). *See Walker*, Tr. T. 105:23–24 ("[W]hen you hear evidence about the Buffalo Police Department, I want you to compartmentalize that."). The County therefore has placed in dispute the extent to which the ECDAO and BPD coordinated on interrogation practices. Given this dispute, the Court correctly ruled in *Walker* that Cosgrove's admission that he supervised the BPD, including with respect to interrogation practices, was admissible. *See Walker*, Tr. T. 156:5–14. ("In his testimony [Cosgrove] said that he was responsible for supervising not only his office but as the chief law enforcement officer of the entire County. And then he listed some agencies within the County, including the Buffalo Police Department. And so based on that, I do find it's relevant to apportionment. A statement of party opponent. Also Mr. Cosgrove is deceased. And so under [Fed. R. Evid.] 801(d)(2) as well as under 32(a)(4)(A) of the Federal Rules of Civil Procedure, I am going to allow the receipt of the proposed exhibit."). Perhaps recognizing that its own affirmative defense is fatal to its request, the County's motion simply ignores the issue of apportionment. *See generally* Dkt. 319 (containing not a single mention of "apportionment" or an "affirmative defense").

The County does not dispute that Cosgrove's testimony is an admission by a party opponent, thus conceding the point. *See* Dkt. 319 at 1–3. Instead, without citing any supporting precedent, the County argues that the Court should exclude a critical admission on a disputed issue from the County's policymaker at the time of Boyd's wrongful conviction as irrelevant and

2

substantially more prejudicial than probative.[1] *See* Dkt. 319 at 1–3. Neither argument has any merit.

*First*, the statement is relevant. The Motion does not even contend that the testimony is not relevant to its apportionment defense, thus implicitly conceding the point. Instead, the County makes an unsupported assertion that admission of Cosgrove's testimony would require admission of Boyd's settlement with the City of Buffalo to prevent a double recovery for the Boyd Estate on claims Boyd previously brought against the City and individual police officers. *See* Dkt. 319 at 2. This argument is nonsensical. The Boyd Estate does not seek to introduce Cosgrove's testimony to prove the County liable for the torts that the City committed as to Boyd, but rather to rebut the County's affirmative defense of proportionate fault. The settlement is irrelevant to the question of proportionate fault, as the settlement agreement is not admissible to prove the validity or amount of any disputed claim. *See* Fed. R. Evid. 408. Furthermore, the settlement proves nothing, as the City admitted no fault in the settlement and Boyd dismissed his claims. *See* Dkt. 300.

*Second*, Cosgrove's statements are not unduly prejudicial. The County's argument is that the testimony should be excluded because Cosgrove's words do not mean what they say. *See* Dkt. 319 at 2 ("Second, Mr. Cosgrove did not testify that he set forth policies of the BPD pertaining to interrogations. He spoke only to the cooperative resources prosecutors lent to BPD officers."). But

---

[1] The only cases or rules of evidence identified by the County in its Motion provide the basic standards of Federal Rules of Evidence 401 and 403, *see* Dkt. 319 at 1, which the Boyd Estate does not dispute. Indeed, the only case cited by the County in its Motion concerns a district court excluding evidence of irrelevant prior and subsequent bad acts by a plaintiff in a Section 1983 action. *See Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 546 (E.D.N.Y. 2011) ("The court finds that the probative value of the Order of Protection and plaintiff's subsequent misdemeanor convictions of criminal contempt for impeachment purposes is insufficient to outweigh the prejudicial effects of such evidence."). While that case provides support for the Boyd Estate's motion to exclude prior bad acts, *see* Dkt. 339, it provides no basis for excluding Cosgrove's deposition admissions.

the testimony itself undercuts the County's argument. *See* PX 246 at 157:23–158:9 ("Q. As chief law enforcement officer of Erie County, did you *supervise* the Buffalo Police Department with respect to how they interrogated witnesses? …THE WITNESS. *Oh, yes, we did*. They had -- they had assistant district attorneys *instructing* and helping them do their job well over all the years that I was district attorney." (emphasis added)). Nowhere does Cosgrove limit his testimony to providing cooperative resources; rather, he affirmatively stated that he supervised the BPD's interrogation practices then added that his ADAs instructed BPD officers. The County's expert, Kevin Gagan, also confirmed that prosecutors are responsible for training police officers on how to lawfully conduct interrogations. *See* PX 264 (Gagan Dep. Tr.) 92:16-19 ("Q. Well, is one of the areas that prosecutors may provide legal advice to [] a police department include interrogation practices? A. Yes."); *see also* PX 264 at 93:6–13 ("Q. So it's incumbent on prosecutors to [train and teach police officers in their jurisdiction about the law? A. Correct. Q. Particularly when they become aware that police may be following procedures that are not lawful? A. Correct.").

To the extent the County believed that Cosgrove's testimony required clarification, it had ample opportunity to do so: the County's counsel (who also was Cosgrove's counsel, *see* PX 246 at 18:9–19:2) could have questioned Cosgrove further at his deposition, the County could have submitted deposition errata, and the County could have submitted a subsequent affidavit from Cosgrove. The County took none of these steps. It cannot now complain that Cosgrove's statement did not reflect his true beliefs. And even if the County were correct that Cosgrove misspoke or misremembered (it is not), that does not provide a basis for exclusion of a party admission. *See Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 537 (2d Cir. 1992) (finding admissions are not subject to many of the "prerequisites of other evidentiary rules—such as, for example, trustworthiness and personal knowledge").

The County's argument that an organizational chart from the BPD contradicts Cosgrove's testimony, requiring the exclusion of his statements as unduly confusing and prejudicial, *see* Dkt. 319 at 3, fares no better. As an initial matter, the chart does not rebut Cosgrove's testimony. The chart is purportedly a BPD internal document, placing the BPD's commissioner at the head of the department. *See* Dkt. 319, Ex. B. Cosgrove did not testify that the BPD did not have an internal hierarchy. He testified that he oversaw the department as a whole, placing him above the commissioner. *See* PX 246 at 157:7–9 ("I was … not only the district attorney but also the head of all the police departments."). Moreover, the chart is not relevant and therefore itself inadmissible because it appears to predate Cosgrove's tenure as District Attorney, as it lists Frank N. Felicetta as the commissioner of police. *See* Dkt. 319, Ex. B. Felicetta evidently resigned as commissioner on April 15, 1973, four years prior to Boyd's trial and more than eight months prior to Cosgrove assuming the position of district attorney. *Compare* @buffalocitypolicehistory, Instagram (Sep. 1, 2025), https://www.instagram.com/p/DOFRGmlgLq_/ (providing Felicetta's retirement date as April 15, 1973) *with* PX 246 at 26:9–12 ("I began on January 1st, 1974, as district attorney of this county."). And even if the chart were relevant and admissible, any alleged discrepancy between Cosgrove's testimony and the chart would go only to the weight of Cosgrove's testimony, not its admissibility. See *Walker* Dkt. 307 at 24 ("It is a well-recognized principle of our trial system that determining the weight and credibility of [a witness's] testimony…belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men." (quoting *Nimely v. City of New York,* 414 F.3d 381, 398 (2d Cir. 2005))).

## CONCLUSION

The County's Motion should be denied, just as it was in *Walker*.

Dated:          October 6, 2025

5

Respectfully submitted,


**WILMER CUTLER PICKERING
HALE AND DORR LLP**

By: /s/ Ross Firsenbaum
Ross E. Firsenbaum
Gideon A. Hanft
Phoebe Silos
Erin Hughes
Trena Riley
Melissa Zubizarreta
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8800
*ross.firsenbaum@wilmerhale.com*


**LAW OFFICES OF JOEL B. RUDIN, P.C.**
By: /s/ Joel B. Rudin
Joel B. Rudin
David E. Rudin
Partha Sharma
Carnegie Hall Tower
152 West 57th Street, 8th Floor
New York, New York 10019
(212) 752-7600
*jbrudin@rudinlaw.com*


**HOOVER & DURLAND LLP**
By:  /s/ Spencer L. Durland
Timothy W. Hoover
Spencer L. Durland
561 Franklin Street
Buffalo, New York 14202
(716) 800-2600
*sdurland@hooverdurland.com*

*Attorneys for Plaintiff Estate of Darryl Boyd*

6