**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| THE ESTATE OF DARRYL BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 1:22-cv-519** |
| | ) | |
| - against - | ) | |
| | ) | |
| THE COUNTY OF ERIE, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW CONCERNING ADMISSIBILITY OF**
**DAVID HENRY'S TRIAL TESTIMONY IN *WALKER V. COUNTY OF ERIE***

Plaintiff the Estate of Darryl Boyd respectfully submits this memorandum pursuant to the Court's October 28 email requesting that the parties bring to the Court's attention any issues that may come up at trial and that were not yet briefed in connection with motions *in limine*.

## INTRODUCTION

On September 22, the Boyd Estate designated portions of prior testimony for admission at the upcoming trial. Dkt. 346. These included portions of David Henry's trial testimony as a County witness in *Walker v. County of Erie*. *Id.* at 4–5. On October 6, the County submitted its objections to the Boyd Estate's designations. Dkt. 384. These included a general objection to "treatment of Mr. Henry's trial transcript as a party admission when such transcript was delivered in a separate case." *Id.* at 9. The County's objection has no merit—Henry's party admissions on behalf of the County at the *Walker* trial are admissible, and should be admitted, against the same party at the Boyd Estate trial.[1]

The fact that Henry's statements were made "in a separate case" has no bearing on whether they constitute party admissions under Federal Rule of Evidence ("FRE") 801(d)(2). Henry was the County's formally designated corporate representative at the *Walker* trial and the County's designee under Federal Rule of Civil Procedure ("FRCP") 30(b)(6). His testimony is therefore a statement by the County *itself*, and thus nonhearsay under FRE 801(d)(2)(A), because he was testifying *as* the County at the *Walker* trial. For similar reasons, Henry's testimony is admissible as an "authorized" admission under FRE 801(d)(2)(C). Finally, Henry's testimony is an "agency"

---

[1] The County has objected to admission of Henry's trial testimony on a number of other grounds. Dkt. 384 at 9–10. This memorandum addresses only the party-admissions issue, as we believe it warrants briefing in advance of trial, and we intend to respond to the County's other objections orally at trial.

admission under FRE 801(d)(2)(D) because it was given while he was serving as the County's corporate representative and concerned matters within the scope of that relationship.

## ARGUMENT

### I.    That Henry's testimony was given in *Walker* is irrelevant to whether it constitutes a party admission

A statement attributable to a party constitutes a party admission under FRE 801(d)(2) irrespective of whether it was made in the instant proceeding. *See Hausler v. JP Morgan Chase Bank, N.A.*, 127 F. Supp. 3d 17, 37 (S.D.N.Y. 2015) (judicial admissions may be considered as evidence against a party in subsequent cases). Once a party makes a statement, adopts a statement, authorizes a person to make a statement, or has an agent or employee who makes a statement on a matter within the scope of that relationship, those statements are nonhearsay, under the plain text of FRE 801(d)(2), when offered against the party *in any case*. *See, e.g.*, *Meriwether v. Coughlin*, 879 F.2d 1037, 1049 (2d Cir. 1989) (affirming admission of defendant's testimony from prior proceeding under FRE 801(d)(2)(A)); *United States v. King*, 134 F.3d 1173, 1176 (2d Cir. 1998) (corporation's sole shareholder's trial testimony in a prior proceeding that did not name the corporation was admissible against the corporation in subsequent proceeding under FRE 801(d)(2)(D)); *Abstrax, Inc. v. Dell, Inc.*, 2009 WL 10677355, at *1 (E.D. Tex. Oct. 9, 2009) (testimony by party's expert in prior case was admissible under FRE 801(d)(2)(B)–(D)). Because, as explained in the following sections, Henry's testimony in the *Walker* trial is a party admission under FRE 801(d)(2)(A), (C), and (D), it may be used against the County in this case.

### II.    Henry's testimony in *Walker* is a statement by the County itself, and is admissible under FRE 801(d)(2)(A).

A statement "made by the party in an *individual or representative* capacity" is nonhearsay. FRE 801(d)(2)(A) (emphasis added). "[A] corporation," including Erie County, "cannot testify as

a witness but through testimony of its employees and representatives." *Stone v. C.R. Bard, Inc.*, 2003 WL 22902564, at *2 (S.D.N.Y. Dec. 8, 2003). Thus, a district court in this circuit has allowed impeachment under FRE 609 of a party's corporate representative, who testified at trial, with a prior criminal conviction *of the corporation*, on the theory that the representative was "a living embodiment of [the corporation] in the eyes of the jury," and that his "testimony concerning [the corporation's] reputation in the industry for 'quality, integrity and service,' is fairly considered the testimony of [the corporation] itself." *Id.* at *3; *see also Hickson Corp. v. Norfolk S. Ry. Co.*, 227 F. Supp. 2d 903, 907 (E.D. Tenn. 2002), *aff'd*, 124 F. App'x 336 (6th Cir. 2005) ("Because a corporation speaks through its officers, employees, and other agents . . . it stands to reason a corporation can be a vicarious witness . . . therefore, Rule 609 allows the use of a corporation's felony conviction to impeach the corporation's vicarious testimony").

Henry was similarly a "living embodiment" of the County, because of his position, communicated to the jury, as the County's representative at its trial and his prior deposition as an FRCP 30(b)(6) designee. The County first listed Henry as its corporate representative in its February 10 "Pretrial Submission" in both *Walker* and this case. *Walker*, Dkt. 234 at 2. At trial, Henry testified that he is "sitting here as a person who is a representative of the County of Erie," that the County's attorneys were acting as attorneys for him in his capacity as "a representative of the County," and that he understood he was appearing at his deposition (which took place in both *Walker* and this case) as a County representative. *Walker* Tr. T. 1933:1–18, 1936:23–1937:6. In

light of these circumstances, Henry's testimony at the *Walker* trial amounted to testimony by the County.

**III.    Henry's testimony in *Walker* is an "authorized" admission under FRE 801(d)(2)(C).**

Under FRE 801(d)(2)(C), a statement offered against an opposing party is nonhearsay if it "was made by a person whom the party authorized to make a statement on the subject." We have extensively briefed the admissibility of County expert Kevin Gagan's prior testimony as "authorized" admissions, and incorporate that analysis here. Dkt. 235-4 at 3–4, 276 at 17–19, 333-1 at 2–3. Once the County indicated an intention to call him as its expert witness at trial and then in fact did so, his trial testimony, and the deposition testimony that preceded it, became authorized admissions that are now admissible against the same party in a separate case involving identical or nearly identical issues. The same reasoning renders Henry's testimony as a County witness at the *Walker* trial nonhearsay.

To admit Gagan's deposition testimony in *Walker*, the Court relied upon *Glendale Fed. Bank, FSB v. United States*, 39 Fed. Cl. 422 (1997), which holds that an expert's prior deposition testimony becomes an "authorized" admission once the expert is retained as a witness through the start of trial, because "[b]y the beginning of trial it is fair to tie the party to the statements of its experts," on the understanding that the experts "were selected as witnesses and retained through the start of the trial because the opinions they held all along, and still hold as the trial begins, are consistent with those of the sponsoring party." *Id.* at 425. Courts have extended *Glendale*'s logic to the trial testimony of a party's expert witness. *In re Hanford Nuclear Rsrv. Litig.*, 534 F.3d 986, 1016 (9th Cir. 2008) (relying on *Glendale* to hold that trial testimony was an authorized admission under FRE 801(d)(2)(C)); *United States v. Ala. Power Co.*, 773 F. Supp. 2d 1250, 1257 n.10 (N.D. Ala. 2011), *rev'd and vacated on other grounds*, 730 F.3d 1278 (11th Cir. 2013) (relying on

*Hanford* for similar holding); *see also Abstrax*, 2009 WL 10677355, at \*1 (trial testimony by party's expert in prior case was admission under FRE 801(d)(2)(B)–(D)); *ONTI, Inc. v. Integra Bank*, 1998 WL 671263, at \*2–3 (Del. Ch. Aug. 25, 1998) (deposition and other testimony of party's experts constituted party admissions).

The same analysis is applicable here. By designating Henry as its FRCP 30(b)(6) witness, and then putting forward Henry as its corporate representative at trial, the County was embracing Henry's testimony as its own. These circumstances make it "fair to tie," *Glendale*, 39 Fed. Cl. at 425, the County to Henry's statements. Accordingly, his testimony as a County witness was "authorized" within the meaning of FRE 801(d)(2)(C) and is a party admission.

**IV.    Henry's testimony in *Walker* is an "agency" admission under FRE 801(d)(2)(D).**

FRE 801(d)(2)(D) excludes from the definition of hearsay statements offered against an opposing party if the statements were made by the opposing party's "agent or employee on a matter within the scope of that relationship and while it existed." Henry, in his own words on the witness stand, was "sitting [t]here as a person who is a representative of the County of Erie." *Walker* Tr. T. 1933:17–18. His testimony was on matters "within the scope of that relationship," since it concerned the subject matter of the lawsuit in which he was serving as the County's representative. As such, his testimony constitutes an "agency" admission under FRE 801(d)(2)(D).

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should hold that Henry's testimony as a County witness at the *Walker* trial is admissible here as a party admission under FRE 801(d)(2)(A), (C), and (D).

Dated:        October 29, 2025            Respectfully submitted,

**LAW OFFICES OF JOEL B. RUDIN, P.C.**
By: /s/ Joel B. Rudin
Joel B. Rudin
David E. Rudin
Partha Sharma
Carnegie Hall Tower
152 West 57th Street, 8th Floor
New York, New York 10019
(212) 752-7600
*jbrudin@rudinlaw.com*

**WILMER CUTLER PICKERING
HALE AND DORR LLP**
By: /s/ Ross E. Firsenbaum
Ross E. Firsenbaum
Gideon A. Hanft
Phoebe Silos
Erin Hughes
Trena Riley
Melissa Zubizarreta
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8800
*ross.firsenbaum@wilmerhale.com*

**HOOVER & DURLAND LLP**
By:  /s/ Spencer L. Durland
Timothy W. Hoover
Spencer L. Durland
561 Franklin Street
Buffalo, New York 14202
(716) 800-2600
*sdurland@hooverdurland.com*

*Attorneys for Plaintiff Estate of Darryl Boyd*