**Rulings on Plaintiff's HENRY Deposition and Trial Designations (REVISED 11/7/25)**

(designations to which the County did not object or counter-designate are <u>not</u> included, and are admissible)

| Plaintiff's Deposition Designations | County's Objections | County's Counter-designation | Ruling | Reasoning |
|---|---|---|---|---|
| 33:14–43:3<br><br>*Revised as:*<br>33:14–38:10 | 39:5–42:1 – FRE 401/403 | 43:4–10; 43:22–45:18 | Overruled<br><br>Counter-designations denied | Admissible background information relevant to *Monell* |
| 215:17–218:21 | (a) 216:6–217:17 – vague, calls for legal conclusion, FRE 403<br><br>(b) 218:4–218:21 -- vague, calls for legal conclusion, FRE 403, inconsistent with any viable Monell theory | | (a) Overruled<br><br>(b) Overruled | (a) establishing foundation of Henry's knowledge and understanding of *Brady v. Maryland* is relevant, not unfairly prejudicial, and is not calling for a legal conclusion<br><br>(b) Henry's understanding of *Brady* requiring a demand from defense counsel in 1977 is relevant, sufficiently clear, consistent with Plaintiff's *Brady* theory of *Monell*, not unfairly prejudicial, and is not calling for a legal conclusion |
| 217:11–17 | FRE 401/403, vague, calls for legal conclusion, inconsistent with any viable Monell theory | | Overruled | establishing foundation of Henry's knowledge and understanding of *Brady v. Maryland* is relevant, sufficiently clear, consistent with Plaintiff's *Brady* theory of *Monell,* not unfairly prejudicial, and is not calling for a legal conclusion |
| 75:4–22 | FRE 401/403, vague, calls for legal conclusion, inconsistent with any viable Monell theory | | Overruled | laying foundation for distinguishing or analogizing NY CPL 240.10's demand requirement from constitutional standards is relevant, sufficiently clear, consistent with Plaintiff's *Brady* theory of *Monell,* not unfairly prejudicial, and is not calling for a legal conclusion |

1

**Rulings on Plaintiff's HENRY Deposition and Trial Designations (REVISED 11/7/25)**

(designations to which the County did not object or counter-designate are <u>not</u> included, and are admissible)

| | | | | |
|---|---|---|---|---|
| 79:2–6 | FRE 401/403, vague, calls for legal conclusion, inconsistent with any viable Monell theory | | Overruled | laying foundation for distinguishing NY CPL 240.10's demand requirement from constitutional standards is relevant, consistent with Plaintiff's *Brady* theory of *Monell,* not unfairly prejudicial, and is not calling for a legal conclusion |
| 218:4–21 | FRE 401/403, vague, calls for legal conclusion, inconsistent with any viable Monell theory, asked and answered | | Overruled (duplicative) | Subsumed in the earlier designation at 215:17–218:21 |
| 96:8–9 | Asked and answered | | Overruled | |
| 194:3–8 | FRE 401/403, vague, asked and answered | | Sustained | Testimony about *Rosario* material, here, is not relevant |
| 83:10–21 | vague | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 174:8–15 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 176:1–9 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 176:8–9 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* |

**Rulings on Plaintiff's HENRY Deposition and Trial Designations (REVISED 11/7/25)**

(designations to which the County did not object or counter-designate are <u>not</u> included, and are admissible)

| | | | | |
|---|---|---|---|---|
| | | | | evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 178:1–6 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 21–23 *Revised as:* 178:21–23 | Indecipherable designation | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 180:18–181:6 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 340:21–341:7 | FRE 401, unspecified MIL argument | | Overruled | Description of taxicab P73 is relevant to favorability and alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence |
| 341:9–342:5 | FRE 401, unspecified MIL argument | | Overruled | Description of taxicab P73 is relevant to favorability and alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence |
| 342:7–23 | FRE 401, unspecified MIL argument | | Overruled | Description of taxicab P73 is relevant to favorability and alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence |
| 346:14–353:9 | 352:14–14 - vague | | Overruled | Sufficiently clear |
| 354:9–355:11 | Vague, calls for speculation, lacks foundation | | Overruled | Sufficiently clear, foundation established, not speculation to ask Henry whether skilled defense counsel could have tried to use discussed evidence |
| 355:4–356:9 | Vague, calls for speculation, lacks foundation, hearsay | | Overruled | Sufficiently clear, foundation established, reading of the allegedly withheld evidence is not for the truth, not speculation to ask Henry whether his judgment was consistent with ECDA policies at the time |

3

**Rulings on Plaintiff's HENRY Deposition and Trial Designations (REVISED 11/7/25)**

(designations to which the County did not object or counter-designate are <u>not</u> included, and are admissible)

| | | | | |
|---|---|---|---|---|
| 356:11–14 | Hearsay, assumes facts not in evidence, incomplete question or answer | | Overruled | The answer to this question is in the next designation; reading portions of allegedly withheld evidence is not for the truth, and no extrinsic facts |
| 356:16–357:3 | Hearsay, assumes facts not in evidence | | Overruled | Reading portions of allegedly withheld evidence is not for the truth, and no extrinsic facts |
| 357:5–22 | Hearsay, assumes facts not in evidence | | Overruled | Reading portions of allegedly withheld evidence is not for the truth, and no extrinsic facts |
| 358:1–7 | Hearsay, assumes facts not in evidence | | Sustained | Vague; question with no answer |
| 296:19–20 | Incomplete question or answer | | Sustained | Vague; answer with no question |
| 131:16–20 | FRE 401 | | Overruled | Testimony that Henry had a practice of documenting disclosures of *Rosario* material during trial is relevant to the extent that *Brady* and *Rosario* evidence overlap and to policies of disclosure |
| 225:14–19 | FRE 401, unspecified MIL argument | | Overruled | Relevant to *Monell* |
| 225:21–226:3 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 226:5–21 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 226:23–227:10 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* |

4

**Rulings on Plaintiff's HENRY Deposition and Trial Designations (REVISED 11/7/25)**

(designations to which the County did not object or counter-designate are <u>not</u> included, and are admissible)

| | | | | |
|---|---|---|---|---|
| | | | | evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 360:15–361:18 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 365:4–7 | FRE 401, unspecified MIL argument | | Overruled | 1/12/76 statement identification sets up Q at 370:3–7 |
| 370:3–22 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 184:23–185:7 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 185:22–186:10 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 186:12–18 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 186:20–187:12 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 187:14–21 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |

**Rulings on Plaintiff's HENRY Deposition and Trial Designations (REVISED 11/7/25)**

(designations to which the County did not object or counter-designate are <u>not</u> included, and are admissible)

| | | | | |
|---|---|---|---|---|
| 187:23–188:16 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 188:18–189:1 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 189:3–7 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 189:14–190:1 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 190:3–6 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 358:9–359:2 | Hearsay, FRE 401, unspecified MIL argument | | Overruled | Description of Jerome Boyd P73 is not being offered for the truth, relevant to *Monell* |
| 360:8–9 | Incomplete question or answer | | Sustained | Vague; Question without answer |
| 361:1–7 | FRE 401, unspecified MIL argument | | Sustained | While this is relevant to *Monell*, the designations are too vague and not clear what documents are being referenced |
| 361:9–10 | FRE 401, unspecified MIL argument | | Sustained | Vague |
| 374:21–375:1 | FRE 401, unspecified MIL argument | | Sustained | This testimony relates to the materiality of Woodruff's testimony/credibility in Walker's trial which is not relevant and unfairly prejudicial in Boyd's case |

**Rulings on Plaintiff's HENRY Deposition and Trial Designations (REVISED 11/7/25)**

(designations to which the County did not object or counter-designate are <u>not</u> included, and are admissible)

| | | | | |
|---|---|---|---|---|
| 375:4–12 | FRE 401, unspecified MIL argument | | Sustained | This testimony relates to the materiality of Woodruff's testimony/credibility in Walker's trial which is not relevant and unfairly prejudicial in Boyd's case |
| 375:15–19 | FRE 401, unspecified MIL argument | | Sustained | This testimony relates to the materiality of Woodruff's testimony/credibility in Walker's trial which is not relevant and unfairly prejudicial in Boyd's case |
| 222:23–223:19 | FRE 401/403, vague, calls for legal conclusion, inconsistent with any viable Monell theory | | Sustained as to 223:14–19<br><br>Otherwise, overruled | Re. 223:14–19, Plaintiff is not pursuing a failure-to-train *Monell* theory therefore what training Henry received before the Walker trial is irrelevant. FRE 401.<br><br>Otherwise, testimony of *Brady* policies is relevant, sufficiently clear, consistent with Plaintiff's *Brady* theory of *Monell,* not unfairly prejudicial, and is not calling for a legal conclusion |
| 246:12–250:8 | 249:20–250:17 – vague "The initial question is vague insofar as it asks about investigations conducted during a prosecution; subsequent question is affected by the same vagueness" | | Overruled | Sufficiently clear |
| 251:1–254:7 | NONE | 250:10–17 | | Counter-designation is admissible |
| 190:8–194:8 | (a) FRE 401, unspecified MIL argument<br><br>(b) 192:13–194:8 – vague, asked and | | Sustained as to 192:13-194:8<br><br>Otherwise, overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure<br><br>Testimony about *Rosario*, here, is not relevant |

**Rulings on Plaintiff's HENRY Deposition and Trial Designations (REVISED 11/7/25)**

(designations to which the County did not object or counter-designate are <u>not</u> included, and are admissible)

| | | | | |
|---|---|---|---|---|
| | answered, counsel repeatedly conflates the P73 at issue with P73s generally | | | |
| 201:5–23 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 202:2–9 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 202:11–204:5 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 206:2–6 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 206:23–207:2 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 207:5–11 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 207:13–22 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |

**Rulings on Plaintiff's HENRY Deposition and Trial Designations (REVISED 11/7/25)**

(designations to which the County did not object or counter-designate are <u>not</u> included, and are admissible)

| | | | | |
|---|---|---|---|---|
| 208:1–18 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 208:20–209:4 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 209:6–13 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 211:12–14 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 212:4–14 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 212:16–213:2 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 303:12–305:13 | FRE 401, unspecified MIL argument, hearsay | | Overruled | Reading the alleged *Brady* evidence is not for the truth. Relevant to *Monell* and favorability |
| 305:15–16 | FRE 401, unspecified MIL argument, hearsay | | Overruled | Reading the alleged *Brady* evidence is not for the truth. Relevant to *Monell* and favorability |

**Rulings on Plaintiff's HENRY Deposition and Trial Designations (REVISED 11/7/25)**

(designations to which the County did not object or counter-designate are <u>not</u> included, and are admissible)

| | | | | |
|---|---|---|---|---|
| 305:18–22 | FRE 401, unspecified MIL argument, hearsay | | Overruled | Reading the alleged *Brady* evidence is not for the truth. Relevant to *Monell* and favorability |
| 296:21–297:1 | FRE 401, unspecified MIL argument | | Sustained | This testimony relates to the materiality of Woodruff's testimony/credibility in Walker's trial which is not relevant and unfairly prejudicial in Boyd's case |
| 297:3–298:1 | FRE 401, unspecified MIL argument | | Overruled as to 297:3–15<br><br>Otherwise, sustained | Only 296:3–15 is disconnected from the Walker trial and that testimony is relevant to favorability and materiality in the Boyd case |
| 169:11–20 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 170:16–171:1 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 173:19–20 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 173:22–174:5 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 257:20–258:2 | FRE 401, unspecified MIL argument, Mr. Ranni is irrelevant to this case; the conduct, generally, is | | Sustained | Asks whether Henry ever worked with Ranni on a matter. Whether Henry and Ranni worked together is irrelevant to any *Monell* theory. Henry is speaking as a 30(b)96) witness. FRE 401. |

**Rulings on Plaintiff's HENRY Deposition and Trial Designations (REVISED 11/7/25)**

(designations to which the County did not object or counter-designate are <u>not</u> included, and are admissible)

| | | | | |
|---|---|---|---|---|
| | temporally irrelevant to this case; the conduct cited is substantively irrelevant to this case; calls for speculation; counsel improperly reads portions of the case into the transcript | | | |
| 258:9–259:8 | "id." | | Overruled | Relevant to *Monell* liability. FRE 401. *Johnson* and *Ivey* case mentioned are admissible as *Monell* evidence |
| 261:19–264:14 *Revised as:* 261:19–262:15, 264:14 | "id." | | Overruled | Relevant to *Monell* liability. FRE 401. *Ivey* case mentioned are admissible as *Monell* evidence |
| 265:6–270:21 *Revised as:* 265:6–11 | "id." | | Sustained | Although Henry's opinion about Ranni's conduct is potentially relevant to *Monell*, the designation omits the section where Henry states that Ranni's conduct was not consistent with the practices and policies of the ECDA's Office, which is misleading with respect to *Monell*. |
| 268:4–269:13 | "id." | | | MOOT: PLAINTIFF REMOVED |
| 270:5–13 | "id." | | Overruled | Relevant to *Monell* |
| 271:14–281:12 | "id."; lacks foundation (273:14–373:18) | | Sustained as to 272:1-2 <br><br> Otherwise, overruled | That this trial happened before Walker's trial is not relevant <br><br> Otherwise, relevant to *Monell* |
| 281:10–284:18 | FRE 401, unspecified MIL argument, Mr. Ranni is irrelevant to this case; the conduct, | | Overruled | Relevant to *Monell* |

11

**Rulings on Plaintiff's HENRY Deposition and Trial Designations (REVISED 11/7/25)**

(designations to which the County did not object or counter-designate are <u>not</u> included, and are admissible)

| | generally, is temporally irrelevant to this case; the conduct cited is substantively irrelevant to this case; calls for speculation; counsel improperly reads portions of the case into the transcript | | | |
|---|---|---|---|---|
| 282:3–285:12 | "id." | | | MOOT: PLAINTIFF REMOVED |
| 285:19–287:8 | "id." | | Overruled as to 285:19–23 and 287:2–8<br><br>Otherwise, sustained | 287:2–8 is admissible; it is relevant that 30(b)(6) witness doesn't know, as pertinent to *Monell* liability, 285:19–23 needed for context, but otherwise:<br><br>In addition to the above, questions in this designation highlight the federal court's discussion of misconduct on cross-examination, not relevant here. FRE 401/402/403 |
| 287:16–288:22 | "id." | | Overruled | It is relevant that 30(b)(6) witness doesn't know about discipline of Ranni, as pertinent to *Monell* liability. Ranni was a supervisor and section chief at the ECDA's Office. Ranni's actions carry more weight in establishing permissible customs and practices of the Office. That he was promoted and held a high office is relevant to showing a reward/merit system that is inconsistent with proper supervision of ADAs. FRE 401 |
| 312:8–13 | FRE 401/403, vague, lacks foundation, inconsistent with any viable Monell theory | | Overruled | Connected to earlier designations at 305 and 306 |

**Rulings on Plaintiff's HENRY Deposition and Trial Designations (REVISED 11/7/25)**

(designations to which the County did not object or counter-designate are <u>not</u> included, and are admissible)

| | | | | |
|---|---|---|---|---|
| 312:15–17 | FRE 401/403, vague, lacks foundation, inconsistent with any viable Monell theory | | Sustained | Vague, not clear from designations what document is being referenced |
| 317:13–17 | FRE 401/403, vague, lacks foundation, inconsistent with any viable Monell theory | | Overruled | Vague, not clear from designations what document is being referenced |

| Plaintiff's <u>Trial</u> Designations | County's Objections | County's Counter-designation | Ruling | Reasoning |
|---|---|---|---|---|
| 1964:7–19 | Misstates testimony, FRE 401/403, vague, calls for legal conclusion, inconsistent with any viable Monell theory, circular references to prior deposition testimony | 1964:20–23 | Overruled<br><br>Counter-designation is admissible | Henry's understanding of *Brady* relevant to *Monell* liability. FRE 401<br><br>** |
| 1941:21–1942:9 | "general obj. only" | | | MOOT: PLAINTIFF REMOVED |
| 1943:16–1944:9 | FRE 401, unspecified MIL argument | | | MOOT: PLAINTIFF REMOVED |
| 1946:2–15 | FRE 401/403, unspecified MIL argument | | Sustained | *Rosario* obligation here has minimal probative value (insufficient connection to *Brady*), with risk of confusion. FRE 403 |
| 1949:7–1950:5 | Asked and answered, FRE 403 | | Sustained as to 1949:7-16<br><br>Overruled as to 1949:17-1950:5 | *Rosario* is irrelevant; remainder is relevant to *Monell* |
| 1951:8–1953:18 | FRE 401, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. |

**Rulings on Plaintiff's HENRY Deposition and Trial Designations (REVISED 11/7/25)**

(designations to which the County did not object or counter-designate are <u>not</u> included, and are admissible)

| | | | | |
|---|---|---|---|---|
| | | | | Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 2012:19–22 | Indecipherable designation | | Duplicate of 2010:17–2013:19 (below) | |
| 2017:12–21 | vague | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 2018:1–2020:2–3 | FRE 403, hearsay, lack of foundation, assumes facts not in evidence | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 1953:24–1955:4 | FRE 401/403, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 1956:12–1957:9 | FRE 401/403, unspecified MIL argument | | Overruled | McLeod's letter requests to ECDA Office re. his *Brady* request for Martin's defense, where Henry responded that McLoed needed to be more specific, and then McLeod specifically asked for photographs is relevant to the existence of the photographs, disclosure in the Boyd case, and *Monell* liability. FRE 401 |

**Rulings on Plaintiff's HENRY Deposition and Trial Designations (REVISED 11/7/25)**

(designations to which the County did not object or counter-designate are <u>not</u> included, and are admissible)

| | | | | |
|---|---|---|---|---|
| 1957:17–1959:13 | FRE 401/403, unspecified MIL argument | | Overruled | McLeod's letter requests to ECDA Office re. his *Brady* request for Martin's defense, where Henry responded that McLoed needed to be more specific, and then McLeod specifically asked for photographs is relevant to the existence of the photographs, disclosure in the Boyd case, and *Monell* liability. FRE 401 |
| 1959:20–1962:14 | FRE 401/403, unspecified MIL argument | | Overruled | Relevant to the existence of the photographs, disclosure in the Boyd case, and *Monell* liability. FRE 401 |
| 1963:5–8 | FRE 401/403, unspecified MIL argument | | Overruled | Henry's understanding of *Brady* relevant to *Monell* liability. FRE 401 |
| 1964:7–11 | Misstates testimony, FRE 401/403, vague, calls for legal conclusion, inconsistent with any viable Monell theory, circular references to prior deposition testimony | | Duplicate of 1964:7–19 | |
| 2021:2–21 | FRE 401/403 | | Overruled | Relevant to favorability, *Monell* liability, and relevant to apportionment to the extent it contextualizes Drury's later "threat of perjury prosecution". FRE 401 |
| 2041:5–18 | FRE 401/403, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 2042:23–2043:22 | FRE 401/403, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address |

**Rulings on Plaintiff's HENRY Deposition and Trial Designations (REVISED 11/7/25)**

(designations to which the County did not object or counter-designate are <u>not</u> included, and are admissible)

| | | | | |
|---|---|---|---|---|
| | | | | prejudice re. propensity for underlying disclosure |
| 1970:23–1971:16 | "general obj. only" | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 1972:4–19 | "general obj. only" | | Overruled | Relevant to existence of photographs and *Monell* liability. FRE 401. |
| 1972:22–1975:6 | "general obj. only" | | Overruled | Relevant to existence of photographs and *Monell* liability. FRE 401. |
| 1985:25–1990:9 | "general obj. only" | | Overruled | Relevant to existence of photographs and *Monell* liability. FRE 401. |
| 2012:2–4 | Incomplete question or answer | | Sustained | Vague as to what document is referenced |
| 2012:17–2013:19 | FRE 401/403, unspecified MIL argument | | Overruled | Relevant to alleged ECDA Office policy, custom, and practice of improper treatment/classification of *Brady* evidence. Limiting instruction needed to address prejudice re. propensity for underlying disclosure |
| 2089:21–2091:6 | FRE 401/403, unspecified MIL argument | | Sustained | Walker summation is not *Monell* evidence and is otherwise unfairly prejudicial. FRE 401, 402, 403 |
| 2091:12–2092:3 | FRE 401/403, unspecified MIL argument | | Sustained | Walker summation is not *Monell* evidence and is otherwise unfairly prejudicial. FRE 401, 402, 403 |
| 2162:8–23 | "general obj. only" | | Overruled | Relevant to existence of photographs and *Monell* liability. FRE 401. |

**Rulings on Plaintiff's HENRY Deposition and Trial Designations (REVISED 11/7/25)**

(designations to which the County did not object or counter-designate are <u>not</u> included, and are admissible)

|  |  |  |  |  |
|--|--|--|--|--|
|  |  |  |  |  |

17