UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

KATHLEEN WEPPNER, AS
EXECUTOR OF THE ESTATE OF
DARRYL BOYD,                                        Case No. 1:22-cv-00519

Plaintiff,

v.

THE COUNTY OF ERIE,

Defendant.

## **VERDICT SHEET**

### **PLAINTIFF'S *MONELL* CLAIM**
### **Section I: Liability**

### **Alleged Constitutional Violation Regarding Non-Disclosure of Evidence**

1. Do you find that the Plaintiff has demonstrated by a preponderance of the evidence that Mr. Timothy Drury, a former prosecutor at the Erie County District Attorney's Office, violated Mr. Boyd's constitutional right to a fair criminal trial in 1977 due to the failure to disclose material exculpatory and/or impeachment evidence?

    √ Yes

    ____ No

    *If NO, please do <u>not</u> answer Question 2 and proceed to Question 3.*

2. Do you find that the Plaintiff has demonstrated by a preponderance of the evidence that a policy, custom, or practice of the Erie County District Attorney's Office, as attributed to the County of Erie, existed with respect to disclosures of exculpatory and/or impeachment evidence and, if so, that such policy, custom, or practice caused the violation of Mr. Boyd's constitutional right to a fair criminal trial in 1977 due to the failure to disclose material exculpatory and/or impeachment evidence to Mr. Boyd's defense?

    √ Yes

    ____ No

    *Regardless of your answer, please proceed to Question 3.*

1



Blumberg No. 5213    COURT'S EXHIBIT 2

**Alleged Constitutional Violation Regarding Summation Misconduct**

3. Do you find that the Plaintiff has demonstrated by a preponderance of the evidence that Mr. Timothy Drury, a former prosecutor at the Erie County District Attorney's Office, violated Mr. Boyd's constitutional right to a fair criminal trial in 1977 due to summation misconduct?

   _✓_ Yes

   ____ No

   *If NO, please do not answer Question 4.*

4. Do you find that the Plaintiff has demonstrated by a preponderance of the evidence that a policy, custom, or practice of the Erie County District Attorney's Office, as attributed to the County of Erie, existed with respect to prosecutors' conduct during summation and, if so, that such policy, custom, or practice caused the violation of Mr. Boyd's right to a fair criminal trial in 1977 due to summation misconduct by Mr. Timothy Drury?

   _✓_ Yes

   ____ No

*If you answered YES in response to Questions 2 or 4, please proceed to Section II.*

*If you answered NO to both Questions in 2 and 4, then you should not answer any more questions and should proceed to the Signature Page.*

2

### Section II: Damages

5.  If you answered YES to either *or* both of Questions 2 and 4, please identify on the line below the total amount of compensatory damages that you find were proximately caused by Mr. Boyd's April 29, 1977 conviction, for the period beginning on April 29, 1977 (the date of Mr. Boyd's conviction) until February 26, 2025 (the date of Mr. Boyd's death):

$  80,000,000

*Please proceed to Question 6.*

6.  Do you find that the Defendant, the County of Erie, has demonstrated, by a preponderance of the evidence, that one or more of the following individuals of Buffalo Police Department also caused or contributed to Mr. Boyd's total amount of compensatory damages by fabricating evidence, in a manner that misled or coerced Mr. Timothy Drury into making uninformed decisions regarding Mr. Boyd's criminal prosecution: Michael E. Guadagno, James E. Hunter, Robert F. Arnet, Frank C. Deubell, Leo J. Donovan, and/or Francis M. Manista, Jr.?

_____ Yes

__✓__ No

*If YES, please proceed to Question 7.*

*If NO, please do __not__ answer Question 7 and proceed to the Signature Page*

3

7. Please apportion fault for the total damages that Mr. Boyd suffered based on what you determine to be the relative culpable conduct of the County of Erie and the culpable conduct of individual employees of the Buffalo Police Department.

      Please utilize percentages in your apportionment, totaling 100%.

      If you do <u>not</u> find that the County has proven, by a preponderance of the evidence, that a particular individual listed below fabricated evidence in Mr. Boyd's criminal case, in a manner that misled or coerced Mr. Timothy Drury into making uninformed decisions regarding Mr. Boyd's criminal prosecution, please assign a percentage of zero ("0").

_____% County of Erie
_____% Michael E. Guadagno
_____% James E. Hunter
_____% Robert F. Arnet
_____% Frank C. Deubell
_____% Leo J. Donovan
_____% Francis M. Manista, Jr.

**<u>STOP</u>: Please proceed to the Signature Page.**

## Signature Page

<u>Instructions to the Foreperson:</u>  Once you have indicated the jury's answers to the questions above and have been directed by the instructions to the signature page, simply sign and date this page in the space provided below.  Then inform the court security officer that you have finished deliberating.

By his/her signature below, the jury foreperson affirms that the above are the answers of the unanimous jury in the case of *Kathleen Weppner, the Executor of the Estate of Darryl Boyd v. The County of Erie,* 1:22-cv-00519.

S/FOREPERSON

Dated: November 19, 2025