Judgment in a Civil Case
_____

United States District Court
_____WESTERN DISTRICT OF NEW YORK_____

KATHLEEN WEPPNER
*as Executor of the Estate of Darryl Boyd*

**JUDGMENT IN A CIVIL CASE**
CASE NUMBER: 1:22-cv-519

v.

THE CITY OF BUFFALO et al

☒ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☐ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that the jury has found that the Plaintiff has demonstrated by a preponderance of the evidence that Mr. Timothy Drury, a former prosecutor at the Erie County District Attorney's Office, violated Mr. Boyd's constitutional right to a fair criminal trial in 1977, due to the failure to disclose material exculpatory and/or impeachment evidence; and that a policy, custom, or practice of the Erie County District Attorney's Office, as attributed to the County of Erie, existed with respect to disclosures of exculpatory and/or impeachment evidence and that such a policy, custom, or practice caused the violation of Mr. Boyd's constitutional right to a fair criminal trial in 1977 due to the failure to disclose material exculpatory and/or impeachment evidence to Mr. Boyd's defense; and that Mr. Timothy Drury, a former prosecutor at the Erie County District Attorney's Office, violated Mr. Boyd's constitutional right to a fair criminal trial in 1977 due to summation misconduct; and that, a policy, custom, or practice of the Erie County District Attorney's Office, as attributed to the County of Erie, existed with respect to prosecutors' conduct during summation and that such policy, custom, or practice caused the violation of Mr. Boyd's right to a fair criminal trial in 1977 due to summation misconduct by Mr. Timothy Drury.

The jury identified the total amount of compensatory damages that were

proximately caused by Mr. Boyd's April 29, 1977 conviction, for the period beginning on April 29, 1977 (the date of Mr. Boyd's conviction) until February 26, 2025 (the date of Mr. Boyd's death) of $80,000,000.

The jury did not find that the Defendant, the County of Erie, demonstrated, by a preponderance of the evidence, that one or more of the following individuals of Buffalo Police Department also caused or contributed to Mr. Boyd's total amount of compensatory damages by fabricating evidence, in a manner that misled or coerced Mr. Timothy Drury into making uninformed decisions regarding Mr. Boyd's criminal prosecution: Michael E. Guadagno, James E. Hunter, Robert F. Arnet, Frank C. Deubell, Leo J. Donovan, and/or Francis M. Manista, Jr.

Date: January 5, 2026                                              MARY C. LOEWENGUTH
                                                                   CLERK OF COURT

                                                                   By: s / Donna
                                                                        Deputy Clerk