UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KATHLEEN WEPNNER, AS EXECUTOR
OF THE ESTATE OF DARRYL BOYD,

                 Plaintiff,

     v.

THE COUNTY OF ERIE,

                 Defendant.

_____

**DECISION & ORDER**

22-cv-00519-MAV

Darryl Boyd commenced the instant action on July 6, 2022. ECF No. 1. After Mr. Boyd's death in February 2025, Kathleen Wepnner, as Executor of the Estate of Darryl Boyd (the "Boyd Estate" or "Plaintiff"), was ultimately substituted as the Plaintiff in this case. ECF Nos. 289, 302, 304, 305; *see also* ECF Nos. 290, 294, 299. After a three-week trial, the jury found in favor of Plaintiff in all respects, and judgment was entered accordingly. *See* ECF Nos. 483, 486.

While the jury was deliberating, the jury sent a note to the Court requesting a new copy of the verdict sheet, stating the jurors "wrote down something [they] would like to change." The Court marked this note as Court Exhibit 4. After convening with the parties, the Court delivered a clean copy of the verdict sheet to the jury. The jury thereafter sent a note to the Court saying that it had reached a verdict, and the jury's verdict was received and docketed. *See* ECF No. 483.

Before the Court is Defendant County of Erie's ("the County") request to have the original copy of the verdict sheet filed on the docket or, in the alternative, to have the original copy of the verdict sheet produced to counsel. ECF No. 489. Plaintiff filed

an objection. ECF No. 490. The County's requests are denied.

The County's motion is based solely on "establishing a complete trial record." ECF No. 489. However, as the County appears to acknowledge, whatever the jury recorded on the original copy of the verdict sheet were part of its deliberations, *see id.* (stating, "while the Jury was deliberating" the jurors wrote something on the original copy of the verdict sheet that they wanted to change), and jury deliberations, are of course, not meant to be part of the trial record, *see Attridge v. Cencorp Div. of Dover Techs. Int'l, Inc.*, 846 F.2d 113, 114 (2d Cir. 1987) ("[T]he sanctity of the jury room is among the basic tenets of our system of justice. Inquiries into the thought process underlying a verdict have long been viewed as dangerous intrusions into the deliberative process."); *see also United States v. Reyes*, No. 2:11-CR-00077-PPS, 2014 WL 4722505, at *19 (N.D. Ind. Sept. 23, 2014) (concluding that the jury's notes asking "for clarification between two jury instructions" and "for a new copy of the verdict sheet" were "absolutely related to the jury's inner processes, and could only be" deemed as such). The County has cited no case law suggesting otherwise.

The only case cited by the County, the *Williams* case out of the Southern District of Florida, does not support its requests. *See* ECF No. at 489 (citing *United States v. Williams*, No. 11–60285–CR, 2013 WL 6328488 (S.D. Fla. Dec. 5, 2013), *aff'd sub. nom. United States v. Johnson*, 645 F. App'x 954 (11th Cir. 2016)). First, the unique circumstances of that case—involving a deadlocked jury as to complete verdicts against multiple criminal defendants which resulted in a discarded original verdict sheet and a second verdict sheet being sent to the jury with modified jury

instructions—do not apply here. *See Williams*, 2013 WL 6328488, at *3–4. Even if similar circumstances had been present here, the Southern District of Florida only disclosed the original verdict sheet under seal to the Court of Appeals for its potential review of one defendant's appeal and expressly declined to disclose the original verdict sheet to counsel. *See id.* at *3–4, 7.

It is well-established that "[j]ury deliberations are, by design, a black box. Except in the rarest circumstances, a reviewing court has neither the authority nor the ability to peer inside the jury's deliberations." *United States v. Martinez*, 110 F.4th 160, 173 (2d Cir. 2024); *see, e.g., United States v. Awadallah*, 401 F. Supp. 2d 308, 317 (S.D.N.Y. 2005), *aff'd*, 436 F.3d 125 (2d Cir. 2006); *United States v. Gigante*, 53 F. Supp. 2d 194, 276 (E.D.N.Y. 1999). The County has set forth no basis to intrude upon the jury's deliberations in this case.

## CONCLUSION

For the foregoing reasons, the County's motion for disclosure of the original copy of the verdict sheet provided to the jury, ECF No. 489, is DENIED.

SO ORDERED.

Dated:    February **3**, 2025
         Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge