WILMERHALE

September 10, 2026

**Ross E. Firsenbaum**

+1 212 295 6323 (t)
+1 212 230 8888 (f)
ross.firsenbaum@wilmerhale.com

**Via ECF**
The Honorable Meredith A. Vacca
United States District Judge
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

*Re:* *The Estate of Darryl Boyd v. The City of Buffalo, et al*., Case No. 22-cv-519
Notice of Supplemental Authority

Dear Judge Vacca:

We write on behalf of Plaintiff Estate of Darryl Boyd to bring to the Court's attention the Second Circuit's recent opinion in *Jimenez v. City of New York*, — F.4th —, 2026 WL 2617389 (2d Cir. Sept. 4, 2026). For the reasons discussed below, the Boyd Estate respectfully submits that *Jimenez* supports this Court's denial of the County's pending Rule 50 and 59 motions. A copy of *Jimenez* is attached as Exhibit A.

The plaintiff in *Jimenez* was wrongfully convicted of murder. *Jimenez*, 2026 WL 2617389, at 10. After his conviction was vacated, he brought a *Monell* claim alleging that a persistent failure to discipline prosecutors in the Bronx County District Attorney's Office caused the prosecutor in his case to suppress favorable evidence and then exploit that suppression in her summation. *Id*. at *10, 17. The district court dismissed the plaintiff's *Monell* claim because it believed that, under *Fappiano v. City of New York*, 640 F. App'x 115 (2d Cir. 2016) and *Bellamy v. City of New York*, 914 F.3d 727 (2d Cir. 2019), a plaintiff bringing a civil *Brady* claim "must not only show that police or prosecutors withheld material evidence, but [also] that such evidence was willfully or intentionally withheld." *Id*. at *18 (cleaned up); *compare* Dkt. 495-1 at 10 & n.3 (Erie County citing *Bellamy* and *Fappiano* for the proposition that a civil *Brady* claim requires proof of intentional suppression); Dkt. 466-1 at 3-4 (Erie County citing the district court's decision in *Jimenez* as support for an intentionality requirement). The Second Circuit reversed, holding that (i) neither *Fappiano* nor *Bellamy* requires intentional suppression of favorable evidence; and (ii) the question left open in *Fappiano*—what *mens rea* should apply in a civil *Brady* claim *against an individual*—was not before the court because the plaintiff in *Jimenez* did not "plead a Section 1983 due process claim against [the prosecutor] based on alleged *Brady* violations," but instead pled "a *Monell* claim against the City of New York" based on its "municipal policy or custom," and "[a]n extensive body of case law governs the *mens rea* requirements applicable to [*Monell*] claims." *Jimenez*, 2026 WL 2617389, at *18; *see also id.* at *18 n.2 (discussing the deliberate-indifference *mens rea* applicable to *Monell* claims and noting that the constitutional violation underlying a *Monell* claim may stem from "ignorance or

incompetence," rather than "outright intentionality"); *accord Bellamy*, 914 F.3d at 761-62 (endorsing *Monell* claim alleging that a municipal policy caused unwitting *Brady* violations by line prosecutors). *Jimenez*, therefore, provides further support for Plaintiff's argument that the Court correctly declined to instruct the jury on intentionality, not just because ADA Drury's *Brady* decisions were, by his own account, intentional, but also because intentionality is not the applicable *mens rea* in the first place. Dkt. 501 at 15-17.

Respectfully submitted,

*/s/ Ross E. Firsenbaum*

Ross E. Firsenbaum
Gideon A. Hanft
Phoebe Silos
Erin Hughes
Trena Riley
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
ross.firsenbaum@wilmerhale.com
gideon.hanft@wilmerhale.com
phoebe.silos@wilmerhale.com
erin.hughes@wilmerhale.com
trena.riley@wilmerhale.com

Joel B. Rudin
David E. Rudin
LAW OFFICES OF JOEL B. RUDIN, P.C.
Carnegie Hall Tower
152 West 57th Street, 8th Floor
New York, NY 10019
(212) 752-7600
jbrudin@rudinlaw.com
david@rudinlaw.com

Timothy W. Hoover
Spencer L. Durland
HOOVER & DURLAND LLP
561 Franklin Street
Buffalo, New York 14202
(716) 800-2604
thoover@hooverdurland.com
sdurland@hooverdurland.com

*Attorneys for Plaintiff Estate of Darryl Boyd*

Encl. Ex. A

cc (via ECF): Jennifer C. Persico
Brian C. Mahoney
James P. Blenk
Kirstie Means
Thomas Southard
Anthony J. Masse
Harrison L. Hartsough