LippesMathias LLP
ATTORNEYS AT LAW

September 17, 2026

**VIA ECF**

Hon. Meredith A. Vacca
United States District Judge
Kenneth B. Keating Federal Courthouse
100 State Street
Rochester, NY 14614

Re: *Boyd v. The City of Buffalo et al.*, 22-cv-519-MAV-JJM

Dear Judge Vacca:

Defendant County of Erie (the "County") respectfully submits this response to Plaintiff's September 10, 2026 Notice of Supplemental Authority (Dkt. 507), concerning *Jimenez v. City of New York*, ___ F.4th ____, 2026 WL 2617389 (2d Cir. Sept. 4, 2026).

Plaintiff overreads *Jimenez*. Although *Jimenez* clarifies that *Fappiano v. City of New York*, 640 F. App'x 115 (2d Cir. 2016), and *Bellamy v. City of New York*, 914 F.3d 727 (2d Cir. 2019), did not resolve the *mens rea* required for a civil *Brady* claim, the Second Circuit declined to decide what *mens rea* does apply. *See Jimenez*, 2026 WL 2617389, at *18 ("[T]his appeal does not provide us with the occasion to clarify that unresolved issue."). As such, *Jimenez* does not support Plaintiff's sweeping assertion that "intentionality is not the applicable *mens rea* in the first place." (Dkt. 507 at 2). And as the Second Circuit noted, the complaint at issue did "in fact, plausibly allege that [the prosecutor's] non-disclosures were intentional." *Jimenez*, 2026 WL 2617389, at *19 (alteration added). The Second Circuit thus concluded that it did "not need to decide the question left open in *Fappiano* and *Bellamy*." *Id*.

Footnote 2 does nothing to change that conclusion both in substance and because it is dicta. The Second Circuit observed that deliberate indifference governs certain *Monell* theories and that municipal liability could perhaps arise from constitutional violations attributable to "ignorance or incompetence" rather than "outright intentionality." *Id*. at *18 n.2. But the Court expressly cautioned that this deliberate indifference requirement "pertains to the 'policy or custom' element of *Monell* liability—not the 'constitutional violation' element." *Id*. The County thus continues to maintain that intentionality is the appropriate *mens rea* for the underlying constitutional violation, as it has set forth in previous submissions. (*See, e.g.*, Dkt. 466-1 at 2–4; Dkt. 467 at 5–8; Dkt. 495-1 at 9–10).

But even if Plaintiff were right about *Jimenez*, nothing in it resolves the County's independent objection that the jury could not impose § 1983 liability for a due-process violation without finding *any* culpable mental state. The County preserved objections that the proper *mens rea* is intentionality and separately that failure to instruct on any mental state concerning the

**Kirstie A. Means| Partner | kmeans@lippes.com**

50 Fountain Plaza, Suite 1700, Buffalo, NY 14202 **Phone:** 716.853.5100 **Fax:** 716.853.5199 **lippes.com**
**New York:** Albany, Buffalo, Clarence, Long Island, New York City, Rochester, Saratoga Springs, Syracuse // **Florida:** Jacksonville, West Palm Beach
**Illinois:** Chicago // **Ohio:** Cleveland // **Oklahoma:** Oklahoma City // **Ontario:** Greater Toronto Area // **Texas:** San Antonio // **Washington, D.C.**

underlying constitutional violation was erroneous. The County challenged the verdict sheet and jury instructions on exactly this basis. (Dkt. 474-2 at 1, 44 & n.4, 55 & n.12 (CM/ECF pagination); Tr. 2141:17–2142:3; *see also id*. 2135:6–25). *Jimenez* does not decide that independent, preserved, question. Nor does *Jimenez* address the County's distinct objection regarding Plaintiff's separate due process theory based on prosecutorial summation misconduct. (*See, e.g.*, Dkt. 474-2 at 55 & n.12 (CM/ECF pagination)).

Finally, *Jimenez* provides no support for Plaintiff's contention that the Court should deny both of the County's post-trial motions. The Second Circuit declined to decide whether the plaintiff in *Jimenez* had adequately alleged the policy-or-custom and causation elements of his *Monell* claim on a Rule 12(b)(6) analysis, remanding those questions to the district court. *See* 2026 WL 2617389, at *19–20. The Second Circuit further recognized that *Connick v. Thompson*, 563 U.S. 51 (2011), requires a "prior pattern of similar violations" to state a failure-to-train *Monell* claim and, relevant here, added that it was "unclear" whether a failure-to-discipline claim was susceptible to the same requirement. *Jimenez*, 2026 WL 2617389, at *19–20. Thus, *Jimenez* does not support Plaintiff's position that *Connick*'s similarity requirement is confined to failure-to-train claims. Nor does *Jimenez* say anything about the numerous independent grounds for relief raised in the County's Rule 50 and 59 motions.

In sum, *Jimenez* does not warrant denial of the County's pending motions and does not resolve the *mens rea* question presented by the County's preserved objections.

Respectfully submitted,

LIPPES MATHIAS LLP

*s/Kirstie A. Means*

Kirstie A. Means

KAM/hlh

Via CM/ECF to all counsel